UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



|  |  |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,<br>    Plaintiffs,<br><br>V.<br><br>CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts,<br>    Defendants. | Civil Action No. |

**COMPLAINT, PRELIMINARY AND PERMANENT INJUNCTIVE
RELIEF REQUESTED**

I.  **INTRODUCTION.**

1.  This is an action brought under state and federal law, challenging the entry-level firefighter examination for the position of firefighter in the City of Lynn conducted by the Commonwealth of Massachusetts. As set forth below, the defendants' conduct in hiring candidates from this examination, based upon a rank ordering system which utilizes scores as the primary criteria, results in a significantly disparate impact upon minority candidates, and cannot be demonstrated to be required by business necessity under state or federal law. Hence, the exam as utilized is unlawful. The plaintiffs, and the class they represent, seek preliminary and permanent injunctive relief barring the use of the entrance level firefighter examination in the City of

Lynn, to the extent such examination is utilized to select candidates based upon a rank ordering system.

II.   **JURISDICTION.**

2.   The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This case arises under the laws of the United States of America, and plaintiffs invoke the Doctrine of Pendent Jurisdiction over their state claims.

III.   **PARTIES.**

3.   Plaintiffs Jacob Bradley, Noah Bradley, Keith Ridley, and Jared Thomas are adult residents of the City of Lynn, Massachusetts. They are African American and they each have all of the qualifications to be a Lynn firefighter.

4.   The plaintiffs bring this action on behalf of themselves and a group of minority candidates similarly situated. That group of candidates, similarly situated, are minority individuals who meet the basic eligibility requirements to be a Lynn firefighter, have taken the entrance level firefighter examination to be firefighters for the City of Lynn, and who have not been selected. The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5.   The defendant City of Lynn is a duly incorporated municipality of the Commonwealth of Massachusetts. The City maintains a fire department.

6.   The defendant Edward J. Clancy, Jr. is the Mayor of the City of Lynn, Massachusetts, and has the overall responsibility for the administrative functions for the City of Lynn, including the Lynn Fire Department.

7.   The defendant Commonwealth of Massachusetts, maintains an agency, the Human Resources Division, which has overall responsibility for establishing

entrance-level firefighter and police examinations for Massachusetts' municipalities that are subject to the civil service law, M.G.L. ch. 31, and establishing lists for entry-level hiring based thereon.

8.  The defendant Ruth Bramson is the Administrator of the Human Resources Division, and in that capacity is responsible for the overall conduct of the affairs of the Human Resources Division.

IV.  FACTS.

　　A.  Hiring For The Lynn Fire Department.

9.  At all times relevant hereto, the City of Lynn has been subject to the civil service law, M.G.L. ch.31. Pursuant to the civil service law, entry-level hiring for all firefighters in the City of Lynn is conducted through an examination and ranking process conducted by the defendant Human Resources Division of the Commonwealth of Massachusetts.

10.  Pursuant to such system, candidates for the position of firefighter, who meet certain minimum qualifications, including residency within the City of Lynn, apply for and take a written examination established by the Human Resources Division, and their scores on such examination are recorded. Based upon their scores on such written examination, candidates are then rank ordered on said civil service list for firefighter in the City of Lynn based upon such written scores. Certain categories of candidates, such as candidates who are veterans or who are the children of police or firefighters who died in the line of duty, are given an absolute preference over all other candidates, and these individuals are rank ordered on the civil service list within their categories based upon their scores on the written examination.

11. When vacancies are to be filled in the Lynn Fire Department, candidates are chosen for selection based exclusively upon their ranking on such civil service list. They then must go on to complete a physical agility test, background investigation, and medical exam.

### B. The Examination Utilized By Defendant Division of Human Resources Has An Overwhelming Disparate Impact On Minority Candidates.

12. Generally, the Human Resources Division ("HRD") administers entry-level firefighter examinations for towns and cities in the Commonwealth of Massachusetts covered by the civil service law, every two years. The Commonwealth, HRD, keeps records on the scores received by Caucasian and minority candidates [minorities being defined as Spanish surname or black]. Over the course of the last several entrance level examinations administered by HRD, the Commonwealth has used a cutoff score of 70, meaning that any score below 70 constitutes a failure prohibiting the individual from being considered in the hiring process.

13. Both in the City of Lynn and elsewhere in the Commonwealth of Massachusetts, the HRD entry-level firefighter examination has a significant disparate impact on minority candidates, in that statistically minority candidates fare far worse on the examination than do Caucasian candidates. The impact is so significant, that in many communities, few, if any, minorities get hired based upon a rank ordering of their scores on the civil service examination.

### C. Facts Relating To Plaintiffs.

14. In or about November of 2001, Plaintiffs Jacob Bradley, Noah Bradley, and Keith Ridley, all of whom are African-American, took the entrance level examination administered by HRD for the position of firefighter in the City of Lynn. Each plaintiff was

well qualified for such position and had a lifelong goal to become a firefighter in the City of Lynn. Plaintiffs Jacob Bradley and Noah Bradley are the sons of a Lynn firefighter, and plaintiff Keith Ridley is the nephew of a Lynn firefighter and a Peabody firefighter.

15.  Plaintiff Jacob Bradley received a score of approximately 94 on the 2001 civil service examination, a score which demonstrates that he is fully qualified for the position of firefighter. Plaintiff Noah Bradley received a score of 84, a score demonstrating he is qualified to be a Lynn firefighter. Plaintiff Keith Ridley scored in the low-to-mid 90s, demonstrating that he is qualified to be a Lynn firefighter.

16.  In or about April of 2002, HRD created a "Civil Service" rank ordered list resulting from the November 2001 examination. That list remained in effect through at least November of 2004. Approximately 20 firefighters were hired from that list. None of the firefighters hired were minorities, and plaintiffs Jacob Bradley, Noah Bradley, and Keith Ridley were not reached for consideration based solely on their civil service scores. The last hiring from that list occurred in October of 2004.

17.  Each plaintiff has taken the November 2004 HRD civil service examination for the position of firefighter in the City of Lynn. Plaintiff Jacob Bradley received a score of 94; plaintiff Noah Bradley received a score under 70; plaintiff Keith Ridley received a score of 90; and plaintiff Jared Thomas received a score of 92.

18.  On information and belief, the City of Lynn will be hiring approximately 16 firefighters in the Spring of 2005, based upon candidates' ranking on the civil service examination. Should the City of Lynn hire from a rank ordered list created by the HRD based on exam score, which has been the City's practice, none of the plaintiffs will be reached for consideration due to their scores on the civil service examination.

D. <u>The City Of Lynn's History Of Hiring Minority Firefighters</u>.

19. From 1974 until in or about January 1986, the City of Lynn was subject to a consent decree entered in the case of <u>Boston Chapter, NAACP, Inc. v. Beecher, et al</u>, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F), requiring the City of Lynn and other cities in Massachusetts to hire minority firefighters in a ratio of one minority for every three Caucasians hired. The City of Lynn was subject to such consent decree by reason of a finding by the Federal District Court that the entry-level police and fire written civil service examination utilized by the Commonwealth of Massachusetts had a disparate impact on minorities and was not validly determined to be job-related.

20. In or about January 1986, the City of Lynn petitioned the defendant Human Resources Division for permission to be relieved of complying with the <u>Beecher</u> decree, and defendant HRD granted this request.

21. Since that time, the City of Lynn has hired firefighters based strictly upon civil service score and the statutory preferences described above. Over the course of the last ten years, of the some forty (40) or more firefighters hired in the City of Lynn (other than paramedics), fewer than eight (8) have been minorities. Of the 179 firefighters currently employed by the City of Lynn, only fifteen (15) are minorities.

22. Currently, approximately 40% of the population of the City of Lynn is minority.

23. The use of the HRD written examination for the entry-level position of firefighter, including its use as a rank ordering system, has resulted in a significant

disparate impact adversely affecting minority candidates for the position of firefighter in the City of Lynn.

24.     The HRD examination, particularly when utilized as a rank ordering system (as opposed to a pass/fail qualifying examination), has a significant disparate impact on minority candidates generally, and cannot be shown to be a valid business necessity under the standards developed by federal EEOC and state MCAD law.

25.     Without the grant of preliminary injunctive relief, the City of Lynn will continue to hire entry-firefighters based upon a civil service level examination that is unlawful.

E.     Exhaustion of Administrative Remedies

26.     Pursuant to state and federal requirements, Plaintiffs are filing their discrimination claims at the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").[1]

COUNT I

(Title VII of the Civil Rights Act of 1964)

The actions of the defendants as set forth above constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

---

[1] As set forth in this Complaint, Plaintiffs are requesting preliminary injunctive relief due to the imminent potential harm facing Plaintiffs based on the City's intention to hire a number of firefighters based on the scores of the November 2004 civil service examination. Thus, Plaintiffs are including their discrimination claims immediately in this Complaint as the basis for the preliminary injunctive relief they are requesting. Upon receiving right-to-sue letters from the MCAD and EEOC, with whom they are filing their administrative complaints today, they will amend this Complaint to state that they have received these letters.

## COUNT II

### (Equal Protection)

The conduct of the defendants as set forth above constitutes a violation of the equal protection clause of Fourteenth Amendment to the United States Constitution.

## COUNT III

### (42 U.S.C. §1981)

The actions of the defendants as set forth above constitute a violation of 42 U.S.C. §1981.

## COUNT IV

### (Chapter 151B)

The actions of the defendants as set forth above constitute a violation of M.G.L. ch.151B, Section 4.

## COUNT V

### (M.G.L. ch.93, §103)

The actions of the defendants as set forth above constitute a violation of M.G.L. ch. 93, §103, and the equal protection clause of the Massachusetts Declaration of Rights.

COUNT VI

(Enforcement and/or Clarification of Consent Decree)

The actions of the defendants as set forth above violate the consent decree issued in the case of Boston Chapter, NAACP, Inc. v. Beecher, et al, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F).

WHEREFORE, the plaintiffs pray this Court to grant them preliminary and permanent injunctive relief (1) holding that the examination system used by the defendants is unlawful; (2) ordering that the plaintiffs and appropriate class members be hired as firefighters for the City of Lynn, Massachusetts, with retroactive back pay, seniority, and other damages to which they are entitled; (3) ordering that the defendants be required to devise a hiring system that does not have disparate impact on minorities; and (4) granting other further and appropriate relief to the plaintiffs and the class they represent.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,

Dated: February 2, 2005

Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) JACOB BRADLEY et. al. v. CITY OF LYNN et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   X    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___  IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___  V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   Boston Chapter, NAACP, Inc. et al. v. Beecher et al., 72-3060-F

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                                  YES            NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                                  YES            NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                                  YES            NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                                  YES            NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                                  YES            NO

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Harold Lichten, Shannon Liss-Riordan, and Alfred Gordon
ADDRESS    Pyle, Rome, 18 Tremont Street, Suite 500, Boston MA 02108
TELEPHONE NO.  (617) 367-7200

(Cover sheet local.wpd  - 11/27/00)

JS 44 (Rev. 3/99)                                            CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

I. (a) PLAINTIFFS
JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals

DEFENDANTS
CITY OF LYNN; EDWARD J. CLANCY, JR.; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES, and RUTH BRAMSON

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED IN CLERKS OFFICE
2005 FEB 2 P 2:55
U.S. DISTRICT COURT
DISTRICT OF MASS.

(c) Attorney's (Firm Name, Address, and Telephone Number) (617) 367-7200
Harold Lichten, Shannon Liss-Riordan, and Alfred Gordon
Pyle, Rome, Lichten, Ehernberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500, Boston MA 02108

Attorneys (If Known)

II. BASIS OF JURISDICTION     (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. NATURE OF SUIT     (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒☒ 442 Employment |  |  |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  | ☐ 530 General | ☐ 740 Railway Labor Act |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

V. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Sec. 2000 (e), 42 U.S.C. Sec. 1981

VII. REQUESTED IN COMPLAINT:  ☒☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.CP. 23     DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒☒ No

VIII. RELATED CASE(S) IF ANY     (See instructions):   JUDGE Patti B. Saris     DOCKET NUMBER 72-3060-F

DATE 2/2/05     SIGNATURE OF ATTORNEY OF RECORD Shannon Liss-Riordan

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____