UNITED STATES DISTRICT COURT

C. A. No. 05CV10213PBS

JACOB BRADLEY, NOAH BRADELY,
KEITH RIDLEY, and JARED THOMAS,
individually and on behalf of a class of
similarly situated individuals,
    PLAINTIFFS

VS.

CITY OF LYNN, EDWARD J. CLANCY, JR.,
In his capacity as Mayor of the City of Lynn; the
COMMONWEALTH OF MASSACHUSETTS,
DIVISION OF HUMAN SERVICES; and RUTH BRAMSON,
In her capacity as Personnel Administrator of the Division of
Human Resources of the Commonwealth of Massachusetts,
    DEFENDANTS

## DEFENDANT CITY OF LYNN'S ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES

Now come the above named Defendant, City of Lynn, and for answers to the Plaintiffs' averments as set forth in their Complaint state the following:

### INTRODUCTION

1. Plaintiffs state conclusions of law, and therefore the Defendant City of Lynn is under no obligation to answer.

### JURISDICTION

2. Plaintiffs state conclusions of law, and therefore the Defendant City of Lynn is under no obligation to answer.

### PARITES

3. – 4. The Defendant, City of Lynn, is without knowledge or information sufficient to form a belief as to the truth of the matters that are alleged in Paragraphs 3 and 4 of the Plaintiffs' Complaint, and therefore calls upon the Plaintiffs to prove all of the same at trial.

5. – 6. The Defendant, City of Lynn, admits the allegations contained in Paragraphs 5 and 6 of the Plaintiff's Complaint.

7. – 8.  The Defendant, City of Lynn, is without knowledge or information sufficient to form a belief as to the truth of the matters that are alleged in Paragraphs 7 and 8 of the Plaintiffs' Complaint, and therefore calls upon the Plaintiffs to prove all of the same at trial.

## FACTS

9.  The Defendant, City of Lynn, admits the allegations contained in Paragraph 9 of the Plaintiffs' Complaint.

10. – 11.  The Defendant, City of Lynn, denies the allegations contained in Paragraphs 10 and 11 of the Plaintiffs' Complaint.

12. – 26.  The Defendant, City of Lynn, is without knowledge or information sufficient to form a belief as to the truth of the matters that are alleged in Paragraphs 12 through 26 of the Plaintiff's Complaint, and therefore calls upon the Plaintiffs to prove all of the same at trial.

## COUNT I

The Defendant, City of Lynn, denies the allegations contained in Count I.

## COUNT II

The Defendant, City of Lynn, denies the allegations contained in Count II.

## COUNT III

The Defendant, City of Lynn, denies the allegations contained in Count III.

## COUNT IV

The Defendant, City of Lynn, denies the allegations contained in Count IV.

## COUNT V

The Defendant, City of Lynn, denies the allegations contained in Count V.

## COUNT VI

The Defendant, City of Lynn, denies the allegations contained in Count VI.

## JURY DEMAND

The Defendant demands a trial by jury on all triable issues contained in the Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Defendant acted reasonably and in good faith.

## THIRD AFFIRMATIVE DEFENSE

The Defendant's actions were necessary and/or justified in the performance of its official duties and at all times proper and lawful.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant's actions were privileged.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant is immune from liability.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by latches.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovery by res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant's actions were justified.

## NINTH AFFIRMATIVE DEFENSE

The Defendant acted out of necessity.

## TENTH AFFIRMATIVE DEFENSE

The Defendant acted in good faith.

### ELEVENTH AFFIRMATIVE DEFENSE

The Defendant has qualified immunity

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant acted in good faith reliance on legislative and statutory authority

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted in that this action is barred by the doctrine of governmental immunity.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants state that this Court lacks jurisdiction over the subject matter of this Complaint in that this action is barred by the doctrine of governmental immunity.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' federal and state constitutional rights have not been violated or impinged.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to join all necessary and indispensable parties in this civil action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery because this action has not been brought within the appropriate statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred from recovery because this action has not been brought within the appropriate statute of limitations.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the statute of limitations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the statute of frauds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to initiate this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have waived the right to initiate this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies before initiating this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to fulfill all conditions precedent prior to initiating this action

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Defendant hereby raise the defense of insufficiency of service of process.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Defendant owed no duty to the Plaintiffs under the facts and circumstances underlying the Plaintiffs' allegations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Service of process against this Defendant was improper and/or insufficient.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiffs consented to the actions of the Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint is barred by the Eleventh Amendment to the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiffs have failed to make presentment as required by Massachusetts General Laws Chapter 258.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by Massachusetts General Laws Chapter 258, §10.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Defendant hereby reserves its right at any time to supplement its list of affirmative Defenses as it conducts discovery and such Affirmative Defenses became discoverable. The absence of any Affirmative Defenses at this time is not intended to be a waiver of the same and can and will be asserted at a later time with proper notice to all parties.

WHEREFORE, the Defendant demands judgment together with costs and attorney's fees.

FOR THE DEFENDANT
CITY OF LYNN

George S. Markopoulos
Assistant City Solicitor
BBO #: 546189

James Lamanna, Esquire
BBO #: 637433
Lynn City Hall
3 City Hall Square Room 406
Lynn MA 01901
(781) 598-4000. Ext. 6840

Dated: February 17, 2005

## CERTIFICATE OF SERVICE

I certify that a copy of the within documents:

**DEFENDANT CITY OF LYNN'S ANSWER, JURY DEMAND
AND AFFIRMATIVE DEFENSES**

have this day been delivered in hand to Harold L. Lichten, Esquire, Shannon Liss-Riordan, Alftred Gordon, Pyle, Rome, Lichten, Enhrenberg & Liss-Riordan, P.C., 18 Tremont Street, Suite 500, Boston MA 02108

_____
George S. Markopoulos

Dated: February 17, 2005