UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>                  Plaintiffs,<br><br>            v.<br><br>CITY OF LYNN, *et al.*,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 05-10213-PBS |

**ANSWER OF THE STATE DEFENDANTS**

      The defendants Commonwealth of Massachusetts, Human Resources Division ("HRD") and Ruth Bramson, in her capacity as Personnel Administrator of the Human Resources Division ("Personnel Administrator") (together, "State defendants") answer the plaintiffs' Complaint, Preliminary and Permanent Injunctive Relief Requested ("Complaint") as follows:

**I.**     **INTRODUCTION**

      1.    The Complaint's introduction is a summary of the case and legal analysis requiring neither admittance nor denial. If, however, the Introduction is deemed to include factual allegations requiring a response, the State defendants deny the allegations stated therein. Further answering, the State defendants deny unlawfully discriminating against the plaintiffs and deny that the entry-level firefighter examination as utilized is unlawful.

**II.**     **JURISDICTION**

      2.    Paragraph 2 contains a statement of law to which no response is necessary.

**III.     PARTIES**

3.      On information and belief, the State defendants admit that plaintiffs are African-American, that they are Lynn residents, and that they meet the firefighter age requirement. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 3.

4.      Paragraph 4 contains a statement of law to which no response is necessary.

5.      The State defendants admit the allegations contained in paragraph 5.

6.      The State defendants admit that Edward J. Clancy, Jr. is the Mayor of the City of Lynn. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 6.

7.      The State defendants admit the allegations contained in paragraph 7.

8.      The State defendants admit the allegations contained in paragraph 8.

**IV.     FACTS**

9.      The State defendants admit the allegations contained in paragraph 9.

10.     The State defendants deny that the ranking system described in paragraph 10 is the only method permitted by state law for the certification and ranking of firefighter candidates. The State defendants admit the other allegations contained in paragraph 10.

11.     The State defendants deny that firefighter candidates must under state law be "chosen for selection exclusively upon their ranking on such civil service list." The State defendants lack sufficient information to form a belief as to the truth of the allegation that the City of Lynn selects firefighter candidates "exclusively upon their ranking on such civil service list." The State defendants admit that firefighter candidates who are chosen from a civil service list must then complete a physical ability test, background investigation, and medical exam. The

State defendants deny that the physical ability test is called a physical "agility" test as alleged in paragraph 11.

12. The State defendants admit the allegations contained in paragraph 12.

13. The State defendants deny the allegations contained in paragraph 13.

14. The State defendants deny that plaintiffs Jacob Bradley, Noah Bradley, and Keith Ridley took the entrance-level firefighter examination in 2001, as no such examination was offered that year. Answering further, the State defendants state that on October 17, 1998, and on April 29, 2000, and on April 24, 2004, plaintiff Keith Ridley took such examination; and that on April 27, 2002, and April 24, 2004, plaintiff Jacob Bradley took such examination; and that on April 27, 2002, and on October 16, 2004, plaintiff Noah Bradley took such examination. The State defendants further state that these plaintiffs self-identified as Black when applying for and taking their examinations. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 14.

15. The State defendants deny that, in an entrance-level firefighter examination in 2001, plaintiff Jacob Bradley received a score of 94, Noah Bradley received a score of 84, and Keith Ridley received a score in the low-to-mid 90s, as no such examination was offered in 2001. Answering further, the State defendants state that, on the April 27, 2002, entry-level firefighter examination, plaintiff Jacob Bradley received a score of 94, and plaintiff Noah Bradley received a score of 84. The State defendants further state that plaintiff Keith Ridley received a score of 97 on the October 17, 1998, entry-level firefighter examination and a score of 89 on the April 29, 2000, entry-level firefighter examination, and that he did not take the 2002 entry-level firefighter examination. The State defendants deny that the scores obtained by these plaintiffs demonstrate that they are "fully qualified for" or "qualified for" the position of

firefighter.

16. The State defendants admit that in November, 2002, the State defendants established a civil service rank-ordered list based on the results of the 2002 entry-level firefighter examination and that such list remained in effect through and including October 31, 2004. The State defendants admit that the City of Lynn hired seven entry-level firefighters and six entry-level firefighter/paramedics from that list. The State defendants admit that none of the 13 firefighters so hired was African-American or Hispanic. The State defendants admit that Jacob Bradley and Noah Bradley were on that list and were not reached for consideration for hiring by the City of Lynn. The State defendants admit that HRD received notice of the City of Lynn's last conditional offers of employment from that list on October 26, 2004, and that the City of Lynn's last hiring from that list was effective November 29, 2004. The State defendants deny the other allegations contained in paragraph 16.

17. As to the allegations contained in the first sentence of paragraph 17, the State defendants deny that each plaintiff took the entry-level firefighter examination in November, 2004, and admit that plaintiffs Jacob Bradley, Keith Ridley, and Jared Thomas took the examination in April, 2004, and that plaintiff Noah Bradley took the examination in October, 2004. The State defendants admit the allegations contained in the second sentence of paragraph 17.

18. The State defendants admit that, if the City of Lynn hires firefighters based on the results of the 2004 entry-level firefighter examination, plaintiff Noah Bradley will not be considered because he scored less than 70 on the 2004 examination. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 18.

19. As to the allegations contained in the first sentence of paragraph 19, the State defendants admit that the City of Lynn was subject to the so-called <u>Beecher</u> consent decree and currently is not subject to that decree, and the State defendants lack sufficient information at this time to form a belief as to the truth of the allegation that the City of Lynn was released from that decree in or about January, 1986. The second sentence is a summary of the case of <u>Boston Chapter, NAACP, Inc. v. Beecher, et al.</u>, 371 F. Supp. 507 (D. Mass. 1074) and related cases and requires no response as the cases speak for themselves.

20. The State defendants admit that the City of Lynn petitioned HRD to be released from the hiring protocol of the so-called <u>Beecher</u> decree and that Lynn was released. The State defendants deny that HRD could or did on its own "grant[]" this request. The State defendants lack sufficient information at this time to form a belief as to the truth of the allegation that the City of Lynn petitioned for release in or about January, 1986, and was released in or about January, 1986.

21. The State defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 21.

22. The State defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 22.

23. The State defendants deny the allegations contained in paragraph 23.

24. The State defendants deny the allegations contained in paragraph 24.

25. The State defendants deny the allegations contained in paragraph 25.

26. The State defendants admit that they have received notice that the plaintiffs have filed charges of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and that the plaintiffs wish those charges also to be filed with the Equal Employment

Opportunity Commission ("EEOC").  The State defendants deny the other allegations contained in paragraph 26.

26.n.1. Footnote 1 is a summary of the case and legal analysis requiring neither admittance nor denial.  If, however, Footnote 1 is deemed to include factual allegations requiring a response, the State defendants deny the allegations stated therein.

## COUNT I

The State defendants deny the allegations contained in Count I.

## COUNT II

The State defendants deny the allegations contained in Count II.

## COUNT III

The State defendants deny the allegations contained in Count III.

## COUNT IV

The State defendants deny the allegations contained in Count IV.

## COUNT V

The State defendants deny the allegations contained in Count V.

## COUNT VI

The State defendants deny the allegations contained in Count VI.

## JURY DEMAND

The State defendants demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiffs' claims are barred by the applicable statute of limitations and/or by the doctrine of laches and/or by waiver.

**Third Affirmative Defense**

Because plaintiffs have suffered no injury, they lack standing and their Complaint fails to state a case or controversy sufficiently real to give this Court jurisdiction to hear the Complaint.

**Fourth Affirmative Defense**

The State defendants at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

**Fifth Affirmative Defense**

The testing and ranking process under challenge in this case was in full compliance with the applicable provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

**Sixth Affirmative Defense**

The actions taken by State defendants in this matter were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs' claims should be dismissed.

**Seventh Affirmative Defense**

Plaintiffs fail to state a claim upon which relief may be granted under Title VII. The entry-level firefighter examination, its administration and the State defendants' actions upon the testing results are not designed, intended or used to discriminate because of race, color, religion, sex, or national origin. Such examination as utilized does not cause a disparate impact on the basis of race, color, religion, sex, or national origin. Such examination as utilized is job related

for the position in question and consistent with business necessity.

### Eighth Affirmative Defense

Plaintiffs fail to state a claim for relief under Title VII in that the plaintiffs and the State defendants are not in an employment relationship.

### Ninth Affirmative Defense

No legitimate expectations of the plaintiffs were frustrated or encumbered by the State defendants' actions, as plaintiffs would not have been reached even had the State defendants not performed any of the actions challenged herein.

### Tenth Affirmative Defense

The Complaint against the State of Massachusetts, Human Resources Division ("HRD") is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity. Further, the claims against both State defendants that invoke state law, including but not limited to Counts IV and V, are also so barred, as set forth in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 117 (1984).

### Eleventh Affirmative Defense

The plaintiffs' demand for damages fails against the State defendants, which have not waived their right to assert their Eleventh Amendment and/or common law sovereign immunity.

### Twelfth Affirmative Defense

The Personnel Administrator is protected by the doctrines of sovereign and qualified immunity.

### Thirteenth Affirmative Defense

Any violations of the plaintiffs' civil rights or other alleged rights enumerated in the Complaint were caused by the actions or inaction of third parties.

**Fourteenth Affirmative Defense**

This action is barred because the plaintiffs have failed to exhaust their administrative remedies.

**Fifteenth Affirmative Defense**

The State defendants expressly reserve the right to amend this Answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

**WHEREFORE**, the State defendants request that this Court: (1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice; (2) award costs and attorneys' fees to the defendants; and (3) order such other relief as this Court deems just and proper.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION and RUTH BRAMSON, in her capacity as Personnel Administrator of the Human Resources Division,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

      /s/ Ronald F. Kehoe
Ronald F. Kehoe, BBO # 264260
Victoria S. Cole, BBO # 654996
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2619 (Kehoe)
               ext. 2083 (Cole)

Dated: March 10, 2005