UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
JACOB BRADLEY, NOAH BRADLEY, KEITH          )
RIDLEY, and JARED THOMAS,                   )
individually and on behalf of a class of    )
similarly situated individuals,             )
                    Plaintiffs,             )
                                            )
v.                                          )  Civil Action No. 05-10213-PBS
                                            )
CITY OF LYNN; EDWARD J. CLANCY, JR.,        )
in his capacity as Mayor of the City of Lynn; )
the COMMONWEALTH OF MASSACHUSETTS,          )
DIVISION OF HUMAN RESOURCES; and            )
RUTH BRAMSON, in her capacity as Personnel  )
Administrator of the Division of Human Resources )
of the Commonwealth of Massachusetts,       )
                    Defendants.             )
_____)

## PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LYNN'S MOTION TO BE DESIGNATED AS A NOMINAL PARTY

I.   INTRODUCTION

The Plaintiffs, Jacob Bradley, Noah Bradley, Keith Ridley, and Jared Thomas, hereby file this opposition to the Defendant City of Lynn's Motion to be Designated as a Nominal Party. In support of this opposition, the Plaintiffs state that the Defendant City is an actual party in interest in this litigation because the Plaintiffs' complaint alleges that the Defendant City, through its own actions, has violated the Plaintiffs' constitutional and statutory rights and because the Plaintiffs are seeking a remedy against the Defendant City for those violations.

II.    STATEMENT OF RELEVANT FACTS

On February 2, 2005, the Plaintiffs filed a class-action complaint in the above-captioned matter against the City of Lynn and its Mayor (the City Defendants) and the Commonwealth of Massachusetts Human Resources Division (HRD) and its Administrator (the Commonwealth Defendants). The complaint alleges, in pertinent part, that the Commonwealth Defendants have violated the Plaintiffs' constitutional and statutory rights by administering a civil service entrance examination for firefighters that has a significant adverse impact on minority candidates. The complaint further alleges, in pertinent part, that the City Defendants have violated the Plaintiffs' constitutional and statutory rights through their own actions in appointing new firefighters using the results of the discriminatory examination as a rank-ordering system, which is not required under civil service law. To remedy the constitutional and statutory violations, the complaint seeks an order requiring, *inter alia*, that the City hire the Plaintiffs and other appropriate class members, with retroactive back pay, and that the City devise a hiring system that does not have a disparate impact on minorities.

III.    ARGUMENT

Because the complaint alleges that the City Defendants have engaged in wrongdoing, and because the complaint seeks a specific remedy against the City Defendants, the Court must deny the motion to designate the City of Lynn as a nominal party.

It is well settled that a nominal party is one that has no real interest in the matter and who is "in no wise concerned in the judgment." Title Guaranty &

Surety Co. of Scranton v. State of Idaho ex rel. Allen, 240 U.S. 136, 140, 36 S.Ct. 345 (1916). Nominal parties typically have three defining characteristics:

> (1) they have no interest in the litigation; (2) they have an interest in settling the issues raised by the litigation in order that future litigation will be unnecessary; and (3) a decree may issue in the litigation in their absence without prejudice to the parties before the Court.

Swan v. Sohio Oil Co., 766 F.Supp. 18 (D. Me. 1991). Here, the City of Lynn is a party in interest and not a nominal party because it has a real interest in this matter and should be concerned with the judgment.

The complaint specifically alleges that the City Defendants, by their own actions and not merely by association with the Commonwealth, have committed constitutional and statutory violations, which the City Defendants have an interest in defending against. To that end, the complaint alleges that the City violated the Plaintiffs rights by using the results of the discriminatory civil service examination as a rank-ordered hiring system. Civil service law merely requires that the City hire from among a group of applicants that is one more than twice the number of available positions, and the City's failure to exercise its discretion in this regard led to the discrimination the Plaintiffs have faced. See Boston Police Superior Officers Federation v. City of Boston, 147 F.3d 13 (1st Cir. 1998) (BPSOF) (upholding City's decision to promote minority candidate over non-minority candidate even though such race-based promotion was not compelled by a consent decree). Based on the clear evidence of racial disparity, the City also had the option of using so-called PAR.10 special certifications to keep an eye toward diversity in its hiring decisions. See Mass. Assoc. of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 261 n. 12, 748 N.E.2d 455

(2002). It is clear, therefore, that the City has knowingly allowed the number of minorities in the Fire Department to dwindle to an abysmally small number in the time since being relieved of the requirements of the <u>Beecher</u> decree. Moreover, it is too early in these proceedings to determine whether the City acted lawfully in seeking to be released from <u>Beecher</u> decree in the first place. Therefore, the City Defendants are clearly a party in interest in this case.

In addition, the Plaintiffs have requested a remedy from the City Defendants to account for the City's unlawful behavior, so the absence of the City as a party in interest would severely prejudice the rights of the Plaintiffs. Therefore, the City of Lynn may not be properly designated as a nominal party as it has requested.

IV.     CONCLUSION

Based on the foregoing, this Court should find that the City of Lynn is not merely a nominal party to this action and should deny the Defendant City's motion to be designated as such.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS,

By their attorneys,

_s/Alfred Gordon_____
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg &
    Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date:  March 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by first class mail on March 18, 2005.

_s/Alfred Gordon_____
Alfred Gordon