UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>CITY OF LYNN, *et al.*,<br><br>      Defendants. | CIVIL ACTION<br>NO. 05-10213-PBS |

### STATE DEFENDANTS' STATEMENT UNDER LOCAL RULE 16.1

The Human Resources Division ("HRD") and Ruth Bramson, in her capacity as Personnel Administrator of the Human Resources Division ("Personnel Administrator") (together, "State defendants"), submit this Statement separately because the State defendants and the plaintiffs were unable to reach agreement on the content of a joint statement.

**I. COUNSEL HAVE NOT HAD A MEANINGFUL OPPORTUNITY TO CONFER.**

The State defendants request additional time (1) to confer with the plaintiffs and the City of Lynn regarding a pretrial schedule, the possibility of trial by a magistrate judge, and the possibility of settlement; and (2) to prepare the certifications required by Local Rule 16.1(D)(3). Until yesterday, March 24, 2005, the State defendants had expected today's conference to focus primarily, if not exclusively, on plaintiffs' intention, expressed in a February 22, 2005, letter to the Court, to seek expedited discovery in aid of plaintiffs' plan to move for preliminary injunctive relief regarding the City of Lynn's hiring of fire fighters this spring and also regarding an alleged entrance-level fire fighter examination to be held in April (in fact, no such examination is scheduled).

The February 25, 2005, Notice of Scheduling Conference was not mailed by the Court to counsel for the State defendants (as counsel did not appear in the case until March 10). Nor did plaintiffs' counsel provide a copy of the Notice to the Office of the Attorney General. The State defendants first learned yesterday that today's conference was subject to Local Rule 16.1.

Plaintiffs' counsel have not complied with several requirements of Local Rule 16.1:

- plaintiffs' counsel has not presented a written settlement proposal;

- plaintiffs' counsel made no effort to consult with the State defendants' counsel at least 21 days before today's conference, or at any time until this week;

- plaintiffs' counsel first spoke to State defendants' counsel yesterday afternoon, March 24;

- plaintiffs' counsel did not inform State defendants' counsel until yesterday afternoon that plaintiffs no longer intended to seek immediate injunctive relief;

- plaintiffs' counsel did not present a proposed joint statement to State defendants' counsel until yesterday afternoon;

- the expedited discovery and hearing schedule now proposed by plaintiffs' counsel is materially different from the schedule that was indicated in counsel's February 22 letter, in that it proposes an expedited schedule for discovery and trial on the merits on liability, rather than a schedule for expedited discovery in aid of a motion for injunctive relief;

- plaintiffs' counsel's February 22 letter stated an intention to amend the complaint, but no motion to amend has yet been filed;

- the Joint Statement of the other parties is deficient because it lacks a schedule for the filing of motions.

Counsel for the State defendants are unable to respond to plaintiffs' proposed discovery schedule without a meaningful opportunity to confer with their client, to confer with counsel for the plaintiffs and the City of Lynn, and to evaluate further the issues involved in this case.

II. **THE EXPEDITED DISCOVERY PROPOSED BY PLAINTIFFS IS UNWARRANTED.**

For the reasons stated above, the State defendants are unable at this time to make a formal counter-proposal to plaintiffs' proposed expedited discovery schedule. Moreover, it is far from clear that plaintiffs can demonstrate irreparable harm justifying an expedited schedule. Even if they can, the proposed schedule appears to provide insufficient time for the full and fair development of the issues likely to arise in a case of this complexity. As one example, it will likely be impossible to serve expert disclosures by August 31, 2005, in a case such as this, where expert opinion on the validity of the testing instrument will undoubtedly be extremely important. As a second example, fact discovery may stretch back to events that occurred 30 years ago, inasmuch as the plaintiffs allege that the defendants' actions "violate" the Beecher consent decree, see Complaint, Count VI, and that the City of Lynn may have been improperly released from the Beecher decree, see Plaintiffs' Opposition to Defendant City of Lynn's Motion to Be Designated as a Nominal Party at 4.

        Respectfully submitted,

        HUMAN RESOURCES DIVISION and
RUTH BRAMSON, in her capacity as
Personnel Administrator of the Human
Resources Division,

        By their attorney,

        THOMAS F. REILLY
ATTORNEY GENERAL


    /s/ Victoria S. Cole
Ronald F. Kehoe, BBO # 264260
Victoria S. Cole, BBO # 654996
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2619 (Kehoe)
                ext. 2083 (Cole)

Dated: March 25, 2005


## CERTIFICATE OF SERVICE

      This Statement was electronically filed on March 25, 2005. I, Victoria S. Cole, hereby certify that on March 25, 2005, this Statement was served on counsel of record for the other parties by facsimile and, in addition, by U.S. mail on counsel for the City of Lynn.


        /s/ Victoria S. Cole
        Victoria S. Cole