UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. 05-10213-PBS

```
                                  )
JACOB BRADLEY, et al,             )
                    Plaintiffs    )
                                  )
           v.                     )
                                  )
CITY OF LYNN, et al,              )
                    Defendants    )
                                  )
```

## UNION'S OPPOSITION TO MOTION FOR
## JOINDER OF IAFF, LOCAL 739 AND MATTHEW REDDY

International Association of Firefighters, Local 739 and Matthew Reddy, its

President are not necessary parties subject to joindure pursuant to Fed. R. Civ. P. 19

and oppose Defendant City's Motion For Joinder.

### REASONS

1.  IAFF Local 739 is the collective bargaining representative of this unit

> ...[A]ll firefighters <u>employed</u> by the City, including Lieutenants,
> Captains, District Chiefs, Deputy Chiefs, but excluding the Chief of the
> Fire Department and further excluding all other <u>employees</u> of the City
> (Emphasis added)

2.  The City's motion asserts that "...the allegations set forth in the Plaintiff's

Complaint deal with the hiring and promotions of Fire Fighters within the Lynn Fire

Department".

3.  Plaintiffs' Complaint challenges the entry-level firefighter examination and its

rank ordering by scores conducted by the Commonwealth. <u>See</u>, e.g. Paragraphs 1,

9, 10, 11, 12, and 16[1].  Plaintiffs are applicants for employment and not employees. See, Paragraphs 14 and 18.

4.  Plaintiffs' Complaint does not challenge promotions of current employees and the City's motion's contrary assertion is plainly erroneous.  Complete relief on plaintiffs' challenges to the state administered civil service entry level examination and mandated rank scoring can be accomplished among and between the present parties.  Hence, the Union and its President are not necessary parties and their joinder is not necessary.  Temple v. Synthes Corp., 498 U.S. 5, 8 (1996).

5.  Further Rule 19 analysis need not be pursued, but is now addressed briefly. A party may be joined if it claims an interest in the subject matter and disposition of the action may impair the party's ability to protect that interest, Rule 19A(2)(i), or leave existing parties subject to inconsistent obligations, Rule 19A(2)(ii).  Local 739 cannot claim any interest in standards and procedures for hiring applicants for employment.  Applicants for employment are not employees in the bargaining unit. City of Haverhill, 16 MLC 1077, 1082 (1989) and cases cited.  See also, Star Tribune, 295 NLRB 543, 545 (1989) ["Consistent with the Court's analysis in Pittsburgh Plate Glass, we conclude that applicants for employment are not "employees" within the meaning of the collective bargaining obligations of the Act...." 131 LRRM 1408].

---

[1] Its paragraph 7 reads:
> 7.    The defendant Commonwealth..., maintains an agency, the Human Resources Division, which has overall responsibility for establishing entry level firefighter and police examinations for Massachusetts's municipalities that are subject to the Civil Service law.  M.G.L. Ch. 31 and establishing lists for entry level hiring based thereon.

CONCLUSION

Defendant City's sparse motion is not supported by a memorandum of reasons, supporting authorities or other materials demonstrating that Local 739 and its President are necessary parties within Fed. R. Civ. P. 19(a). <u>See</u>, Local Rule 7.1(B)(1). Defendant City's motion must be denied.

Respectfully submitted,

INTERNATIONAL ASSOCIATION
OF FIREFIGHTERS, LOCAL 739
and MATTHEW REDDY, PRESIDENT

By its attorney,

*John M? McMahon.*

John F. McMahon, Esquire
BBO # 338360
ANGOFF, GOLDMAN, MANNING,
        WANGER & HYNES, P.C.
45 Bromfield Street – 8th Floor
Boston, MA 02108
(617) 723-5500

Dated: 5/16/05

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 5/16/05

Date: 5/16/05

*John M? McMahon*

John F. McMahon, Esquire

3