## EXHIBIT A - AFFIDAVIT #1 OF SALLY McNEELY

I, Sally McNeely, state and depose as follows:

1. I have been employed by the Human Resources Division (HRD), an agency of the Commonwealth of Massachusetts, since May 1, 1983. My current title is "Director, Organizational Development Group." The Organizational Development Group is responsible, among other things, for the administration and marking of Civil Service examinations for entry level municipal firefighters, and for the certification to municipalities of lists of eligible applicants for such positions.

2. The statute which governs civil service in the Commonwealth is Chapter 31 of the Massachusetts General Laws. Chapter 31 establishes the respective powers and duties of the Administrator of HRD and the Civil Service Commission (see §§2-5). Chapter 31 also prescribes procedures under which HRD conducts and marks examinations of applicants for appointment as entry level firefighters (see §§ 21-24). HRD conducts an entry-level firefighter examination every two years.

3. On the basis of applicants' examination scores and statutory preferences, HRD certifies lists of eligible applicants to municipalities desiring to make such appointments (see §§ 25-26). Chapter 31 also authorizes and requires HRD to promulgate regulations establishing minimum health and physical fitness standards, and to conduct physical ability testing (see §61A).

4. To the best of my knowledge and belief, all actions of the Administrator and HRD taken with respect to entry level firefighter examinations in the years 1998, 2000, 2002 and 2004 have complied with the requirements of Chapter 31 and with the rules

adopted by HRD thereunder, known as "Personnel Administration Rules" (PAR), a true copy of which is attached hereto as Exhibit B.

5. HRD currently employs 112 full-time employees in a variety of professional, clerical, and other office-based job positions, none of which involve firefighting or the training and supervision of firefighters.

6. I have reviewed HRD's personnel files and ascertained therefrom that none of the plaintiffs in this action has ever been employed by HRD or applied to HRD for employment.

7. Municipal firefighters in Massachusetts are hired and employed by cities and towns, not by HRD.  Cities and towns choose their new firefighter employees from HRD-certified eligible lists and thereupon submit their choices to HRD for approval as being in compliance with the requirements of Chapter 31 and the Personnel Administration Rules (see §27).

8. HRD does not consider applications, interview applicants, select, hire, or otherwise act upon applications for employment as municipal firefighters in Massachusetts, except to approve the hiring choices made by municipalities pursuant to §27, as stated in the preceding paragraph.

9. HRD does not bargain with or enter into collective bargaining agreements with labor organizations representing municipal firefighters.

10. HRD does not provide worker compensation insurance or ERISA benefits to or for municipal firefighters in Massachusetts.

11. After municipal firefighters have been appointed, HRD does not set the terms of their employment, or supervise or control the manner in which they perform their job

duties. HRD does not pay, train, transfer, assign work to, set work schedules for, evaluate, promote, discipline, or terminate municipal firefighters.

12. HRD's post-appointment functions relative to municipal firefighters under Chapter 31 are limited to (i) announcing and conducting promotional examinations (§59); (ii) receiving, but not acting upon, notices from appointing authorities of suspensions and discharges (§41); (iii) reviewing denials of requests for long-term leaves of absence and some post-leave terminations (§§37, 38); and (iv) approving a municipality's retraining program for a returning disability retiree (§39).

13. Other than HRD's statutory functions described in ¶¶ 1-3, 7 and 12 of this affidavit, all aspects of the hiring and employment of municipal firefighters are controlled by the respective cities and towns. With respect to the plaintiffs in this action, all such aspects are controlled by the City of Lynn, not by HRD.

14. PAR 10 establishes a procedure by which a municipality may request, and HRD may provide, a special certification of eligible candidates based on race, color, national origin or sex in order to remedy the effects of past discrimination pursuant to an affirmative action plan. The City of Lynn has not requested such a special certification.

15. PAR .08(4) establishes a procedure by which a municipality may request, and HRD may provide, a special certification of eligible candidates who have special qualifications, for example, eligible candidates who speak a foreign language commonly used in the community served by the fire department, or who are certified as paramedics or EMTs. HRD approves such requests based on objective criteria (e.g., the percentage of the community's population that speaks the foreign language,

or the number of ambulances operated by the fire department). The City of Lynn has from time to time requested special certifications of EMTs/paramedics, but had not requested a special certification of candidates with foreign language abilities until May 11, 2005. On that date, HRD received from the City of Lynn a request for a special certification for six Spanish-speaking firefighters. HRD issued such a certification on May 19, 2005.

16. In November, 2004, HRD established an eligibility list based on the results of the 2004 firefighter examination. The list will remain in effect through and including October 31, 2006. Plaintiffs Jacob Bradley, Keith Ridley, and Jared Thomas are on the eligibility list. The City of Lynn has requisitioned a certified eligibility list but has not yet not informed HRD of its hiring choices. The City has asked HRD for an extension of time for completing the selection process.

17. Attached hereto are true copies of the following publications of HRD's Civil Service Unit: (a) <u>A Certification Handbook: Entry Level Fire Fighter Appointments Subject to Civil Service</u> (Exhibit C); (b) <u>Selective Certifications: Descriptions and Questionnaires</u> (Exhibit D).

    Signed under the penalties of perjury at Boston, Massachusetts.

                                    /s/ Sally McNeely
                                    Sally McNeely

Dated: June 6, 2005