# PERSONNEL ADMINISTRATION RULES

Prepared by the Office of Legal Counsel

of the

Human Resources Division

(Effective as of February 28, 2003)

# PERSONNEL ADMINISTRATION RULES

(Effective as of February 28, 2003)

PAR.01  Scope and Purpose

PAR.02  Definitions

PAR.03  Qualifications for Appointment

PAR.04  Recruitment

PAR.05  Examination Fees

PAR.06  Examinations

PAR.07  Civil Service Eligible Lists

PAR.08  Civil Service Requisition and Certification

PAR.09  Civil Service Appointments

PAR.10  Special Certifications in the Civil Service

PAR.11  Temporary Appointment

PAR.12  Probationary Period

PAR.13  Leaves of Absence

PAR.14  Civil Service Promotion

PAR.15  Layoff from Civil Service Positions

PAR.16  Performance Evaluation

PAR.17  Development of Training Programs by State Agencies

PAR.18  Career Management Service

PAR.19  The Labor Service Subject to the Civil Service Law

PAR.20  Delegation of Labor Service Functions to Cities and Towns

PAR.21  Delegation of Labor Service Functions to State Agencies

PAR.22  Delegation of Official Service Functions

PAR.23  Smoking Prohibition Rule

PAR.24  Appeals to the Civil Service Commission

**PERSONNEL ADMINISTRATION RULES (PAR)**

(Effective as of February 28, 2003)

**PAR.01  SCOPE AND PURPOSE**

The Rules set forth by the administrator establish standards for the
conduct of the civil service merit system of employment.  In addition,
these rules include standards governing state employment apart from civil
service where rule making is required of the administrator by statute.
They are intended to provide a system of uniform standards implementing
applicable law for use by appointing authorities in the employment
processes of recruitment and examination of applicants for public service
positions, selection among applicants for appointment and promotion,
performance evaluation and layoff.  These Rules will be implemented in a
manner consistent with all applicable employment and anti-discrimination
laws for the achievement of equal employment opportunity as set forth in
the Basic Merit Principles.

**PAR.02  DEFINITIONS**

Within the Personnel Administration Rules, unless otherwise expressly provided or the
context otherwise requires, the following words and phrases shall have the following
meanings:

Administrator, the Personnel Administrator of the Human Resources Division.

Appointing authority or appointing officer, any person, board or commission
having the power of appointment or employment.

Appointments, in respect to the several types of civil service appointments, as
follows:

a. Emergency appointment, an appointment made for a specified time
without requisition to cover unforeseeable circumstances.

b. Intermittent appointment, an appointment from an eligible list to recurrent
employment which may be regular or irregular as the needs of the service
require.

c. Permanent appointment, an appointment or promotion made to fill a
permanent vacancy in a permanent position after certification for
appointment by the administrator following the filing of a requisition.

d. Provisional appointment, an appointment approved by the administrator
following the filing of a requisition until a suitable eligible list is

3

established, and until an appointment can be made from a certification from such eligible list.

e. <u>Temporary appointment</u>, an appointment to a temporary position or for the duration of a temporary vacancy, after certification from an eligible list.

<u>Appointment</u>, to positions not within civil service, is appointment to a temporary or permanent position classified pursuant to M.G.L. c. 30, §45, of a person who meets the qualifications for the position established by the administrator pursuant to M.G.L. c. 30, §45.

<u>Basic merit principles</u>:

a. recruiting, selecting and advancing of employees on the basis of their relative ability, knowledge and skills including open consideration of qualified applicants for initial appointment;

b. providing of equitable and adequate compensation for all employees;

c. providing of training and development for employees, as needed, to assure the advancement and high quality performance of such employees;

d. retaining of employees on the basis of adequacy of their performance, correcting inadequate performance, and separating employees whose inadequate performance cannot be corrected;

e. assuring fair treatment of all applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, age, national origin, sex, marital status, handicap, or religion and with proper regard for privacy, basic rights outlined in M.G.L. c. 31 and constitutional rights as citizens, and;

f. assuring that all employees are protected against coercion for political purposes, and are protected from arbitrary and capricious actions.

<u>Bypass</u>, the selection of a person or persons whose name or names, by reason of score, merit preference status, court decree, decision on appeal from a court or administrative agency, or legislative mandate appear lower on a certification than a person or persons who are not appointed and whose names appear higher on said certification.

<u>Certification</u>, the designation to an appointing authority by the administrator of sufficient names from an eligible list or register for consideration of the applicants' qualifications for appointment pursuant to the Personnel Administration Rules.

<u>Civil service</u>, the merit system provided by M.G.L. c. 31 and these rules for filling such positions in state and municipal government.

<u>Civil service employee</u>, a person appointed to a civil service position on a temporary or permanent basis after certification.

<u>Civil service position</u>, a position subject to all the requirements of the civil service law.

<u>Class</u>, a group of positions sufficiently similar in respect to the duties and responsibilities thereof that the same or similar requirements are demanded of incumbents; used interchangeably with "title," except in the labor service.

<u>Commission</u>, the Civil Service Commission.  The Commission is an administrative appellate forum authorized to:

> (a) investigate all aspects of administration and implementation of the civil service system on its own initiative or upon request of others, as specified in M.G.L. c. 31, §2(a);

> (b) review all decisions, actions, or failures to act by the administrator, which cause actual harm to a person's employment status in violation of the civil service statutes, as specified by G.L. Chapter 31, §2(b);

> (c) approve or disapprove adoption of new or amended rules of the administrator, pursuant to G.L. Chapter 31, §4;

> (d) approve classification plans for cities and towns pursuant to G.L. Chapter 31, §5(b);

> (e) hear appeals of decisions of performance evaluation panels pursuant to M.G.L. c. 31, §6C(c);

> (f) review aspects of the civil service examination procedure under G.L. Chapter 31, §24;

(g) hear appeals of tenured employees concerning discharge, removal, suspension, layoff, transfer, lowering in rank or compensation, or abolition of positions, all pursuant to M.G.L. c. 31, §§41-45, and punishment duty pursuant to M.G.L. c. 31, §62;

(h) review denials of step increases to non-union employees pursuant to M.G.L. c. 30, §46(4);

(i) review the decisions of the administrator concerning classifications of state managers and employees, pursuant to M.G.L. c. 30, §49;

(j) review decisions of the administrator rendered under the informal grievance procedure contained in M.G.L. c. 30, §53;

(k) take action pursuant to Chapter 534 of the Acts of 1976 as amended by Chapter 310 of the Acts of 1993.

Compensation, the rate of wages or salary paid to an employee in accordance with an authorized and established classification and pay plan.

Delegated personnel administrator, a person designated to that title by the municipal or state appointing authority for the purpose of exercising powers and performing duties in accordance with PAR.22.

Departmental unit, a board, commission, department, or any division, institutional component, or other component of a department where established by law, ordinance, or bylaw.

Discharge, the permanent involuntary separation from the service of an officer or employee.

Eligible list, a list established by the administrator in accordance with M.G.L. c. 31 from which certifications are made to appointing authorities upon requisition.

Entrance requirements, the experience and educational prerequisites which an applicant must satisfy in addition to passing a civil service examination to be qualified for appointment to a civil service position.

Entry level, a position having a title which is the lowest in a series of titles in a municipal or state classification plan, whether or not higher titles in the same job series exist in the same department.

Essay question, a question on a written examination that requires a response composed by the applicant, in the form of one or more sentences, and for which no single answer is correct and all others categorically wrong.  Essay questions shall not include multiple-choice, true or false, matching or short answer completion questions for which only one answer is correct.

Examination, any instrument or process which, consistent with the civil service law and these rules, measures the fitness of applicants to perform the duties of a position.  Types of examinations described in terms of eligibility include:

> (a) Competitive promotional examination, any competitive examination which is open, pursuant to M.G.L. c. 31, §11, to certain civil service employees of the Commonwealth, or of a city, town, or district where the promotion is to be made.

> (b) Departmental promotional examination, any competitive examination for which eligibility is limited pursuant to M.G.L. c. 31, §9 to civil service employees in certain lower titles in a departmental unit.

> (c) Departmental promotional qualifying examination, any examination held on a non-competitive basis, to demonstrate that the person selected for promotion, pursuant to M.G.L. c. 31, §8, possesses the qualifications and abilities necessary to perform the duties of the higher position.

> (d) Executive office promotional examination, any competitive examination within an executive office which is open to employees of an entire executive office who qualify for such examination pursuant to M.G.L. c. 31, §10.

> (e) Open competitive examination, any examination for an original appointment which is open to all members of the public who meet entrance requirements.

> (f) Open continuous examination, an open competitive examination, held from time to time at the discretion of the administrator, for which application is open to the public on a continuous basis.

> (g) Qualifying examination, an examination given to test the qualifications of an incumbent whose position is placed under civil service by law or rule, or an examination given to an individual to qualify for promotion, as provided in M.G.L. c. 31, §8.

Handicap, any condition or characteristic, physical or mental, which substantially limits one or more major life activities; a record of such impairment; a condition or characteristic which is regarded as such impairment.

<u>Labor service</u>, the composite of all civil service positions whose duties are such that a suitable selection for such positions may be made based upon registration pursuant to M.G.L. c. 31, §28, rather than by competitive examination.

<u>Layoff</u>, as to civil service employees, temporary discontinuance of employment due to lack of work or lack of money, or abolition of position.

<u>Local labor service director</u>, a person designated to that title by the municipal appointing authority for the purpose of exercising powers and performing the duties in accordance with PAR.20 of these rules.

<u>Merit preference status</u>, a status afforded preference in civil service appointment pursuant to M.G.L. c. 31, for example section 26:

    a.   sons or daughters of certain deceased firefighters or police officers as to public safety positions,

    b.   disabled veterans,

    c.   blind persons following disabled veterans in appointments of typists to take dictation solely from dictation machines,

    d.   veterans,

    e.   widows or widowed mothers of veterans who died from service-connected disabilities.

    f.   residents of a city or town that in which the city or town has submitted a written request to the administrator requesting  that the administrator, when certifying names from said eligible list  for original appointment to the police force or fire force of a city or town, place the names of all persons who have resided in said city or town for one year immediately prior to the date of examination ahead of the name of any person who has not so resided.

    g.   police or fire personnel with twenty-five years service.

<u>Performance evaluation</u>, an evaluation of an employee's performance in accordance with the standards outlined in M.G.L. c. 31, §6A-6C, inclusive.  (Also see the definition for Probationary Performance Evaluation, below.)

<u>Position</u>, with respect to employment within the executive department of the Commonwealth, a set of duties classified with an appropriate title by the administrator pursuant to M.G.L. c. 30, §45.

<u>Probationary performance evaluation</u>, a performance evaluation for the purpose of providing information for potential use in making decisions concerning tenured status.  (Also see the definition for Performance Evaluation, above.)

<u>Promotion</u>, a change in employment from one title to a higher title in the same series, or to a title in a different series when the new title has substantially dissimilar requirements which prevent a transfer.

<u>Reinstatement</u>, the restoration to employment of an employee made in accordance with civil service law and these rules, in particular in accordance with M.G.L. c. 31, §§39 or 46.

<u>Requisition</u>, a formal notice by an appointing authority to the administrator that a vacancy exists, or will exist, and including a request that the administrator take such action as is set forth on the requisition form to fill the vacancy pursuant to civil service law and these rules.

<u>Resignation</u>, a permanent voluntary separation from service.

<u>Roster</u>, a list of permanent civil service employees in a departmental unit, arranged according to seniority, and supplemented by a list of employees appointed on a temporary or provisional basis.

<u>Rules</u>, the Rules promulgated by the administrator.

<u>Seasonal position</u>, a position requiring the services of an incumbent, on either a full-time or less than full-time basis, beginning no earlier than May first and ending no later than September thirtieth or beginning no earlier than November first and ending no later than April first in any twelve-month period; provided, however, that the following positions shall not be deemed to be seasonal:

    (a) a position in the police force or fire force of a city or town

    (b) a position in the Capitol Police Force, or in the Police Force of the Metropolitan District Commission, and;

    (c) a permanent position for which funds have been appropriated or are available on a permanent basis.  Notwithstanding any provision of this chapter to the contrary, a position of police officer in a police department within the counties of Barnstable, Bristol, Dukes, Essex, Middlesex, Nantucket, Norfolk, Plymouth and Suffolk employed on either a full-time or less than full-time basis, beginning not earlier than May first and ending no later than September thirteenth shall be deemed to be a seasonal position and shall be exempt from the provisions of M.G.L. c. 31.

State labor service director, a person designated to that title by the state appointing authority for the purpose of exercising powers and performing duties in accordance with PAR.21.

Suspension, a temporary involuntary separation of a person from his civil service employment by the appointing authority.

Tenure, the status of an employee in a civil service position to which he has received a permanent appointment, after completion of the required probationary period, or in a civil service position to which he has been permanently promoted; the status of an employee appointed permanently to a non-civil service position in which he has established tenured status pursuant to M.G.L. c. 30, §§9A, 9B, 9D or other statutory provision.

Transfer, the change in title of an employee to a title for which specifications show essentially identical qualifications and duties; a change from a position in a title in one departmental unit to a position in the same title in a different departmental unit.

Unauthorized absence, an absence from work for a period of more than fourteen calendar days for which no notice has been given to the appointing authority by the employee or by a person authorized to do so, and which may not be charged to vacation or sick leave, or for which no leave was granted pursuant to the provisions of M.G.L. c. 31, §37.

## PAR.03  QUALIFICATIONS FOR APPOINTMENT

(1) As a consideration for selection, the Personnel Administrator may, consistent with applicable law, establish job-related skills and abilities, including physical and mental skills and abilities, as qualifications for positions when the need of the public service so requires.

(2) Essential qualifications for all levels of public employment are honesty, respect for law and the democratic process, acceptance of responsibility as a matter of the public trust for performance of assigned duties, and ability to deal fairly with all persons.  The burden of proof of such qualifications shall in all cases be upon the applicant, who may be required by the administrator to furnish evidence additional to the information required to be stated in his application.

(3) Failure to prove qualifications established by the administrator may be grounds for removal from an eligible list, after an investigation by the administrator which includes prior notice to the applicant and the opportunity to respond.

(4) The administrator may cancel an application, suspend the same pending investigation, exclude an applicant from examination, refuse to certify an otherwise eligible candidate, remove a candidate's name from any eligible list, or declare a candidate's appointment

invalid upon proof of any of the following conditions after a hearing held by the administrator.

(a) Dismissal of the appellant or eligible from the public service, or his resignation pending charges, if such event occurred within the preceding five years and there is no convincing evidence of later rehabilitation.

(b) Evidence of conduct within five years showing lack of the essential qualifications set forth in this rule without convincing evidence of rehabilitation.

(c) The knowingly making of a material false statement by any person in his application or in his examination and any connivance by him at any material false statement made in any accompanying certificates, or the commission of or attempt to commit any fraud against civil service law or rules, or any complicity by or benefit to him in any such fraud, before, during, or after any examination.

(d) Whenever an appointing authority finds that an applicant fails to meet entrance requirements and that finding has been sustained by the administrator's review.

(e) Whenever the administrator determines that a person appointed to a non-civil service state position does not possess the qualifications for the position established by the administrator.

(f) Whenever the administrator determines, from the application or from any investigation made by the administrator, and whether before or after acceptance of the application or after appointment, that the applicant is not qualified.

(5) If the administrator declares an appointment invalid, he shall,

(a) Notify in writing the appointing authority, or employment officer, department, board or commission of such person.

(b) Notify in writing the treasurer, auditor or other officer whose duty it is to pay the salary or other compensation of such person.

(c) Notify said officer that the payment of any salary or compensation to such person shall cease at the expiration of one week after the mailing of notice to such treasurer, auditor or other officer, and that such officer shall pay no further salary or compensation to such person until the legality of employment or appointment is duly established.

(d) Afford to each employee holding a civil service appointment an opportunity to be heard before declaring such civil service appointment invalid.

**PAR.04  RECRUITMENT**

All announcements and information relating to examinations for positions in the classified service shall be disseminated in such a manner as to result in a broad and representative field of applicants consistent with the merit principles and applicable employment and anti-discrimination laws.

**PAR.05  EXAMINATION FEES**

(1) Time of Payment.

> Applications for open competitive and open continuous examinations shall be accompanied by payment of the fee stated on the examination poster.
>
> (2) Form of Payment.
>
> Payment in the form of bank (cashier's) check, money order or major credit card will be accepted.
>
> (3) Waiver of Examination Fee.

Examination fee is waived for applicants who are receiving public assistance, either state or federal.  An applicant seeking waiver of fee shall indicate in the space provided on the application form the information required to establish eligibility for waiver. Waiver requests must be accompanied by evidence of eligibility for waiver at the time of application.

**PAR.06  EXAMINATIONS**

(1) Procedure

> (a) The administrator shall establish procedures for competitive and other examinations to test the practical fitness of applicants.
>
> (b) The grading of the subject of training and experience as a part of a promotional examination shall be based on a schedule approved by the administrator which shall include credits for elements of training and experience related to the position for which the examination is held.
>
> (c) The grading of the subject of employment or experience as a part of an entry-level examination shall be based on a schedule approved by the administrator which shall include credits for elements of employment or experience related to the title for which the examination is held.
>
> (d) An applicant may be allowed to take an examination subject to later review to determine if he or she meets the eligibility requirements.  If it is determined that an

applicant does not meet the eligibility requirements, as set forth on the poster for the office or position, he or she shall be declared ineligible by the administrator.

(e) Applications of persons for whom requisitions for employment have been made in accordance with the provisions of the fourth paragraph of section 26 of Chapter 31 of the General Laws shall be in the same form as required for all other applicants for positions for which employment is requested.

(2) Content of Examinations

(a) All selection procedures shall be practical in character and shall relate directly to those matters which fairly determine the relative ranking of the persons examined based on the knowledge, abilities and skills required to perform the primary duties (critical and frequent tasks) of the position title or occupational group as determined by reliable and representative job information available to the administrator.  Examinations may be assembled or unassembled and may include written, oral, practical or performance tests, training and experience rating, assessment centers, other generally accepted selection procedures, or combinations of these which in the discretion and judgment of the administrator are appropriate for the position title or occupational group being tested.

(b) The administrator shall, on a yearly basis, notify representatives of labor whose members are in the occupational fields to be tested of a proposed examination schedule.  If the representatives of labor whose members are in an occupational field to be tested request, in writing, the opportunity to consult with the administrator concerning the subject matter to be tested on a particular examination within thirty (30) days of the notification of the proposed examination schedule, the administrator shall so consult, either through meetings or written submissions, with the representatives of labor prior to making a final determination concerning the form, method and content of an examination.  The administrator shall afford professionals in occupational fields to be tested an opportunity to consult on the subject matter of examinations.  The final determination as to form, method and content of an examination shall be within the discretion and judgment of the administrator.

(3) Examination Results

The passing mark for each examination shall be established by the administrator in accordance with generally accepted selection procedures.

**PAR.07  CIVIL SERVICE ELIGIBLE LISTS**

(1) The examination papers of persons examined for appointment and promotion shall be marked and graded, and the results recorded.  Separate eligible lists may be kept of those seeking to enter any part of the service in which special qualifications are required.

(2) Any person whose appointment has been legally made or authorized from the eligible list under these rules, and whose service has been terminated without fault or delinquency on his part during the probationary period, may, upon his request in writing made within six months from the date of termination of his service and if the eligible list from which he was appointed has not expired, have his name restored to the eligible list for the remainder of the period of validity of the list from which he was appointed.

(3) When eligible lists for the same position are established as the result of open competitive and promotional examinations, names shall be certified first from the promotional examination, second from the reemployment list if the administrator has established such a list pursuant to M.G.L. c. 31, §40, third from the list established from the open competitive examination.

(4) The examination marks shall be presented on eligible lists in whole numbers.

### PAR.08  CIVIL SERVICE REQUISITION AND CERTIFICATION

(1) Whenever any appointing authority shall make requisition to fill a position, the Personnel Administrator shall, if a suitable eligible list exists, certify the names standing highest on such list in order of their place on such list, except as otherwise provided by law or civil service rule.  Insofar as possible, sufficient names shall be certified to enable such appointing authority to make appointments from among the number specified in PAR.09.

(2) Unless an appointing authority shall, within the time periods set forth in this paragraph, make and notify the administrator of an appointment from the names certified, the certification shall become void.  The time periods are as follows:

    (a) within three weeks of any certification of names to the appointing authority by the administrator from any eligible list established as the result of a promotional examination;

    (b) within six weeks of any certification of names to the appointing authority by the administrator from any eligible list established as the result of an open competitive non-public safety examination;

    (c) within twelve weeks of any certification of names to the appointing authority by the Administrator from any eligible list established as the result of an open competitive public safety examination; provided, however, that the Administrator, in his discretion, may limit or extend the term of any certification, or ratify any appointment made from such certification; provided further, however, that any appointing authority requesting an extension must submit a written request setting forth sound and sufficient reasons as to why the appointment cannot be made within the time period set forth in this paragraph.  The Administrator may, before or after an appointment has been made, cancel a certification if he finds that the certification was made in error, or that any person certified was placed on the

14

eligible list through mistake or fraud; and, if a person has been appointed from such certification, the Administrator may revoke the appointment and order the person's discharge.  No person, however, shall be deemed to have been appointed or promoted to any position requiring certification by the Administrator from an eligible list unless the appointing authority, prior to the date of expiration of such eligible list and without regard to the time periods for certifying set forth in this paragraph, shall have notified the Administrator in writing that such person has been so appointed or promoted, or that the appointing authority has notified the Administrator of its intent to appoint or promote such person, if the appointment or promotion must be delayed due to the scheduling of any training required by statute, or municipal ordinance or by-law, or departmental rule.

(3) Upon determining that any candidate on a certification is to be bypassed, as defined in Personnel Administration Rule .02, an appointing authority shall, immediately upon making such determination, send to the Personnel Administrator, in writing, a full and complete statement of the reason or reasons for bypassing a person or persons more highly ranked, or of the reason or reasons for selecting another person or persons, lower in score or preference category.  Such statement shall indicate all reasons for selection or bypass on which the appointing authority intends to rely or might, in the future, rely, to justify the bypass or selection of a candidate or candidates.  No reasons that are known or reasonably discoverable by the appointing authority, and which have not been disclosed to the Personnel Administrator, shall later be admissible as reasons for selection or bypass in any proceeding before the Personnel Administrator or the Civil Service Commission.  The certification process will not proceed, and no appointments or promotions will be approved, unless and until the Personnel Administrator approves reasons for selection or bypass.

The Personnel Administrator shall, within fifteen days of receiving reasons for selection or bypass, review the reasons submitted and inform the appointing authority of approval or disapproval of the reasons for selection or bypass.  The appointing authority shall be granted a hearing, as necessary, with the Personnel Administrator, or the Administrator's designee, during the fifteen-day review period to explain, clarify or justify reasons for selection or bypass.  If the Personnel Administrator disapproves any reason or reasons for selection or bypass, he shall immediately notify the appointing authority, with clear and specific reasons for the rejection.  If the Personnel Administrator accepts the reasons, he shall forthwith notify the appointing authority and the bypassed candidate or candidates, who may then appeal the decision to the Civil Service Commission pursuant to M.G.L. Chapter 31, §2, subsection (b).

Candidates for appointment shall not be permitted to assume the duties associated with their proposed appointments until said appointments have been approved by the Personnel Administrator.  Appointments and promotions made in violation of this Rule shall be void if the Administrator deems them to be a violation of this Rule, and may be subject to issuance of stop-pay orders pursuant to M.G.L. Chapter 31, §73.

All time periods in this section shall include Saturdays, Sundays, and holidays.

(4) If a requisition is made calling for persons having special qualifications in addition to the general qualifications tested by an examination, the administrator may issue a selective certification of the names of such persons from the appropriate eligible list.

(5) If a requisition is made to fill vacancies in a title for which no eligible list exists, the administrator may certify from a suitable list established to fill positions in a different title with similar specifications.

(6) The administrator shall place on the eligible list below the names of disabled veterans as defined in G.L. Chapter 31, §1, the names of blind persons for employment by any state department, board or commission in the office or offices of which dictating machines are used of typists to take dictation solely from such machines and shall certify the names of such persons upon receipt of requisition. The administrator may require appointing authorities to identify those requisitions filed to fill positions in accordance with M.G.L. c. 31, §3(g).

(7) Upon receipt of a requisition for full-time service, the names of intermittent, recurrent, part-time and reserve employees appointed on a permanent basis shall be certified, in accordance with these rules regarding certification, to a position with the same title in the same department or division of a department. The basis of certification shall be the order of appointment to the permanent intermittent, permanent recurrent, permanent part-time or permanent reserve position with the same title in the department or division of a department for which requisition is made; provided, that any person so appointed shall serve a full probationary period after appointment to a full-time position.

## PAR.09  CIVIL SERVICE APPOINTMENTS

(1) When names have been certified to an appointing authority under PAR.08 and the number of appointments or promotional appointments actually to be made is $\underline{n}$, the appointing authority may appoint only from among the first $2n + 1$ persons named in the certification willing to accept appointment, e.g.,

| when the number of appointments to be made is: | the appointing authority may appoint only from among the first |
|---|---|
| 1 | 3 |
| 2 | 5 |
| 3 | 7 |
| 4 | 9 |
| 5 | 11 |

persons named in the certification willing to accept; provided that when more than one promotional appointment is being made, the first such promotional appointment shall be made from among the first three persons whose names are certified and who are willing to accept, the second such promotional appointment shall be made from among the first

16

five persons whose names are certified and who are willing to accept, the third such promotional appointment shall be made from among the first seven persons whose names are certified and who are willing to accept, and so forth.

(2) If an appointing authority concludes the appointment of a person whose name has been certified to it would be detrimental to the public interest, it may submit to the administrator a written statement giving in detail the specific reasons substantiating such a conclusion.  The administrator shall review each such statement, and if he agrees, he shall remove the name of such person from the certification and shall not again certify the name of such person to such appointing authority for appointment to such position.  For the purposes of this section, "appointments" shall include promotions.

(3) The appointing authority shall require all persons appearing for interview from an eligible list established as the result of an open competitive examination to record their education and experience in a form prescribed by the Personnel Administrator.  Such education and experience must be recorded as of the date of establishment of the eligible list.  Appointing authorities must evaluate such education and experience against the entrance requirements for the title established by the administrator.  The appointing authority must record on the certification that each person selected meets the entrance requirements and must return the original copy of each selected person's record of education and experience with the certification.  If an appointing authority makes an appointment outside the 2n + 1 certification and appointment formula set forth in paragraph (1) of this Rule because the appointing authority has made a finding that a person within the 2n + 1 certification and appointment formula fails to meet entrance requirements, the finding must be recorded on the certification and the original copy of the individual's record of education and experience must be returned with the certification.  Appointing authorities shall retain on file copies of the education and experience records of all persons selected for appointment and of all persons found not to meet entrance requirements when that finding is the basis for appointing an individual outside the 2n + 1 certification and appointment formula.

(4) No person shall be regarded as appointed to a full- time position within the requirements of these rules unless he accepts the position and is actually employed within thirty days from the date of receipt of notice by the administrator of appointment; extension will be allowed at the discretion of the administrator, for enrollment in a training program required by law.

(5) If additional names are certified to an appointing authority under the provisions of PAR.10, said appointing authority may appoint by selecting from among the number of persons specified in PAR.09(1) and from among a like number of persons whose names have been certified under the provisions of said PAR.10.

## PAR.10  SPECIAL CERTIFICATIONS IN THE CIVIL SERVICE

(1) Prerequisites for special certifications based on race, color, national origin or sex shall be made whenever:

17

(a) an appointing authority shall make requisition to fill one or more positions included in said appointing authority's affirmative action plan on file with the administrator, and;

(b) the administrator has made a written determination substantiating that previous practices of the department and/or of said appointing authority with respect to the filling of such position or positions have discriminated against members of a group, hereinafter referred to as a protected group, on the basis of race, color, sex, or national origin in contravention of any provision of the Constitution of the United States or the Constitution of the Commonwealth, Title VII of the federal Civil Rights Act of 1964 (42 U.S.C. 2000e) or any other federal or state statute the administrator may then certify, in addition to names certified in accordance with PAR.09, the names of a like number of individuals who are members of the protected group and are on an eligible list for such position, in order of their standing.

(2) At least ten days prior to certifying names under the provisions of PAR.10 (1), the administrator shall post a notice of his intention to do so in the offices of the Department of Personnel Administration and shall mail a copy of such notice to the appointing authority, with instructions to post copies of such notice at all locations where persons whose names may be certified under the provisions of section one may, if employed, be assigned.

(3) Prerequisites for special certifications of disadvantaged persons shall be made whenever:

(a) disadvantaged persons as defined by M.G.L. c. 31, §47A have passed an examination for the lowest title in a series as determined by the administrator, the names of such persons shall be placed upon a special eligible list ranked pursuant to M.G.L. c. 31, §26 as to an official service title or pursuant to M.G.L. c. 31, §28 as to a labor service title.

(b) in certifying names for appointment to a title for which a special eligible list is valid, the administrator shall certify names alternately from such eligible list and the regular eligible list based upon an open competitive examination for the position.

## PAR.11 TEMPORARY APPOINTMENT

(1) A person certified for temporary employment to a department in which temporary employment is regularly recurrent at stated periods, may within one year from the cessation of such employment or within the next calendar year be again employed in such position.

(2) The acceptance by an eligible of a temporary appointment shall not affect his standing on the eligible list for permanent appointment.

## PAR.12 PROBATIONARY PERIOD

(1) The probationary period after permanent original appointment to a full-time civil service position and before tenured status requires six months of scheduled performance of the actual duties of such position except as otherwise provided by law.

(2) The probationary period may be extended by the appointing authority beyond the period provided by law by the actual number of days of absence during the statutory period; written notice of such extension shall be given to the employee prior to the expiration of the statutory probationary period.

## PAR.13 LEAVES OF ABSENCE

(1) A civil service employee seeking a leave of absence or renewal of same for a period longer than three months shall submit a written request for the leave or renewal to the appointing authority at least twenty-one days before the leave unless submission within such time period is impracticable.

(2) When an appointing authority requests prior approval of the administrator for an employee leave of absence or renewal of a leave of absence under M.G.L. c. 31, §37, for a period to exceed three months, such approval shall be requested at least fourteen days before the leave or renewal of leave of the employee is to commence unless request within such time period is impracticable.  Said request shall be in writing.  A copy of the request shall be delivered to the affected employee.  If approval is granted, the written notice of said approval by the administrator shall be delivered to the applicant.

**PAR.14 CIVIL SERVICE PROMOTION**

(1) The examination process approved by the administrator for establishment of a promotional eligible list of ranked candidates may consist of a written examination, an oral examination, a practical test, a graded performance evaluation, or a graded schedule of seniority of service. A combination of the foregoing or other graded components through a ranking process to determine merit may be proposed by the appointing authority and approved by the administrator.  The term seniority of service shall be interpreted to refer to service after certification in the department for which the examination is held.  (a) If training and experience is a component of the promotional ranking process, a schedule of training and experience shall include as experience all relevant work experience whether within or outside the department; such schedule shall include as training all relevant education.  Nothing in this rule shall be deemed to limit the authority of the administrator to determine the weight and scope of examinations, as provided by law.

(2) In competitive examinations for promotion to any position in the classified official service, the administrator shall add two points to the general average mark obtained by any veteran, as defined in M.G.L. c. 31, §1, providing such veteran has first obtained a passing mark in said examination.

(3) No permanent employee shall be regarded as promoted within the requirements of these rules unless he is actually employed in the position to which he is promoted within thirty days from the date of receipt of notice by the administrator of promotion.  If, however, his promotion is approved by the administrator while he is serving temporarily in a position of the same or higher grade, he may continue to serve in such position as authorized by the administrator, and his permanent promotion shall not be affected by such temporary employment in a different grade notwithstanding the fact that he is not actually employed in the position to which he has been promoted during said thirty days.

**PAR.15 LAYOFF FROM CIVIL SERVICE POSITIONS**

(1) All civil service rights of an employee rest in the position in which he holds tenure.

(2) When one or more employees must be separated from positions in the same title and departmental unit due to lack of work, lack of money or abolition of position, all persons filling positions provisionally in the designated title must be separated first, followed by all persons filling positions in temporary status in the designated title, before any civil service employees holding the designated positions in permanent status shall be separated from such positions.

(3) When one or more civil service employees holding permanent positions in the same title and departmental unit must be separated from their positions due to lack of work, lack of money, or abolition of position, the employee with the least civil service seniority computed pursuant to M.G.L. c. 31, §33 shall be separated first; provided that all disabled veterans are accorded the preference provided by M.G.L. c. 31, §26.

(4) When one or more persons among a larger group of civil service employees holding permanent positions in the same title and departmental unit are to be separated from their positions due to lack of work, lack of money or abolition of position, and the entire group has the same civil service seniority date, the appointing authority has the discretion to select for separation among those with equal retention rights, applying basic merit principles.

**PAR.16 PERFORMANCE EVALUATION**

(1) Performance Evaluation for State Employees

(a) Purpose

There are three universal purposes for performance evaluation.  These are designed to ultimately improve the efficiency and effectiveness of state services. The three purposes are:

(i)	Promote clear communication between an employee and a supervisor on: what activities and results are expected of the employee on the job, and why; how well the employee is doing; and what can be jointly done to improve specific aspects of the employee's job performance.

(ii)	Serve as a guide for recognizing and rewarding good job performance, and identifying performance which needs improvement. The performance evaluation may provide information to be considered in personnel decisions (e.g., promotions, merit pay pursuant to the collective bargaining agreements, salary step decisions).

(iii)	Aid the employee and supervisor in planning the employee's development of knowledge, skills, abilities and personal characteristics needed to carry out the job and to prepare for career advancement in the future.

(b) Applicability

This rule governs performance evaluation for all state non-managerial civil service employees (pursuant to section 6A of c. 31) and all state non-managerial employees (pursuant to section 27 of c. 767 of the Acts of 1981), except as provided for in paragraph (3) below.

(c) <u>Approved Performance Evaluation Systems</u>

Each employee shall be evaluated using an approved performance evaluation system. Employees may be evaluated using the Employee Performance Review System, or another system which has been certified by the Personnel Administrator as complying with the criteria listed below.

(d) <u>Criteria</u>

Prior to their use, all performance evaluation systems used in the Commonwealth pursuant to this rule shall be certified by the Personnel Administrator as meeting the following criteria:

(i)     <u>System Documentation</u>: The performance evaluation system shall be described in writing. This description shall have a statement of purpose, including the universal purposes stated in (a), above, and instructions for all participants in the system.

(ii)    <u>Training</u>: All participants in the performance evaluation system shall be trained in the use of the system, including these criteria. The agency must strive to assure that the participants in the system have the skills necessary to carry out the performance evaluations (e.g., communication skills).

(iii)   <u>Job Performance Criteria</u>: Employees shall be evaluated on the basis of objective, observable criteria (observable results or behaviors) to the maximum extent possible. The criteria must be demonstrably job-related. Attendance must be considered. The criteria must be based on the actual duties assigned to the employee which should be consistent with the official position description and class specification.

(iv)    <u>Rating Method</u>: The method of rating must be explicitly defined and communicated to the participants. There must be at least two rating categories which distinguish between satisfactory and unsatisfactory job performance. The method of arriving at the overall rating must be explicitly defined and communicated to the participants. An overall rating alone will not be sufficient.

(v)     <u>Rater and Ratee Designation</u>: The rater shall be the immediate supervisor, unless otherwise designated for good reason. The employee shall be informed who will conduct the performance evaluation and make the rating. The roles of the participants shall be defined and communicated to all participants.

(vi)    <u>Rating Frequency</u>: A standard evaluation period shall be defined and conveyed to participants. Formal evaluations will occur at least

annually, but not more than twice a year.  Informal or formal progress reviews may be scheduled at any time, as needed.

(vii)    <u>Performance Evaluation Conferences</u>: There shall be at least three performance evaluation conferences.  Prior to the evaluation period the employee and immediate supervisor shall meet and determine the performance criteria.  The performance areas, evaluation procedures and possible use of the evaluations in future personnel determinations will be explained at this time.  At least one formal progress review conference shall take place mid-way through the evaluation period.  At this conference the employee and immediate supervisor shall discuss the employee's performance and strive to facilitate the employee's performance as may be needed.  Finally, at an annual review conference the employee and immediate supervisor shall meet to discuss and evaluate job performance of the whole year.  The immediate supervisor shall rate the employee's performance and convey the evaluation to the employee using a performance evaluation form.  The employee shall sign the performance evaluation form indicating agreement or disagreement with the evaluation.  The employee or the employee's collective bargaining agent shall receive a copy of the form upon request of the employee.

(viii)    <u>Continuity</u>:  Provision shall be made for changes in personnel and assignments (e.g., departing supervisors may rate their subordinates before they depart; employees will be evaluated when their duties change, such as upon promotion or reassignment; new employees and supervisors will be trained in the use of performance evaluation).

(ix)    <u>Confidentiality and Record Keeping</u>: A policy on this topic shall be clearly stated and conveyed to participants.  This policy shall safeguard against unauthorized access to evaluations by agency personnel.  Performance evaluations shall become a permanent part of an employee's personnel file.  Performance evaluations are subject to the provisions of M.G.L. c. 66A.

(x)    <u>Appeals</u>:  Appeal rights are available either through the grievance procedure contained in the employee's collective bargaining agreement, or through the procedures outlined in section 6C of c. 31.

(xi)    <u>Quality Assurance</u>: Provision shall be made within each agency for higher level review of performance evaluations, including an administrative review for fairness of the overall application of the performance review system (e.g., by a quality control committee).

(e) <u>Performance Evaluation for Probationary Employees</u>

Probationary employees may be evaluated twice during the probationary period (pursuant to section 34 of c. 31). For employees with a six-month probationary period, evaluations may take place in the first two months and before the sixth month of the probationary period. For employees with a longer probationary period, the second evaluation may take place before the last month of the probationary period. If the second performance evaluation is unsatisfactory, the probationary period may be extended for two months. Any number of formal or informal progress reviews may be scheduled by an appointing authority for an employee during the probationary period. The appointing authority may, but is not required to, evaluate a probationary employee. The appointing authority may, but is not required to, consider the results of any probationary performance evaluations in making decisions concerning granting an employee tenured status. The rights of probationary employees do not include the appeal rights described in section 6C of c. 31, but do include the grievance procedure contained in the employees' collective bargaining agreement.

(f) Use of Performance Evaluation in Civil Service Examinations

(reserved)

(g) Implementation Date After July 1, 1987 only approved performance evaluation systems may be used.

(h) Participation of Representatives of Collective Bargaining Units
Representatives of collective bargaining units to be evaluated pursuant to section 6A of c. 31 shall participate in the process as provided in that section in conjunction with the Personnel Administrator and with the Director of the Office of Employee Relations through the collective bargaining process as set forth in c. 150E. Representatives of collective bargaining units to be tested pursuant to section 6B of c. 31 shall have the option of participating in the process as provided in that section either directly with the Personnel Administrator or in conjunction with the Personnel Administrator and the Director of the Office of Employee Relations through the collective bargaining process as set forth in c. 150E.

(2) Performance Evaluation of State Managers (reserved)

(3) Performance Evaluation for Municipal Employees (reserved)

**PAR.17 DEVELOPMENT OF TRAINING PROGRAMS BY STATE AGENCIES (reserved)**

**PAR.18 CAREER MANAGEMENT SERVICE (reserved)**

**PAR.19 THE LABOR SERVICE SUBJECT TO THE CIVIL SERVICE LAW**

(1)        Designation of Labor Service Positions

    (a)        The provisions of these rules shall apply to all labor service employees in the service of the Commonwealth unless specifically exempted by law, and, subject to law, to labor service employees of the cities and towns.

    (b)        The administrator shall designate positions subject to the civil service law and these rules whose duties are such that suitable selection therefor may be made based upon registration in the manner provided by M.G.L. c. 31, §28.  The composite of such positions shall constitute the labor service, which shall be subject to basic merit principles and the provisions of the foregoing Rules insofar as such Rules are not inconsistent with the following rules especially applicable to such service.  When titles are redesignated between the official service and the labor service, persons holding a permanent appointment to a civil service position, shall, notwithstanding such redesignation, retain their civil service rights without impairment.

    (c)        The labor service shall be divided into three classes:  (I) Laborers;  (II) Skilled Laborers;  (III) Mechanics and Craftsmen.  The administrator shall establish suitable titles within each of these classes and shall provide for the registration of applicants and the establishment of registers according to such titles.  An appointing authority may, subject to law, fill positions in any class by original or promotional appointment.

(2)        Original Appointment

    (a)        When positions are to be filled on a permanent or temporary basis in the labor service, the appointing authority shall make requisition to the administrator or to the local labor service director stating the title of the position to be filled on a full-time, intermittent or part-time basis, the number of vacancies, a description of the duties to be performed, the location, starting date and probable duration of employment, and the salary to be paid.

    (b)        When a requisition is received for temporary service, the employment of persons appointed shall continue only for the time stated in the requisition, unless the administrator or local labor service director shall otherwise direct.  The requisition shall state the reason the vacancy is temporary.

    (c)         The administrator or local labor service director shall establish and maintain rosters for each departmental unit and by appropriate class containing the names, position titles and effective dates of employment of persons appointed to permanent or temporary labor service positions in the service of the commonwealth or of a municipality after certification from labor service registers.  Separate rosters shall be

maintained for full-time permanent, less than full-time permanent, full-time temporary, and less than full-time temporary positions.

(d)    If the appointing authority requests in its requisition the certification of persons with experience in the department, preference shall be given in certification to all persons who have served at least one year after certification in such department in the same title for which requisition is made, provided such persons have not been discharged for cause or have not resigned with charges pending.  If such service was performed on an intermittent or part-time basis, the appointing authority shall submit proof that such persons have accrued employment equivalent to one year of full-time employment.

(e)    Selection and original appointment shall be made as provided in PAR.09.

(f)    The administrator may establish minimum requirements, including experience requirements, in addition to those imposed by statute for Class II and Class III positions; the administrator or local labor service director may also require a practical test to determine the qualifications of applicants for such positions.

(g)    The administrator or local labor service director may require applicants to undergo physical examination to determine their fitness to perform the duties of positions for which they apply.

(h)    The appointing authority shall, within the time indicated on the certification, report to the administrator or the local labor service director, in a form prescribed by the administrator, which of the persons certified have been selected for original appointment. The appointing authority shall, at the same time, submit appointment forms supplying such information as the administrator may require.

(3)    <u>Removal From and Restoration to the Register</u>

(a) If any person certified fails to respond, declines the employment offered, or fails to report for work after signifying his willingness to accept the position, the appointing authority shall so inform the administrator or local labor service director, and the name of such person shall be removed from the register.  If an applicant whose name is registered for more than one title accepts a permanent appointment to any position in the labor service, the administrator or the local labor service director shall remove his name from the register for all other titles.

(b) In case any applicant is found by the administrator or the local labor service director to be unfit or unqualified pursuant to the standards of PAR.03 to perform the duties of the position which he seeks, his name shall not be entered on the

register and the register for the position may be established notwithstanding; and, if on the register, it shall be removed therefrom after written notification and the opportunity for hearing, and the reason shall be entered on the records of the administrator or the local labor service director.

(c)  No person whose name is removed from a register for any other reason set forth in these rules shall have his name restored to the register unless he makes request in writing and provides a satisfactory written explanation to the administrator or local labor service director; such request must be made within six months of the removal date.

(4)        Provisional Appointments

(a)  Whenever the administrator or local labor service director is unable to provide an appointing authority with a certification of names from which to fill a requisition, he may authorize the appointing authority to make a provisional appointment pending the issuance of a certification for the position.  The appointing authority shall forthwith notify the administrator or local labor service director in writing of his selection for such provisional appointment in a form prescribed by the administrator.

(b)        A provisional appointment may be terminated by the administrator or local labor service director at any time; provided that no provisional employment in a position shall be authorized or continued for more than thirty days following a certification from the register established for the position if such certification contains the names of three persons willing to accept appointment to the position.

(5)        Promotional Appointments

(a)  Promotional appointments and changes of position under the provisions of M.G.L. c. 31, §29 shall be made from among the same number of persons with the greatest length of service as the number specified in making appointments under PAR.09, provided that such persons possess the required qualifications and serve in eligible titles, as determined by the administrator. If there are less than the requisite number of persons, selection may be made from the lesser number.

(b)  The appointing authority shall report each promotional appointment to the administrator or the local labor service director in a form prescribed by the administrator and shall certify that such promotion is in accordance with the civil service law and these rules.

## PAR.20 DELEGATION OF LABOR SERVICE FUNCTIONS TO CITIES AND TOWNS

(1)        Local Labor Service Director.

The mayor, city or town manager, or board of selectmen in each city or town in which labor service positions are subject to the provisions of the civil service law and these rules shall designate in writing to the administrator a local labor service director who shall continue in such capacity until such time as another person is so designated.

(2)        Publication of Vacancies.

If a vacancy occurs in a position in such service for which there are no available applicants registered, such local director shall advertise and post a notice or notices of such vacancy, as prescribed by the administrator, and shall establish a register for the position.  The appointment shall be made in accordance with paragraph 2 of this Rule.

(3)        Application.

Said local director shall receive applications from, and make provision for the registration of, applicants for positions in the labor service in his city or town in the manner provided by the civil service law and these rules and as may be further required by the administrator.

(4)        Requisition.

Appointing authorities in each such city or town shall make requisition to fill positions in the municipal labor service to the local labor service director, according to the civil service law and these rules and in such manner as may be prescribed by the administrator.

(5)        Certification.

Each such local director shall, upon receipt of a requisition, certify to the appointing authority the names of persons eligible for original appointment as provided by the civil service law and these rules.  Each appointing authority shall select persons for original appointment from among such names in the manner provided by such law and rules.

(6)    <u>Record-Keeping</u>.

Each such local director shall maintain rosters of labor service employees, by class, for each departmental unit in his city or town in the manner specified by M.G.L. c. 31, §71 and PAR.19 (2)(c).

All registers, requisitions, certifications and reports thereon, records of appointment, or copies thereof, and rosters shall be readily available for public inspection at the city or town hall or offices during regular business hours.  Notice shall be posted at the location where such documents are made available advising applicants of their right to appeal to the administrator and, if they continue to be aggrieved, to the civil service commission with respect to any alleged irregularities.

(7)    <u>Audit</u>.

The administrator shall perform a random audit of applications, registers, requisitions, promotional bulletins, certifications and reports thereon, original and promotional appointments and rosters which are under the direction of the local labor service director.

## PAR.21 DELEGATION OF LABOR SERVICE FUNCTIONS TO STATE AGENCIES

The administrator may, to the extent he deems practicable, delegate labor service functions to those state agencies in which labor service positions are subject to the provisions of the civil service law.  Such delegation will be made in accordance with a written delegation agreement between the administrator and the state agency.

## PAR.22 DELEGATION OF OFFICIAL SERVICE FUNCTIONS

The administrator may, to the extent he deems practicable, delegate official service functions to municipalities and state agencies in which official service positions are subject to the civil service law.  Such delegation will be made in accordance with a written delegation agreement between the administrator and the municipality or state agency.

## PAR.23 SMOKING PROHIBITION RULE  (Effective October 6, 1988)

This Rule is promulgated pursuant to sections 5, 6, 11, 117, 120 and 123 of chapter 697 of the Acts of 1987 which amend section 9A of chapter 22 of the General Laws, section 2 of chapter 27 of the General Laws, section 64 of chapter 31 of the General Laws, section 101A of chapter 41 of the General Laws, section 29 of chapter 90 of the General Laws and section 3A of chapter 465 of the acts of 1956.

23.1 Definitions as used in this Rule:

"appointment"

      a.  for positions subject to chapter 31 of the General Laws, means any appointment whether provisional, temporary or permanent, full-time, part-time, intermittent or reserve, to a covered position from an eligible list established as the result of a civil service examination administered after January 1, 1988.

      b.  for positions not subject to chapter 31 of the General Laws, means any appointment whether provisional, temporary or permanent, full-time, part-time, intermittent or reserve, to a covered position after January 1, 1988.

"covered position" means the following appointive titles:

      police officer -- Division of State Police
      police officer -- Metropolitan District Commission
      police officer -- Massachusetts Bay Transportation Authority
      police officer -- Capitol Police Force
      police officer -- municipal
      firefighter -- municipal
      inspector -- Registry of Motor Vehicles
      crash crewman -- Logan Airport
      crash boatman -- Logan Airport
      fire controlman -- Logan Airport
      assistant fire controlman -- Logan Airport
      correction maintenance worker I, II, III -- Department of Correction
      correction maintenance specialist -- Department of Correction
      industrial instructor I, II -- Department of Correction
      recreation officer, correction institution I, II, -- Department of Correction
      correction officer I, Department of Correction
      prison camp officer I, Department of Correction
      correction medical assistant -- Department of Correction
      police chief -- when filled as an original appointment
      fire chief -- when filled as an original appointment

Positions filled on a promotional basis are not covered positions if the person promoted received an original appointment to a covered position prior to January 1, 1988, or in the case of positions covered by Chapter 31, if the person promoted received an original appointment to a covered position from an eligible list established as the result of a civil service examination administered prior to January 1, 1988.

"smokes any tobacco product" means the inhaling, exhaling, or burning of any lighted cigarette, cigar, pipe or other product containing tobacco.

23.2  No person appointed to a covered position shall, subsequent to appointment, smoke any tobacco product at any time during his or her employment in any position covered by section 94 of chapter 32 of the General Laws.  This prohibition includes all time off the job as well as all time on the job.

23.3  No person shall be bypassed or denied an appointment to a covered position because he or she smokes tobacco products prior to appointment or has a history of smoking tobacco products.

23.4  The Personnel Administrator shall notify all applicants for examinations to covered positions subject to chapter 31 of the smoking prohibition.  Appointing authorities shall notify all candidates for covered positions of the smoking prohibition.

23.5  Appointing authorities have the responsibility to enforce the prohibition against smoking tobacco products.  Any employee subject to the prohibition who is found, after a hearing pursuant to PAR 23.6 below, to have smoked any tobacco product subsequent to appointment shall be terminated.

23.6  Before an employee is terminated pursuant to this Rule, such employee shall be given a written notice by the appointing authority which shall include the contemplated termination and the specific reason or reasons for the termination, and shall be given a full hearing concerning such reason or reasons before the appointing authority or a hearing officer designated by the appointing authority.  The appointing authority shall provide such employee a written notice of the time and place of such hearing at least three days prior to the hearing date.  If such hearing is conducted by a hearing officer, his or her findings shall be reported forthwith to the appointing authority for action.  Within seven days after the filing of the report of the hearing officer, or within two days after completion of the hearing if the appointing authority presided, the appointing authority shall give to such employee a written notice of his or her decision which shall state fully and specifically the reasons therefore.  Notwithstanding the foregoing an employee also has any rights to hearing or appeals procedures to which he or she may be entitled under chapter 31 or a collective bargaining agreement.  If, after a hearing under this rule, or pursuant to chapter 31, or a collective bargaining agreement, a finding is made that an employee did smoke a tobacco product subsequent to appointment to a covered position, termination from that position or any subsequent promotional position is mandatory.

## PAR.24  APPEALS TO THE CIVIL SERVICE COMMISSION

(1)  Appeals may be filed with the commission in accordance with any grant of jurisdiction under the General Laws or special act, as outlined in PAR.02(11).

    (a)  Appeals under M.G.L. c. 31, §2(b) must meet the following criteria:

        (i) the appellant must make specific allegations in writing that the administrator acted, failed to act, or rendered a decision which was in

violation of M.G.L. c. 31, these rules, or basic merit principles as defined in M.G.L. c. 31, §1;

(ii) the appellant must, by said allegations, clearly show that a right or rights under M.G.L. c.31 was or were clearly abridged, denied, or prejudiced due to the aforesaid action, failure to act, or decision in such a manner as to cause actual harm to the appellant's employment status; said allegations must make specific reference to the provision of law, rule, or basic merit principle which was violated;

(iii) a copy of the appeal notice must be filed with the administrator within three days of the filing of the appeal notice with the commission.

(b) Appeals under M.G.L. c. 31, §24 must meet the following criteria:

(i) the appeal must relate to the marking of the appellant's answers to essay questions, a finding that the appellant did not meet entrance requirements for the examination, or that the examination was not a fair test of the applicant's fitness to actually perform the primary or dominant duties of the position tested for;

(ii) the appeal must be filed within seventeen days of the mailing of the administrator's decision to the applicant.

(c) Appeals under M.G.L. c. 30, §49, relating to classification, shall be heard on a de novo basis.

(2) These rules are not intended to limit the authority of the jurisdiction of the Civil Service Commission to promulgate rules governing practice and procedure before it.