# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals, <br> Plaintiffs, <br><br> v. <br><br> CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts, <br> Defendants, <br><br> BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP, <br> Interveners | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <u>05-10213-PBS</u> <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

_____)

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. Pro. 15(a), the plaintiffs move for leave to file an amended complaint to remove counts based on state law and to clarify the count concerning the <u>Beecher</u> decree. In support of this motion, plaintiff states as follows:

1.      Plaintiffs file this amended complaint pursuant to an agreement among the parties reached in open court during the most recent hearing in this matter.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY,
KEITH RIDLEY, and JARED THOMAS,
individually and on behalf of a class of
similarly situated individuals,

Dated:  June 28, 2005

_s/Alfred Gordon_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Alfred Gordon, BBO #630456
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document and attached
amended complaint was served on the attorneys of record for each party by
facsimile and first class mail on June 28, 2005.

_s/Alfred Gordon_____
Alfred Gordon

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
JACOB BRADLEY, NOAH BRADLEY, KEITH                  )
RIDLEY, and JARED THOMAS,                           )
individually and on behalf of a class of            )
similarly situated individuals,                     )
                        Plaintiffs,                  )
                                                    )
v.                                                  )   Civil Action No. 05-10213-PBS
                                                    )
CITY OF LYNN; EDWARD J. CLANCY, JR.,                )
in his capacity as Mayor of the City of Lynn;       )
the COMMONWEALTH OF MASSACHUSETTS,                  )
DIVISION OF HUMAN RESOURCES; and                    )
RUTH BRAMSON, in her capacity as Personnel          )
Administrator of the Division of Human Resources    )
of the Commonwealth of Massachusetts,               )
                        Defendants.                  )
_____)


**FIRST AMENDED COMPLAINT, PRELIMINARY AND**
**PERMANENT INJUNCTIVE RELIEF REQUESTED**

I.    <u>INTRODUCTION</u>.

        1.    This is an action brought under state and federal law, challenging the

entry-level examinations for the position of firefighter and/or police officer in the City of

Lynn conducted by the Commonwealth of Massachusetts.  As set forth below, the

defendants' conduct in hiring candidates from these examinations, based upon a rank

ordering system which utilizes scores as the primary criteria, results in a significantly

disparate impact upon minority candidates, and cannot be demonstrated to be required

by business necessity under state or federal law.  Hence, the exams as utilized are

unlawful.  The plaintiffs, and the class they represent, seek preliminary and permanent

injunctive relief barring the use of the entrance level firefighter and police officer

examinations in the City of Lynn, to the extent such examinations are utilized to select candidates based upon a rank ordering system.

II.    JURISDICTION.

2.    The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  This case arises under the laws of the United States of America.

III.    PARTIES.

3.    Plaintiffs Jacob Bradley, Noah Bradley, Keith Ridley, and Jared Thomas are adult residents of the City of Lynn, Massachusetts.  They are African American and they each have all of the qualifications to be a Lynn firefighter.  In addition, Plaintiffs Noah Bradley and Keith Ridley have all of the qualifications to be a Lynn police officer.

4.    The plaintiffs bring this action on behalf of themselves and a group of minority candidates similarly situated.  That group of candidates, similarly situated, are minority individuals who meet the basic eligibility requirements to be a firefighter and/or police officer, have taken the entrance-level firefighter and/or police officer examinations administered by the Commonwealth, and who have not been selected based on their scores on the examinations.  The class meets all of the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5.    The defendant City of Lynn is a duly incorporated municipality of the Commonwealth of Massachusetts.  The City maintains a fire department and a police department.

6.      The defendant Edward J. Clancy, Jr. is the Mayor of the City of Lynn, Massachusetts, and has the overall responsibility for the administrative functions for the City of Lynn, including the Lynn Fire Department and the Lynn Police Department.

7.      The defendant Commonwealth of Massachusetts, maintains an agency, the Human Resources Division, which has overall responsibility for establishing entrance-level firefighter and police examinations for Massachusetts' municipalities that are subject to the civil service law, M.G.L. ch. 31, and establishing lists for entry-level hiring based thereon.

8.      The defendant Ruth Bramson is the Administrator of the Human Resources Division, and in that capacity is responsible for the overall conduct of the affairs of the Human Resources Division.


IV.     <u>FACTS</u>.

        A.      <u>Hiring For The Lynn Fire Department and Lynn Police Department</u>.

9.      At all times relevant hereto, the City of Lynn has been subject to the civil service law, M.G.L. ch.31.  Pursuant to the civil service law, entry-level hiring for all firefighters and police officers in the City of Lynn is conducted through an examination and ranking process conducted by the defendant Human Resources Division of the Commonwealth of Massachusetts.

10.     Pursuant to such system, candidates for the position of firefighter and/or police officer, who meet certain minimum qualifications, including residency within the City of Lynn, apply for and take a written examination established by the Human Resources Division, and their scores on such examinations are recorded.  Based upon

3

their scores on such written examinations, candidates are then rank ordered on said

civil service lists for firefighter and for police officer in the City of Lynn based upon such

written scores.  Certain categories of candidates, such as candidates who are veterans

or who are the children of police or firefighters who died in the line of duty, are given an

absolute preference over all other candidates, and these individuals are rank ordered on

the civil service list within their categories based upon their scores on the written

examination.

11.    When vacancies are to be filled in the Lynn Fire Department and Lynn

Police Department, the City of Lynn considers candidates in rank order based

exclusively upon their scores on the civil service entrance examinations.  Candidates

must then go on to complete a physical agility test, background investigation, and

medical exam.

12.    From at least 1998 until May 2005, after this matter was instituted, the City

of Lynn had not requested from the Human Resources Division any requests for special

certification lists under PAR.10 of the Commonwealth's Personnel Administration Rules

for hiring entry-level police officers or firefighters.

B.    The Examinations Utilized By Defendant Division of Human Resources
      Have An Overwhelming Disparate Impact On Minority Candidates.

13.    Generally, the Human Resources Division ("HRD") administers entry-level

firefighter and police officer examinations for towns and cities in the Commonwealth of

Massachusetts covered by the civil service law, every two years.  The Commonwealth,

HRD, keeps records on the scores received by Caucasian and minority candidates.

Over the course of the last several entrance level examinations administered by HRD,

the Commonwealth has used a cutoff score of 70, meaning that any score below 70

constitutes a failure prohibiting the individual from being considered in the hiring process.

14.    Both in the City of Lynn and elsewhere in the Commonwealth of Massachusetts, the HRD entry-level firefighter and police officer examinations have a significant disparate impact on minority candidates, in that, statistically, minority candidates fare far worse on the examinations than do Caucasian candidates.  The impact is so significant, that in many communities, few, if any, minorities get hired based upon a rank ordering of their scores on the civil service examination.

C.    <u>Facts Relating To Plaintiffs</u>.

15.    At various times set forth below, the Plaintiffs, all of whom are African-American, took the entrance level examination administered by HRD for the position of firefighter in the City of Lynn.  Each plaintiff was well qualified for such position and had a lifelong goal to become a firefighter in the City of Lynn.  Plaintiffs Jacob Bradley and Noah Bradley are the sons of a Lynn firefighter, and plaintiff Keith Ridley is the nephew of a Lynn firefighter and a Peabody firefighter.

16.    Plaintiff Keith Ridley took the entrance level firefighter examinations in October 1998 and April 2000.  Mr. Ridley received a score of 97 on the 1998 examination and a score of 89 on the 2000 exam — scores demonstrating he is qualified to be a Lynn firefighter.  However, Mr. Ridley was not reached for consideration to be hired as a City of Lynn firefighter during the years that those exam scores were valid based solely on his exam scores.

17.    In April 2002, Plaintiffs Jacob Bradley and Noah Bradley took the entrance level firefighter examination.  Jacob Bradley received a score of approximately 94 on

5

the 2002 civil service examination, a score which demonstrates that he is fully qualified for the position of firefighter. Plaintiff Noah Bradley received a score of 84, a score demonstrating he is qualified to be a Lynn firefighter.

18.     In or about November of 2002, HRD created a "Civil Service" rank ordered list resulting from the April 2002 examination. That list remained in effect through at October 31, 2004. Approximately 13 firefighters were hired from that list. None of the firefighters hired were minorities, and plaintiffs Jacob Bradley and Noah Bradley were not reached for consideration based solely on their civil service scores. The last hiring from that list occurred in or about November of 2004.

19.     Each plaintiff has taken either the April or October 2004 HRD civil service examination for the position of firefighter in the City of Lynn. Plaintiff Jacob Bradley received a score of 94; plaintiff Noah Bradley received a score under 70; plaintiff Keith Ridley received a score of 90; and plaintiff Jared Thomas received a score of 92.

20.     On information and belief, the City of Lynn will be hiring approximately 16 firefighters in 2005, based upon candidates' ranking on the civil service examination. Should the City of Lynn hire from a rank ordered list created by the HRD based on exam score, which has been the City's practice, none of the plaintiffs will be reached for consideration due to their scores on the civil service examination.

21.     In or about October 2003, Plaintiffs Keith Ridley and Noah Bradley took the entrance level examination administered by HRD for the position of police officer. Plaintiff Keith Ridley received a score of 94, and Plaintiff Noah Bradley received a score of 89.

22.    On information and belief, the City of Lynn will be hiring a number of police officers in 2005 based upon candidates' ranking on the civil service examination. Should the City of Lynn hire from a rank ordered list created by the HRD based on exam score, which has been the City's practice, neither of these plaintiffs is likely to be reached for consideration due to their scores on the civil service examination.

D.    The City Of Lynn's History Of Hiring Minority Firefighters and Police Officers.

23.    From 1974 until in or about January 1986, the City of Lynn was subject to a consent decree entered in the case of Boston Chapter, NAACP, Inc. v. Beecher, et al, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F) (the Beecher decree), requiring the City of Lynn and other cities in Massachusetts to hire minority firefighters in a ratio of one minority for every three Caucasians hired.  The City of Lynn was subject to such consent decree by reason of a finding by the Federal District Court that the entry-level firefighter written civil service examination utilized by the Commonwealth of Massachusetts had a disparate impact on minorities and was not validly determined to be job-related.

24.    Paragraph 5 of the original decree entered by the Court in Boston Chapter, NAACP, Inc. v. Beecher, 371 F. Supp. at 521, requires the Commonwealth to ensure that any future firefighter examinations be job-related and validated in accordance with guidelines issued by the Equal Employment Opportunity Commission. The decree is still in effect as there are still ten (10) communities governed by the decree.  However, the examinations continue to have a disparate impact on minority applicants and cannot be shown to satisfy the terms of the Beecher decree.

25.     In or about January 1986, the City of Lynn petitioned the defendant Human Resources Division for permission to be relieved of complying with the <u>Beecher</u> decree, and defendant HRD granted this request.

26.     Since that time, the City of Lynn has hired firefighters based strictly upon civil service score and the statutory preferences described above.  Over the course of the last ten years, of the some forty (40) or more firefighters hired in the City of Lynn (other than paramedics), fewer than eight (8) have been minorities.  Of the 179 firefighters currently employed by the City of Lynn, only fifteen (15) are minorities.

27.     From approximately 1974 until the mid-1980s, the City of Lynn was subject to a consent decree entered in the case of <u>Castro v. Beecher</u>, 365 F. Supp. 655 (D. Mass. 1973) (Civ. Act. No.70-1220) (the <u>Castro</u> decree), requiring the City of Lynn and other cities in Massachusetts to hire minority police officers in a ratio of one minority for every three Caucasians hired.  The City of Lynn was subject to such consent decree by reason of a finding by the Federal District Court that the entry-level police officer written civil service examination utilized by the Commonwealth of Massachusetts had a disparate impact on minorities and was not validly determined to be job-related.

28.  Paragraph 3 of the original decree entered by the Court in <u>Castro v. Beecher</u>, 365 F. Supp. at 662, requires the Commonwealth to ensure that any future police officer examinations be job-related and validated in accordance with guidelines issued by the Equal Employment Opportunity Commission.  The decree is still in effect as there are still eleven (11) communities governed by the decree.  However, the examinations continue to have a disparate impact on minority applicants and cannot be shown to satisfy the terms of the <u>Castro</u> decree.

29.    In approximately the mid-1980s, the City of Lynn petitioned the defendant Human Resources Division for permission to be relieved of complying with the <u>Castro</u> decree, and defendant HRD granted this request.

30.    Since that time, the City of Lynn has hired police officers based strictly upon civil service score and the statutory preferences described above.  Using this system, since 1998, the City of Lynn has hired approximately thirty-eight (38) police officers, only five (5) of whom have been minorities.  Of the approximately 189 sworn officers currently employed by City of Lynn, only twenty-five (25) are minorities.

31.    Currently, approximately 40% of the population of the City of Lynn is minority.

32.    The use of the HRD written examinations for the entry-level positions of firefighter and police officer, including the use of examination scores as a rank ordering system, has resulted in a significant disparate impact adversely affecting minority candidates for the position of firefighter and police officer in the City of Lynn.

33.    The HRD examinations, particularly when utilized as a rank ordering system (as opposed to a pass/fail qualifying examination), have a significant disparate impact on minority candidates generally, and cannot be shown to be a valid business necessity under the standards developed by federal EEOC and state MCAD law.

34.    Without the grant of preliminary injunctive relief, the City of Lynn will continue to hire entry-level police officers and firefighters based upon civil service level examinations that are unlawful.

E.    <u>Exhaustion of Administrative Remedies</u>

35.     Pursuant to state and federal requirements, Plaintiffs filed discrimination claims at the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").  Plaintiffs have received their right to sue letters from both agencies[1]


COUNT I

(Title VII of the Civil Rights Act of 1964)

The actions of the defendants as set forth above constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).


COUNT II

(Equal Protection)

The conduct of the City defendants as set forth above constitutes a violation of the equal protection clause of Fourteenth Amendment to the United States Constitution.


COUNT III

(42 U.S.C. §1981)

The actions of the City defendants as set forth above constitute a violation of 42 U.S.C. §1981.

---

[1]     Plaintiff Noah Bradley has received his right to sue letters on the issue of firefighter hiring but has not yet received his letters on the issue of police officer hiring.  Plaintiff Keith Ridley has received his right to sue letters on both issues.

COUNT IV

(Enforcement and/or Clarification of Consent Decrees)

The actions of the defendants as set forth above violate the consent decrees issued in the cases of Boston Chapter, NAACP, Inc. v. Beecher, et al, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F) and Castro v. Beecher, 365 F. Supp. 655 (D. Mass 1973) (Civ. A. No. 70-1220).

WHEREFORE, the plaintiffs pray this Court to grant them preliminary and permanent injunctive relief (1) holding that the examination system used by the defendants is unlawful; (2) ordering that the plaintiffs and appropriate class members be hired as firefighters or police officers for the City of Lynn, Massachusetts, with retroactive back pay, seniority, and other damages to which they are entitled; (3) ordering that the defendants be required to devise a hiring system that does not have disparate impact on minorities; and (4) granting other further and appropriate relief to the plaintiffs and the class they represent.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,

Dated:  June __28__, 2005             ___s/Alfred Gordon_____
                                       Harold L. Lichten, BBO #549689
                                       Shannon Liss-Riordan, BBO# 640716
                                       Alfred Gordon, BBO #630456
                                       Pyle, Rome, Lichten, Ehrenberg &
                                            Liss-Riordan, P.C.
                                       18 Tremont St., Ste. 500
                                       Boston, MA 02108
                                       (617) 367-7200