UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACOB BRADLEY, *et al.*,
                Plaintiffs,

v.

CITY OF LYNN, *et al.*,
                Defendants.

CIVIL ACTION
NO. 05-10213-PBS

**ANSWER OF THE STATE DEFENDANTS TO THE FIRST AMENDED COMPLAINT**

The defendants Commonwealth of Massachusetts, Human Resources Division ("HRD") and Ruth Bramson, in her capacity as Personnel Administrator of the Human Resources Division ("Personnel Administrator") (together, "State defendants") answer the plaintiffs' First Amended Complaint ("Amended Complaint") as follows:

**I.**    **INTRODUCTION**

      1.    The Complaint's introduction is a summary of the plaintiffs' claims and legal analysis, requiring neither admission nor denial. If the Introduction is deemed to include factual allegations requiring a response, the State defendants deny the allegations stated therein. Further answering, the State defendants deny unlawfully discriminating against the plaintiffs and deny that the entry-level firefighter and police officer examinations as utilized are unlawful.

**II.**    **JURISDICTION**

      2.    Paragraph 2 contains a statement of law to which no response is necessary.

### III. PARTIES

3. On information and belief, the State defendants admit that plaintiffs are African-American, and that they are Lynn residents. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 3.

4. Paragraph 4 contains a statement of law to which no response is necessary.

5. The State defendants admit the allegations contained in paragraph 5.

6. The State defendants admit that Edward J. Clancy, Jr. is the Mayor of the City of Lynn. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 6.

7. The State defendants admit the allegations contained in paragraph 7.

8. The State defendants admit the allegations contained in paragraph 8.

### IV. FACTS

9. The State defendants admit the allegations contained in paragraph 9.

10. The State defendants deny that the ranking system described in paragraph 10 is the only method permitted by state law for the certification and ranking of firefighter candidates. The State defendants admit the other allegations contained in paragraph 10.

11. The State defendants deny that firefighter candidates must under state law be considered Ain rank order based exclusively upon their scores on the civil service entrance examinations.@ The State defendants lack sufficient information to form a belief as to the truth of the allegation that the City of Lynn considers firefighter candidates Abased exclusively upon their scores on the ... examinations.@ The State defendants admit that firefighter candidates who are chosen from a civil

service list must then complete a physical ability test, background investigation, and medical exam. The State defendants deny that the physical ability test is called a physical "agility" test as alleged in paragraph 11.

12. The State defendants admit the allegations contained in paragraph 12.

13. The State defendants admit the allegations contained in paragraph 13.

14. The State defendants deny the allegations contained in paragraph 14.

15. The State defendants admit that on October 17, 1998, and on April 29, 2000, and on April 24, 2004, plaintiff Keith Ridley took the entrance level firefighter examination; and admit that on April 27, 2002, and April 24, 2004, plaintiff Jacob Bradley took such examination; and admit that on April 27, 2002, and on October 16, 2004, plaintiff Noah Bradley took such examination. The State defendants further state that these plaintiffs self-identified as Black when applying for and taking their examinations. The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 15.

16. The State defendants admit that plaintiff Keith Ridley received a score of 97 on the October 17, 1998, entry-level firefighter examination and a score of 89 on the April 29, 2000, entry-level firefighter examination; and further state that he did not take the 2002 entry-level firefighter examination. The State defendants deny that the scores obtained by this plaintiff demonstrate that he is "qualified for" the position of firefighter.

17. The State defendants admit that, on the April 27, 2002, entry-level firefighter examination, plaintiff Jacob Bradley received a score of 94, and plaintiff Noah Bradley received a score of 84. The State defendants deny that the scores obtained by these plaintiffs demonstrate that they are

3

Afully qualified for@ or Aqualified for@ the position of firefighter.

18.     The State defendants admit that in November, 2002, the State defendants established a civil service rank-ordered list based on the results of the 2002 entry-level firefighter examination and that such list remained in effect through and including October 31, 2004.  The State defendants admit that the City of Lynn hired seven entry-level firefighters and six entry-level firefighter/paramedics from that list.  The State defendants admit that none of the 13 firefighters so hired was African-American or Hispanic.  The State defendants admit that Jacob Bradley and Noah Bradley were on that list and were not reached for consideration for hiring by the City of Lynn.  The State defendants admit that HRD received notice of the City of Lynn=s last conditional offers of employment from that list on October 26, 2004, and that the City of Lynn=s last hiring from that list was effective November 29, 2004.  The State defendants deny the other allegations contained in paragraph 18.

19.     The State defendants admit that plaintiffs Jacob Bradley, Keith Ridley, and Jared Thomas took the examination in April, 2004, and that plaintiff Noah Bradley took the examination in October, 2004.  The State defendants admit the allegations contained in the second sentence of paragraph 19.

20.     The State defendants admit that, if the City of Lynn hires firefighters based on the results of the 2004 entry-level firefighter examination, plaintiff Noah Bradley will not be considered because he scored less than 70 on the 2004 examination.  The State defendants lack sufficient information to form a belief as to the truth of the other allegations contained in paragraph 20.

21.     The State defendants deny the allegation that plaintiffs Keith Ridley and Noah Bradley

4

took the entrance level police officer examination in October 2003. Further answering, the State defendants admit that said plaintiffs took said examination in April 2003, and admit the other allegations contained in paragraph 21.

22. The State defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. As to the allegations contained in the first sentence of paragraph 23, the State defendants admit only that the City of Lynn was formerly subject to the so-called <u>Beecher</u> consent decree and currently is not subject to that decree, and deny the allegation which purports to characterize what was required by the consent decree. The second sentence of paragraph 23 is a summary of the case of <u>Boston Chapter, NAACP, Inc. v. Beecher, et al.</u>, 371 F. Supp. 507 (D. Mass. 1074) and related cases and requires no response as the cases speak for themselves.

24. The first sentence of paragraph 24 purports to characterize the provisions of the <u>Beecher</u> decree and does not require a response because the decree speaks for itself. The remaining allegations of paragraph 24 are denied.

25. The State defendants admit that the City of Lynn petitioned HRD to be released from the hiring protocol of the so-called <u>Beecher</u> decree and that Lynn was released. The State defendants deny that HRD could or did on its own Agrant[]@ this request. The State defendants lack sufficient information at this time to form a belief as to the truth of the allegation that the City of Lynn petitioned for release and was released in or about January, 1986.

26. The State defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 26.

27.     As to the allegations contained in the first sentence of paragraph 27, the State defendants admit only that the City of Lynn was formerly subject to the so-called <u>Castro</u> consent decree and currently is not subject to that decree, and deny the allegation which purports to characterize what was required by the consent decree.  The second sentence of paragraph 27 is a summary of the case of <u>Castro v. Beecher, et al.</u>, 365 F. Supp. 655 (D. Mass. 1973) and related cases, and requires no response as the cases speak for themselves.

28.     The first sentence of paragraph 28 purports to characterize the provisions of the <u>Castro</u> decree and does not require a response because the decree speaks for itself. The remaining allegations of paragraph 28 are denied.

29.     The State defendants admit that the City of Lynn petitioned HRD to be released from the hiring protocol of the so-called <u>Castro</u> decree and that Lynn was released.  The State defendants deny that HRD could or did on its own Agrant[]@ this request.  The State defendants lack sufficient information to form a belief as to the truth of the allegation that the City of Lynn petitioned for release and was released in the mid-1980s.

30.     The State defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 30.

31.     The State defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 31.

32.     The State defendants deny the allegations contained in paragraph 32.

33.     The State defendants deny the allegations contained in paragraph 33.

34.     The State defendants deny the allegations contained in paragraph 34.

35. The State defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 35.

## COUNT I

The State defendants deny the allegations contained in Count I.

## COUNT II

Count II does not require an answer by the State defendants

## COUNT III

Count III does not require an answer by the State defendants

## COUNT IV

The State defendants deny the allegations contained in Count IV.

## JURY DEMAND

The State defendants demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiffs= Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs= claims are barred by the applicable statute of limitations and/or by the doctrine of laches and/or by waiver.

### Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their Amended Complaint fails

to state a case or controversy sufficiently real to give this Court jurisdiction to hear the Amended Complaint.

### Fourth Affirmative Defense

The State defendants at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws, court orders, and circumstances.

### Fifth Affirmative Defense

The testing and ranking process under challenge in this case is and was in full compliance with the applicable provisions of state and federal law, applicable court orders, and the requirements of the United States Constitution.

### Sixth Affirmative Defense

The actions taken by the State defendants in this matter were motivated by legitimate, nondiscriminatory concerns and therefore the plaintiffs= claims should be dismissed.

### Seventh Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted under Title VII.  The entry-level firefighter examination, its administration and the State defendants= actions upon the testing results are not designed, intended or used to discriminate because of race, color, religion, sex, or national origin.  Such examination as utilized does not cause a disparate impact on the basis of race, color, religion, sex, or national origin.  Such examination as utilized is job related for the position in question and consistent with business necessity.

### Eighth Affirmative Defense

Plaintiffs fail to state a claim for relief under Title VII in that the plaintiffs and the State

defendants are not in an employment relationship.

### Ninth Affirmative Defense

No legitimate expectations of the plaintiffs were frustrated or encumbered by the State defendants= actions, as plaintiffs would not have been reached even had the State defendants not performed any of the actions challenged herein.

### Tenth Affirmative Defense

The Amended Complaint against the Commonwealth of Massachusetts, Human Resources Division (AHRD@) is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity.

### Eleventh Affirmative Defense

The plaintiffs= demand for damages fails against the State defendants, which have not waived their right to assert their Eleventh Amendment and/or common law sovereign immunity.

### Twelfth Affirmative Defense

The Personnel Administrator is protected from liability by the doctrines of sovereign and qualified immunity.

### Thirteenth Affirmative Defense

Any violations of the plaintiffs= civil rights or other alleged rights enumerated in the Amended Complaint were caused by the actions or inaction of third parties.

### Fourteenth Affirmative Defense

This action is barred because the plaintiffs have failed to exhaust their administrative remedies.

### Fifteenth Affirmative Defense

The claims of the plaintiffs Keith Ridley and Noah Bradley relative to the future hiring of police officers by the City of Lynn is speculative and lacks ripeness, with the result that it fails to state a claim upon which relief may be granted at this time.

### Sixteenth Affirmative Defense

The State defendants expressly reserve the right to amend this Answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

**WHEREFORE**, the State defendants request that this Court: (1) dismiss the plaintiffs= action and deny their prayers for relief with prejudice; (2) award costs and attorneys= fees to the defendants; and (3) order such other relief as this Court deems just and proper.

COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION and RUTH BRAMSON, in her capacity as Personnel Administrator of the Human Resources Division,

By their attorney,

THOMAS F. REILLY, ATTORNEY GENERAL

/s/ Ronald F. Kehoe
Ronald F. Kehoe, BBO # 264260
Assistant Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200, ext. 3221
Ronald.kehoe@ago.state.ma.us

Dated: July 19, 2005

**Certificate of Service**

I hereby certify that on July 19, 2005, I served this answer on counsel for all other parties by filing it electronically and by mailing it by first-class U.S. mail, postage prepaid.

/s/ Ronald F. Kehoe