

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

August 30, 2005

The Honorable Patti B. Saris
United States District Court
 for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

RE:   C.A. No. 05-10213-PBS
      Jacob Bradley, et al. v. City of Lynn, et al

Dear Judge Saris:

The plaintiffs submitted a letter brief dated August 4, 2005, arguing that the law of the case doctrine bars the Commonwealth from claiming that it is not liable under Count I of the amended complaint as an "employer" under Title VII. The Commonwealth disputes plaintiffs' assertions and hereby requests permission to submit this letter brief in response.

The plaintiffs' letter states that "it is clear that the Commonwealth was held liable [in Beecher] under Title VII in the case brought by the United States government and that the First Circuit affirmed that ruling." (Pls.' Aug. 4, 2005, Letter at 2, ¶2). Based on this premise, plaintiffs conclude that, under the law of the case doctrine, "the Commonwealth cannot now argue that it is not liable in this case under Title VII." (Id.)  Plaintiffs' reliance on the law of the case doctrine fails for at least three reasons.

First, it is well established that law of the case applies only to issues that have been "actually decided" in prior stages of litigation.  E.g., Dedham Water Co., Inc. v. Cumberland Farms Diary, Inc., 972 F.2d 453, 463 (1st Cir. 1992) ("Because the factual issue to which appellant gestures was merely discussed, not decided, in the earlier appeal, the district court was not bound to accept the proposition."); Davis v. Dawson, Inc., 15 F.Supp.2d 64, 117 (D. Mass. 1998) (Saris, D.J.) ("the law of the case doctrine does not apply where, as here, the issue was not decided, explicitly or implicitly"); see generally 18B Charles A. Wright et al., Federal Practice & Procedure § 4478 (2002) ("Actual decision of an issue is required to establish the law of the case. . . . As compared to claim preclusion, it is not enough that the matter could have been decided in earlier proceedings.").

The courts in Beecher did not address anywhere, let alone decide, whether the Human

The Honorable Patti B. Saris
<u>Bradley v. City of Lynn</u>, No. 05-10213
August 30, 2005
Page 2

Resources Division is (or its predecessor was) an "employer" within the meaning of Title VII. For that reason alone, the law of the case doctrine does not preclude the Commonwealth from raising that issue now, as a defense to Count I.

<u>Second</u>, it is well established that law of the case principles govern only within a single action. E.g., <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues <u>in subsequent stages in the same case</u>.") (emphasis added); <u>see generally</u> Charles A. Wright, <u>supra</u>, § 4478 ("Law-of-the-case rules . . . do not apply between separate actions."). This case is not a continuation of the long-ago <u>Beecher</u> litigation. Rather, the plaintiffs have brought a fresh Title VII claim in Count I of their amended complaint, based on new facts with different plaintiffs and under new circumstances. The law of the case doctrine is therefore inapplicable.

<u>Third</u>, even if law of the case did apply, it would not "serve as an absolute bar to reconsideration, nor a limitation on a federal court's power." <u>CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co.</u>, 46 F.3d 1211, 1215 (1st Cir. 1995). Rather, the court "may, as an exception to the law of the case doctrine, reexamine a previous ruling when controlling authority has since made a contrary decision of the law applicable to such issues." <u>Id.</u> (quotation marks omitted); <u>see also</u> Charles A. Wright, <u>supra</u>, § 4478 ("Perhaps the most obvious justifications for departing from the law of the case arises when there has been an intervening change of law outside the confines of the particular case.").

This is just such a case. As stated in the Commonwealth's memoranda in support of its motion to dismiss, the First Circuit and other circuits have held, subsequent to <u>Beecher</u>, that a state agency's exercise of licensing and regulatory powers is not sufficient to create an employer-employee relationship within the meaning of Title VII. See <u>Camacho v. Puerto Rico Ports Authority</u>, 369 F.3d 570 (2004). This intervening change in the case law gives the court the power to depart from any law of the case that might otherwise apply. See <u>CPC Int'l</u>, 46 F.3d at 1215.

Departure from law of the case is especially appropriate here because <u>Beecher</u> involved a consent judgment, which the First Circuit has made clear was "not meant to operate in perpetuity." <u>Quinn v. City of Boston</u>, 325 F.3d 18, 30 (1st Cir. 2003); <u>see also</u> <u>Rufo v. Inmates of Suffolk County Jail</u>, 502 U.S. 367, 388 (1992) ("modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent").

In this connection, plaintiffs' letter denies that the law has changed and cites six cases, which, it claims, imposed Title VII liability against "a governmental entity who provides a broad-based entry level exam or hiring criteria, but who is not the employer." (Pls.' Aug. 4, 2005, Letter at 2-3.) Five of those decisions do not, in fact, support plaintiffs' position:

The Honorable Patti B. Saris
Bradley v. City of Lynn, No. 05-10213
August 30, 2005
Page 3

- Baranek v. Kelly, 630 F.Supp. 1107 (D. Mass. 1986), did not involve entrance examinations or hiring criteria. Rather, the court found (at the pleadings stage) that the state agency could potentially be found to be an "employer" because it had "'the means and authority'" through a contractual arrangement to control the actual employer's discriminatory practices. Id. at 1113. There is no such contractual arrangement here.

- In United States v. City of Yonkers, 592 F.Supp. 570 (S.D.N.Y. 1984), the court found simply that triable issues of fact existed as to whether the state acted as an agent of the actual employers, given that the agency exerted "significant control" over them. Id. at 590-91. The court, however, did not actually decide the question on the merits. For the reasons stated in detail in the Commonwealth's memoranda and affidavits, HRD does not exercise significant control over the City of Lynn.

- Dumas v. Town of Mount Vernon, 612 F.2d 974 (5th Cir. 1980), held that a county personnel board was an "employment agency," which has been made expressly subject to Title VII. Id. at 980. The court did not address whether the board could be held liable as an "employer." See id. The plaintiffs in this case do not allege that HRD is an "employment agency."

- Guardians Association v. Civil Service Commission, 630 F.2d 79 (2d Cir. 1980),[1] and Scott v. City of Topeka Police & Fire Civil Service Commission, 739 F.Supp. 1434 (D. Kan. 1990), do not address the "employment relationship" question at all.

Thus, the only case that arguably supports plaintiffs' position is Association of Mexican-American Educators v. State of California, 231 F.3d 572 (9th Cir. 2000) ("AMAE"). That decision is distinguishable, both legally and factually. The legal distinction is that AMAE relied on an "interference" theory of liability. See id. at 581-83. The First Circuit has discredited "interference liability" as a viable exception to the general rule that state agencies exercising licensing or regulatory powers are not liable under Title VII. See Camacho, 369 F.3d at 574 n.3 (calling the existence of such an exception a "dubious assumption" and citing EEOC v. Illinois, 69 F.3d 167, 169 (7th Cir. 1995) (it is "very doubtful that laws which forbid employers to discriminate create a blanket liability to employees of *other* employers for interference with *their* employment relationships") (italics in original)).

AMAE is also materially different factually. There, the state had a "peculiar degree of

---

[1] Plaintiffs provide a faulty citation to "375 F.Supp. 1089, 1091-92 (2d Cir. 1980)." (Pls.' Aug. 4, 2005, Letter at 3.) The Commonwealth assumes that plaintiffs intended to refer to the same Second Circuit opinion that is cited in their opposition to the Commonwealth's motion to dismiss.

The Honorable Patti B. Saris
Bradley v. City of Lynn, No. 05-10213
August 30, 2005
Page 4

control" over the local school districts who were the actual employers. AMAE, 231 F.3d at 581. Among other things, the state controlled district organization, elections, and governance; educational programs; instructional materials; proficiency testing; budget; admisson standards; teacher credentialing and certification; and the pension system. Id. at 581-82. Here, in contrast, the Human Resources Division's involvement in firefighter hiring and work life is extremely limited, as elaborated in the Commonwealth's papers in support of dismissal. Notably, the Third, Fourth, Fifth, and Ninth Circuits have all held under similar circumstances that relief under Title VII is not available. George v. New Jersey Bd. of Veterinary Medical Examiners, 794 F.2d 113, 114-15 (3d Cir. 1986), aff'g 635 F. Supp. 953 (D.N.J. 1985); Woodard v. Virginia Bd. of Bar Examiners, 598 F.2d 1345, 1346 (4th Cir. 1979); Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017, 1019-20 (5th Cir. 1990); Haddock v. Board of Dental Examiners, 777 F.2d 462, 463-64 (9th Cir. 1985).[2]

For these reasons, the law of the case doctrine does not apply so as to prevent the Commonwealth from relying on Camacho and other recent case law, and Count I should be dismissed. If there is any viability to the plaintiffs' Beecher claim (Count IV), the case against HRD may go forward on that basis, standing alone.

Very truly yours,

Ronald F. Kehoe
Sookyoung Shin
Assistant Attorneys General
Government Bureau
(617) 727-2200, ext. 3221 (Kehoe)
                ext. 2052 (Shin)

cc:     Counsel of record

---

[2] In AMAE the Ninth Circuit distinguished Haddock on the grounds that, there, the plaintiff had not raised any claim of "interference" liability and had conceded that his only connection to the defendant Board of Dental Examiners was that the Board had given him an examination that he failed. See AMAE, 231 F.3d at 583.