UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
JACOB BRADLEY, NOAH BRADLEY, KEITH  )
RIDLEY, and JARED THOMAS,           )
individually and on behalf of a class of )
similarly situated individuals,     )
                 Plaintiffs,        )
                                    )
v.                                  )   Civil Action No. 05-10213-PBS
                                    )
CITY OF LYNN; EDWARD J. CLANCY, JR., )
in his capacity as Mayor of the City of Lynn; )
the COMMONWEALTH OF MASSACHUSETTS, )
DIVISION OF HUMAN RESOURCES; and    )
RUTH BRAMSON, in her capacity as Personnel )
Administrator of the Division of Human Resources )
of the Commonwealth of Massachusetts, )
                 Defendants.        )
_____)


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P 23(b)(2)**


I.    INTRODUCTION.

As this court is well aware, the plaintiffs in this action assert that the entry-level examination for police officer and fire fighter given by the defendant, Commonwealth of Massachusetts, (in those cities and towns covered by the civil service law), has an overwhelming disparate impact upon minority applicants, and cannot be shown to be valid under the criteria enumerated by Congress, the federal courts, and the EEOC. The plaintiffs also assert that in the City of Lynn the result

has been that no minority fire fighters have been hired in the City in the last seven (7) years (prior to the institution of this litigation).

The court has set an evidentiary hearing on plaintiffs' motion for an injunction with respect to the entry-level examination for fire fighter within the Commonwealth of Massachusetts. The plaintiffs' claim with respect to the police examination will be subject to further proceedings, but are not part of the evidentiary hearing scheduled for late November, and plaintiffs' claims against the City of Lynn are also not currently scheduled for trial.

Pursuant to Federal Rule of Civil Procedure, Rule 23, the plaintiffs now move for class certification. As set forth below, the plaintiffs request this court to certify two (2) distinct classes pursuant to Rule 23(b)(2). The first class consists of all minorities (black and Hispanic) who took the civil service examination for the position of fire fighter within the Commonwealth of Massachusetts in the years 2002 and 2004. The second class consists of all minority applicants for the position of police officer within the Commonwealth of Massachusetts who took the entry-level civil service examination for such position in the years 2003 and 2005.[1] As set forth below, the motion to certify these classes should be granted. At the very least, the court should immediately certify the first class consisting of all applicants for the position of fire fighter who have taken the entry-level examination. While the court is requested to act on the other request for class certification, that class is not subject to the same time pressure as is the first class.

---

[1] At a later date the plaintiffs may move for class certification for a sub-class of candidates who specifically sought positions in Lynn, Massachusetts, but such request is premature.

2

II.  **PLAINTIFFS' SATISFY THE REQUIREMENTS OF RULE 23(a).**

Federal Rule of Civil Procedure 23(a) requires as a prerequisite to class certification that (1) the class is so numerous that joinder of all members is impractical (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequate representation). See Rodrigues v. Members Mortgage Co., 226 F.R.D. 147, 150 (D. Mass. 2005); Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).

A.  Numerosity.

The first prerequisite requires "a showing that there is a class of persons which is so numerous that joinder of all members is impracticable." Guckenberger v. Boston University, 957 F.Supp. 306, 325 (D. Mass. 1997).

In the present case, it is clear that two of the classes that plaintiffs seek to certify run into the thousands. Data which plaintiffs have acquired through this litigation and through DeLeo v. City of Boston, Civil Action No. 03-12538-PBS (D. Mass. 2004), demonstrates that hundreds of minorities have taken the police and fire fighter examination from 2002 to the present. In addition, since the plaintiffs are seeking injunctive relief for future examinations, hundreds if not thousands more minorities would properly make up the class. For both the police and fire fighter claims, the class would consist not only of police officers and fire fighters which have taken the exam in 2002, 2003, 2004, and 2005, but would also include future

3

candidates who have an interest in having a non-discriminatory exam. Indeed, the number of minorities who took the 2002 fire exam are 1,713 (see HRD's Adverse Impact Analysis, annexed hereto as attachment 1). For the 2003 police officer examination, that number is 1,165 (see Police Officer Adverse Impact Analysis by HRD, annexed hereto as attachment 2).

Courts in this district have typically held that a "40-person class is generally found to establish numerosity." See McLaughlin v. Liberty Mutual Ins. Co., 224 F.R.D. 304, 307 (D. Mass. 2004); see also, McAdams v. Massachusetts Mut. Life Ins. Co., 2002 WL 1067449 (D. Mass. 2002). Based upon the above, this court should find that the two proposed classes satisfy the numerosity requirements. The first two classes involve potentially one thousand plaintiffs and this is more than sufficient to establish numerosity.

### B. Commonality.

This requirement "is satisfied if common questions of law or fact exist and class members' claims are not in conflict with one another." See Mack v. Suffolk County, 191 F.R.D. 16, 22 (D. Mass. 2000). The commonality requirement "does not require that class members' claims be identical," and "[a] single common legal or factual issue can suffice." Id. Here, each of the two classes sought to be certified assert the same basic legal claim – indeed, the claim is identical. While each class may eventually seek somewhat different relief, the legal issue to be tried in each class will be nearly identical. For example, with respect to each class (1) all fire fighter candidates; and (2) all police officer candidates who have taken the

4

entry-level examination in the years 2002, 2003, 2004 and 2005, the one legal issue to be tried is whether or not these entry-level examinations are valid as required by federal law and EEOC guidelines. See Castro v. Beecher, 365 F.Supp. 655 (D. Mass. 1973).

More specifically, the plaintiffs must establish two propositions to prevail on liability in each case. The first is that the entry-level examination has a disparate impact on minorities, and second, has not been shown to be valid under appropriate legal standards. Id. Since these questions will be the exact same for each class member in each case, the plaintiffs easily meet the commonality requirement.

    C.    Typicality.

This requirement is similar to commonality and is also "not highly demanding" because "the claims only need to share the same essential characteristics, and need not be identical." Payne v. Goodyear Tire, 216 F.R.D. 21, 24-25 (D. Mass. 2003). Whereas here, "the allegations of the individual named plaintiffs closely track the broadly framed claims of the class," the typicality requirement is easily satisfied. Id. As described above, the named plaintiffs' claims clearly involve questions of law and fact typical of the majority of similarly situated class members.

    D.    Adequate Representation.

Finally, the named plaintiffs meet the requirement that the unnamed plaintiffs are adequately represented.  This prerequisite is satisfied when the named plaintiffs can "demonstrate that [their] interests will not conflict with those of the class members and that [their] counsel is qualified, experienced, and able to vigorously conduct the proposed litigation."  Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985); Mack v. Suffolk County, supra, at 23.

Here, with respect to the issue of liability, there is no conflict between the named plaintiffs and the unnamed class members, since the named plaintiffs' claims are the same that they assert on behalf of similarly situated candidates for the position of police officer and fire fighter.  As stated above, the legal and factual issues to be tried revolve around whether the entry-level examination for police and fire fighter in the Commonwealth violate either Title VII of the Civil Rights Act of 1964, or this court's decree in Beecher.

Moreover, plaintiffs' counsel will pursue this action vigorously and are committed to obtaining appropriate remedies on behalf of all class members. Indeed, the claims of the plaintiffs here are being represented by the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, a well-known employment rights law firm, and the Lawyers Committee for Civil Rights, and Mark Selwyn, a lawyer at the firm of WilmerHale.  As this court is well aware, Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan have significant experience in employment discrimination litigation, particularly with respect to entry-level hiring of police and fire fighters.  See DeLeo v. City of Boston, supra.  Indeed, plaintiffs' counsel have hired preeminent experts for the upcoming trial of this case.  Attorney Lichten, who represents numerous

6

police and fire unions, has specific expertise in the attributes needed for police officers and fire fighters, and has access to fire and police chiefs who have been asked to testify in this case. Mr. Lichten's partner, Shannon Liss-Riordan, has developed a significant practice in class action litigation, and has lectured on class action litigation before legal groups. Nadine Cohen has been litigating civil rights cases on behalf of minorities for more than 20 years, and was recently named Massachusetts Lawyers Weekly Lawyer of the Year for her efforts. Thus, there should be no question of plaintiffs' counsel ability to represent the interests of the class members adequately.

III.     THE PLAINTIFFS SATISFY THE REQUIREMENTS FOR A RULE 23(b)(2) CLASS.

In addition to meeting the four requirements above, the proposed class must fit into one of the categories set forth in Federal Rule of Civil Procedure 23(b). Plaintiffs clearly meet the requirements of Rule 23(b)(2) because the defendant has "acted or refused to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Guckenberger, 957 F.Supp. at 326. In a so-called Rule 23(b)(2), Plaintiffs are seeking injunctive and declaratory relief only, and not monetary damages. With respect to the defendant HRD, the plaintiffs are precluded, in federal court, from seeking damages under the Eleventh Amendment to the United States Constitution. Therefore, with respect to defendant HRD, all of the relief that will be sought by the plaintiffs is injunctive in nature. Part of the relief

7

plaintiffs seek is an injunction invalidating the current entry-level examinations, and requiring examinations that meet current validity requirements.

In addition, ancillary injunctive relief will be sought by the plaintiffs for appropriate class members in the form of providing some remedial injunctive relief that ensures that they will be properly considered for entry-level fire fighter and police officer positions. Again, this will be purely injunctive relief.

It is generally recognized that "civil rights actions seeking relief on behalf of classes . . . normally meet the requirements of Rule 23(b)(2)." See <u>Serventi v. Bucks Technical High School</u>, 225 F.R.D. 159 (E.D. Pa. 2004). Further, the advisory committee notes to the 1966 amendments to Rule 23 provide that cases in the field of civil rights "against parties charged with unlawful, class-based discrimination are prime examples of cases certifiable under Rule 23(b)(2)."

## IV.    <u>CONCLUSION</u>.

For the reasons set forth herein, the court should grant the requested motion for class certification.

                    Respectfully submitted,

                    JACOB BRADLEY, NOAH BRADLEY,
                    KEITH RIDLEY, and JARED THOMAS,

                    By their attorneys,

                    ____s/Harold L. Lichten_____
                    Harold L. Lichten, BBO # 549689
                    Shannon Liss-Riordan, BBO # 640716
                    Alfred Gordon, BBO # 630456
                    Pyle, Rome, Lichten, Ehrenberg &
                        Liss-Riordan, P.C.
                    18 Tremont Street, Suite 500
                    Boston, MA 02108
Date:  November 7, 2005      (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by first class mail on November 7, 2005.

                    __s/Harold L. Lichten_____
                    Harold L. Lichten

| | | | | | | | | | ATTACHMENT I |
|---|---|---|---|---|---|---|---|---|---|
| | | | FIRE FIGHTER - APRIL 27, 2002 | | | | | | |
| | | | ADVERSE IMPACT ANALYSIS BY SCORE | | | | | | |
| SCORES | ALL APP | NO. OF MAJ APPS | CUM FREQ OF MAJ | % OF TOTAL MAJ | NO. OF BLACK | NO. OF OTHER MIN. | NO. OF ALL MIN | CUM FREQ OF MIN | % OF TOTAL MIN | RATIO DECIMAL |
| 100 | 55 | 55 | 55 | 0.5% | 0 | 0 | 0 | 0 | 0.0% | 0.0000 |
| 99 | 240 | 238 | 293 | 2.9% | 1 | 1 | 2 | 2 | 0.1% | 0.0405 |
| 98 | 463 | 449 | 742 | 7.3% | 8 | 6 | 14 | 16 | 0.9% | 0.1278 |
| 97 | 651 | 630 | 1372 | 13.5% | 10 | 11 | 21 | 37 | 2.2% | 0.1598 |
| 96 | 764 | 737 | 2109 | 20.8% | 10 | 17 | 27 | 64 | 3.7% | 0.1798 |
| 95 | 766 | 729 | 2838 | 28.0% | 21 | 16 | 37 | 101 | 5.9% | 0.2109 |
| 94 | 832 | 778 | 3616 | 35.6% | 26 | 28 | 54 | 155 | 9.0% | 0.2540 |
| 93 | 769 | 713 | 4329 | 42.6% | 23 | 33 | 56 | 211 | 12.3% | 0.2889 |
| 92 | 717 | 674 | 5003 | 49.3% | 20 | 23 | 43 | 254 | 14.8% | 0.3009 |
| 91 | 630 | 575 | 5578 | 54.9% | 30 | 25 | 55 | 309 | 18.0% | 0.3283 |
| 90 | 589 | 534 | 6112 | 60.2% | 26 | 29 | 55 | 364 | 21.2% | 0.3529 |
| 89 | 535 | 481 | 6593 | 64.9% | 27 | 27 | 54 | 418 | 24.4% | 0.3757 |
| 88 | 490 | 438 | 7031 | 69.3% | 28 | 24 | 52 | 470 | 27.4% | 0.3962 |
| 87 | 452 | 404 | 7435 | 73.2% | 25 | 23 | 48 | 518 | 30.2% | 0.4129 |
| 86 | 364 | 307 | 7742 | 76.3% | 28 | 29 | 57 | 575 | 33.6% | 0.4402 |
| 85 | 335 | 276 | 8018 | 79.0% | 33 | 26 | 59 | 634 | 37.0% | 0.4686 |
| 84 | 252 | 207 | 8225 | 81.0% | 25 | 20 | 45 | 679 | 39.6% | 0.4892 |
| 83 | 284 | 214 | 8439 | 83.1% | 37 | 33 | 70 | 749 | 43.7% | 0.5260 |
| 82 | 236 | 185 | 8624 | 84.9% | 24 | 27 | 51 | 800 | 46.7% | 0.5498 |
| 81 | 212 | 154 | 8778 | 86.5% | 27 | 31 | 58 | 858 | 50.1% | 0.5793 |
| 80 | 210 | 164 | 8942 | 88.1% | 24 | 22 | 46 | 904 | 52.8% | 0.5991 |
| 79 | 174 | 138 | 9080 | 89.4% | 18 | 18 | 36 | 940 | 54.9% | 0.6135 |
| 78 | 158 | 108 | 9188 | 90.5% | 16 | 34 | 50 | 990 | 57.8% | 0.6386 |
| 77 | 154 | 109 | 9297 | 91.6% | 25 | 20 | 45 | 1035 | 60.4% | 0.6598 |
| 76 | 137 | 89 | 9386 | 92.5% | 27 | 21 | 48 | 1083 | 63.2% | 0.6838 |
| 75 | 145 | 100 | 9486 | 93.4% | 23 | 22 | 45 | 1128 | 65.8% | 0.7047 |
| 74 | 124 | 84 | 9570 | 94.3% | 22 | 18 | 40 | 1168 | 68.2% | 0.7233 |
| 73 | 104 | 61 | 9631 | 94.9% | 29 | 14 | 43 | 1211 | 70.7% | 0.7452 |
| 72 | 97 | 52 | 9683 | 95.4% | 19 | 26 | 45 | 1256 | 73.3% | 0.7687 |
| 71 | 83 | 50 | 9733 | 95.9% | 18 | 15 | 33 | 1289 | 75.2% | 0.7849 |
| 70 | 66 | 35 | 9768 | 96.2% | 19 | 12 | 31 | 1320 | 77.1% | 0.8009 |
| 69 | 73 | 45 | 9813 | 96.7% | 16 | 12 | 28 | 1348 | 78.7% | 0.8141 |
| 68 | 65 | 40 | 9853 | 97.1% | 13 | 12 | 25 | 1373 | 80.2% | 0.8258 |
| 67 | 60 | 36 | 9889 | 97.4% | 12 | 12 | 24 | 1397 | 81.6% | 0.8372 |
| 66 | 52 | 26 | 9915 | 97.7% | 12 | 14 | 26 | 1423 | 83.1% | 0.8506 |
| 65 | 59 | 26 | 9941 | 97.9% | 20 | 13 | 33 | 1456 | 85.0% | 0.8680 |
| 64 | 46 | 29 | 9970 | 98.2% | 10 | 7 | 17 | 1473 | 86.0% | 0.8756 |

| SCORES | ALL APP | NO. OF MAJ APPS | CUM FREQ OF MAJ | % OF TOTAL MAJ | NO. OF BLACK | NO. OF OTHER MIN. | NO. OF ALL MIN | CUM FREQ OF MIN | % OF TOTAL MIN | RATIO DECIMAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 63 | 49 | 29 | 9999 | 98.5% | 10 | 10 | 20 | 1493 | 87.2% | 0.8849 |
| 62 | 33 | 14 | 10013 | 98.6% | 14 | 5 | 19 | 1512 | 88.3% | 0.8949 |
| 61 | 29 | 12 | 10025 | 98.7% | 9 | 8 | 17 | 1529 | 89.3% | 0.9039 |
| 60 | 28 | 12 | 10037 | 98.9% | 6 | 10 | 16 | 1545 | 90.2% | 0.9123 |
| 59 | 30 | 11 | 10048 | 99.0% | 11 | 8 | 19 | 1564 | 91.3% | 0.9225 |
| 58 | 27 | 9 | 10057 | 99.1% | 9 | 9 | 18 | 1582 | 92.4% | 0.9322 |
| 57 | 20 | 9 | 10066 | 99.2% | 5 | 6 | 11 | 1593 | 93.0% | 0.9379 |
| 56 | 24 | 13 | 10079 | 99.3% | 8 | 3 | 11 | 1604 | 93.6% | 0.9432 |
| 55 | 19 | 11 | 10090 | 99.4% | 4 | 4 | 8 | 1612 | 94.1% | 0.9468 |
| 54 | 15 | 4 | 10094 | 99.4% | 4 | 7 | 11 | 1623 | 94.7% | 0.9529 |
| 53 | 11 | 3 | 10097 | 99.5% | 4 | 4 | 8 | 1631 | 95.2% | 0.9573 |
| 52 | 8 | 0 | 10097 | 99.5% | 4 | 4 | 8 | 1639 | 95.7% | 0.9620 |
| 51 | 14 | 1 | 10098 | 99.5% | 6 | 7 | 13 | 1652 | 96.4% | 0.9695 |
| 50 | 11 | 7 | 10105 | 99.5% | 1 | 3 | 4 | 1656 | 96.7% | 0.9712 |
| 49 | 13 | 7 | 10112 | 99.6% | 2 | 4 | 6 | 1662 | 97.0% | 0.9741 |
| 48 | 12 | 6 | 10118 | 99.7% | 4 | 2 | 6 | 1668 | 97.4% | 0.9770 |
| 47 | 9 | 5 | 10123 | 99.7% | 2 | 2 | 4 | 1672 | 97.6% | 0.9789 |
| 46 | 10 | 5 | 10128 | 99.8% | 5 | 0 | 5 | 1677 | 97.9% | 0.9813 |
| 45 | 10 | 4 | 10132 | 99.8% | 3 | 3 | 6 | 1683 | 98.2% | 0.9844 |
| 44 | 11 | 5 | 10137 | 99.9% | 2 | 4 | 6 | 1689 | 98.6% | 0.9874 |
| 43 | 3 | 1 | 10138 | 99.9% | 2 | 0 | 2 | 1691 | 98.7% | 0.9885 |
| 42 | 6 | 2 | 10140 | 99.9% | 1 | 3 | 4 | 1695 | 98.9% | 0.9907 |
| 41 | 2 | 0 | 10140 | 99.9% | 2 | 0 | 2 | 1697 | 99.1% | 0.9918 |
| 40 | 2 | 1 | 10141 | 99.9% | 1 | 0 | 1 | 1698 | 99.1% | 0.9923 |
| 39 | 1 | 1 | 10142 | 99.9% | 0 | 0 | 0 | 1698 | 99.1% | 0.9922 |
| 38 | 5 | 2 | 10144 | 99.9% | 1 | 2 | 3 | 1701 | 99.3% | 0.9938 |
| 37 | 5 | 3 | 10147 | 100.0% | 1 | 1 | 2 | 1703 | 99.4% | 0.9947 |
| 36 | 1 | 0 | 10147 | 100.0% | 1 | 0 | 1 | 1704 | 99.5% | 0.9952 |
| 35 | 3 | 0 | 10147 | 100.0% | 3 | 0 | 3 | 1707 | 99.6% | 0.9970 |
| 34 | 2 | 1 | 10148 | 100.0% | 1 | 0 | 1 | 1708 | 99.7% | 0.9975 |
| 32 | 2 | 1 | 10149 | 100.0% | 0 | 1 | 1 | 1709 | 99.8% | 0.9980 |
| 31 | 1 | 0 | 10149 | 100.0% | 0 | 1 | 1 | 1710 | 99.8% | 0.9985 |
| 30 | 1 | 0 | 10149 | 100.0% | 0 | 1 | 1 | 1711 | 99.9% | 0.9991 |
| 19 | 1 | 1 | 10150 | 100.0% | 0 | 0 | 0 | 1711 | 99.9% | 0.9990 |
| 17 | 1 | 1 | 10151 | 100.0% | 0 | 0 | 0 | 1711 | 99.9% | 0.9989 |
| 13 | 1 | 1 | 10152 | 100.0% | 0 | 0 | 0 | 1711 | 99.9% | 0.9988 |
| 10 | 1 | 0 | 10152 | 100.0% | 0 | 1 | 1 | 1712 | 99.9% | 0.9994 |
| 6 | 1 | 0 | 10152 | 100.0% | 0 | 1 | 1 | 1713 | 100.0% | 1.0000 |
| TOTAL | 11865 | 10152 | | 100.0% | 878 | 835 | 1713 | | 100.0% | 1.0000 |


ATTACHMENT

Table 2

### 2003 Police Officer Examination
### Adverse Impact Analysis by Total Score

| Score | Total Examinees | Non-Protected Group | | | Protected Group | | | | | Adverse Impact Quotient |
|---|---|---|---|---|---|---|---|---|---|---|
| | | N W/I/A | Cumulative N | Cumulative % | Black | Hispanic | B & H | Cumulative N | Cumulative % | |
| 100 | 1 | 1 | 1 | 0.0% | 0 | 0 | 0 | 0 | 0.0% | 0.0 |
| 99 | 19 | 18 | 19 | 0.2% | 0 | 1 | 1 | 1 | 0.1% | 0.4 |
| 98 | 90 | 89 | 108 | 1.4% | 1 | 0 | 1 | 2 | 0.2% | 0.1 |
| 97 | 185 | 182 | 290 | 3.7% | 2 | 1 | 3 | 5 | 0.4% | 0.1 |
| 96 | 346 | 339 | 629 | 8.0% | 2 | 5 | 7 | 12 | 1.0% | 0.1 |
| 95 | 477 | 455 | 1084 | 13.7% | 7 | 15 | 22 | 34 | 2.9% | 0.2 |
| 94 | 578 | 550 | 1634 | 20.7% | 14 | 14 | 28 | 62 | 5.3% | 0.3 |
| 93 | 589 | 558 | 2192 | 27.7% | 15 | 16 | 31 | 93 | 8.0% | 0.3 |
| 92 | 617 | 572 | 2764 | 35.0% | 25 | 20 | 45 | 138 | 11.8% | 0.3 |
| 91 | 631 | 593 | 3357 | 42.5% | 20 | 18 | 38 | 176 | 15.1% | 0.4 |
| 90 | 569 | 521 | 3878 | 49.1% | 23 | 25 | 48 | 224 | 19.2% | 0.4 |
| 89 | 493 | 436 | 4314 | 54.6% | 27 | 30 | 57 | 281 | 24.1% | 0.4 |
| 88 | 499 | 445 | 4759 | 60.2% | 27 | 27 | 54 | 335 | 28.8% | 0.5 |
| 87 | 464 | 408 | 5167 | 65.4% | 33 | 23 | 56 | 391 | 33.6% | 0.5 |
| 86 | 401 | 354 | 5521 | 69.9% | 17 | 30 | 47 | 438 | 37.6% | 0.5 |
| 85 | 351 | 289 | 5810 | 73.5% | 33 | 29 | 62 | 500 | 42.9% | 0.6 |
| 84 | 302 | 255 | 6065 | 76.8% | 18 | 29 | 47 | 547 | 47.0% | 0.6 |
| 83 | 248 | 211 | 6276 | 79.4% | 15 | 22 | 37 | 584 | 50.1% | 0.6 |
| 82 | 233 | 195 | 6471 | 81.9% | 20 | 18 | 38 | 622 | 53.4% | 0.7 |
| 81 | 207 | 168 | 6639 | 84.0% | 18 | 21 | 39 | 661 | 56.7% | 0.7 |
| 80 | 204 | 165 | 6804 | 86.1% | 22 | 17 | 39 | 700 | 60.1% | 0.7 |
| 79 | 152 | 123 | 6927 | 87.7% | 18 | 11 | 29 | 729 | 62.6% | 0.7 |
| 78 | 135 | 99 | 7026 | 88.9% | 18 | 18 | 36 | 765 | 65.7% | 0.7 |
| 77 | 138 | 100 | 7126 | 90.2% | 18 | 20 | 38 | 803 | 68.9% | 0.8 |
| 76 | 105 | 85 | 7211 | 91.3% | 9 | 11 | 20 | 823 | 70.6% | 0.8 |
| 75 | 123 | 91 | 7302 | 92.4% | 14 | 18 | 32 | 855 | 73.4% | 0.8 |
| 74 | 83 | 62 | 7364 | 93.2% | 10 | 11 | 21 | 876 | 75.2% | 0.8 |
| 73 | 77 | 62 | 7426 | 94.0% | 6 | 9 | 15 | 891 | 76.5% | 0.8 |
| 72 | 78 | 63 | 7489 | 94.8% | 6 | 9 | 15 | 906 | 77.8% | 0.8 |
| 71 | 71 | 45 | 7534 | 95.4% | 12 | 14 | 26 | 932 | 80.0% | 0.8 |
| 70 | 48 | 36 | 7570 | 95.8% | 4 | 8 | 12 | 944 | 81.0% | 0.8 |
| 69 | 42 | 29 | 7599 | 96.2% | 5 | 8 | 13 | 957 | 82.1% | 0.9 |
| 68 | 40 | 25 | 7624 | 96.5% | 8 | 7 | 15 | 972 | 83.4% | 0.9 |
| 67 | 46 | 32 | 7656 | 96.9% | 6 | 8 | 14 | 986 | 84.6% | 0.9 |
| 66 | 42 | 19 | 7675 | 97.2% | 14 | 9 | 23 | 1009 | 86.6% | 0.9 |
| 65 | 38 | 20 | 7695 | 97.4% | 9 | 9 | 18 | 1027 | 88.2% | 0.9 |
| 64 | 38 | 25 | 7720 | 97.7% | 3 | 10 | 13 | 1040 | 89.3% | 0.9 |
| 63 | 34 | 23 | 7743 | 98.0% | 4 | 7 | 11 | 1051 | 90.2% | 0.9 |
| 62 | 21 | 9 | 7752 | 98.1% | 6 | 6 | 12 | 1063 | 91.2% | 0.9 |
| 61 | 20 | 13 | 7765 | 98.3% | 2 | 5 | 7 | 1070 | 91.8% | 0.9 |
| 60 | 26 | 17 | 7782 | 98.5% | 1 | 8 | 9 | 1079 | 92.6% | 0.9 |

ATTACHMENT J

| Score | Total Examinees | Non-Protected Group | | | Protected Group | | | | | Adverse Impact Quotient |
|---|---|---|---|---|---|---|---|---|---|---|
| | | N W/I/A | Cumulative N | % | Black | Hispanic | B & H | Cumulative N | % | |
| 59 | 22 | 17 | 7799 | 98.7% | 2 | 3 | 5 | 1084 | 93.0% | 0.9 |
| 58 | 16 | 10 | 7809 | 98.8% | 2 | 4 | 6 | 1090 | 93.6% | 0.9 |
| 57 | 15 | 9 | 7818 | 99.0% | 3 | 3 | 6 | 1096 | 94.1% | 1.0 |
| 56 | 8 | 3 | 7821 | 99.0% | 2 | 3 | 5 | 1101 | 94.5% | 1.0 |
| 55 | 17 | 6 | 7827 | 99.1% | 5 | 6 | 11 | 1112 | 95.5% | 1.0 |
| 54 | 16 | 8 | 7835 | 99.2% | 6 | 2 | 8 | 1120 | 96.1% | 1.0 |
| 53 | 15 | 11 | 7846 | 99.3% | 1 | 3 | 4 | 1124 | 96.5% | 1.0 |
| 52 | 8 | 5 | 7851 | 99.4% | 2 | 1 | 3 | 1127 | 96.7% | 1.0 |
| 51 | 10 | 5 | 7856 | 99.4% | 3 | 2 | 5 | 1132 | 97.2% | 1.0 |
| 50 | 8 | 3 | 7859 | 99.5% | 1 | 4 | 5 | 1137 | 97.6% | 1.0 |
| 49 | 5 | 3 | 7862 | 99.5% | 1 | 1 | 2 | 1139 | 97.8% | 1.0 |
| 48 | 5 | 2 | 7864 | 99.5% | 3 | 0 | 3 | 1142 | 98.0% | 1.0 |
| 47 | 10 | 5 | 7869 | 99.6% | 3 | 2 | 5 | 1147 | 98.5% | 1.0 |
| 46 | 4 | 4 | 7873 | 99.7% | 0 | 0 | 0 | 1147 | 98.5% | 1.0 |
| 45 | 5 | 3 | 7876 | 99.7% | 0 | 2 | 2 | 1149 | 98.6% | 1.0 |
| 44 | 3 | 0 | 7876 | 99.7% | 2 | 1 | 3 | 1152 | 98.9% | 1.0 |
| 43 | 4 | 4 | 7880 | 99.7% | 0 | 0 | 0 | 1152 | 98.9% | 1.0 |
| 42 | 3 | 1 | 7881 | 99.8% | 2 | 0 | 2 | 1154 | 99.1% | 1.0 |
| 41 | 1 | 0 | 7881 | 99.8% | 0 | 1 | 1 | 1155 | 99.1% | 1.0 |
| 40 | 2 | 1 | 7882 | 99.8% | 1 | 0 | 1 | 1156 | 99.2% | 1.0 |
| 39 | 0 | 0 | 7882 | 99.8% | 0 | 0 | 0 | 1156 | 99.2% | 1.0 |
| 38 | 2 | 2 | 7884 | 99.8% | 0 | 0 | 0 | 1156 | 99.2% | 1.0 |
| 37 | 0 | 0 | 7884 | 99.8% | 0 | 0 | 0 | 1156 | 99.2% | 1.0 |
| 36 | 5 | 2 | 7886 | 99.8% | 1 | 2 | 3 | 1159 | 99.5% | 1.0 |
| 35 | 2 | 0 | 7886 | 99.8% | 1 | 1 | 2 | 1161 | 99.7% | 1.0 |
| 34 | 1 | 0 | 7886 | 99.8% | 1 | 0 | 1 | 1162 | 99.7% | 1.0 |
| 33 | 3 | 2 | 7888 | 99.8% | 0 | 1 | 1 | 1163 | 99.8% | 1.0 |
| 32 | 1 | 1 | 7889 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 31 | 1 | 1 | 7890 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 30 | 0 | 0 | 7890 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 29 | 2 | 2 | 7892 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 28 | 1 | 1 | 7893 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 27 | 0 | 0 | 7893 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 26 | 1 | 1 | 7894 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 25 | 2 | 2 | 7896 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| ... | 0 | 0 | 7896 | 99.9% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 13 | 1 | 1 | 7897 | 100.0% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| ... | 0 | 0 | 7897 | 100.0% | 0 | 0 | 0 | 1163 | 99.8% | 1.0 |
| 1 | 5 | 3 | 7900 | 100.0% | 1 | 1 | 2 | 1165 | 100.0% | 1.0 |