UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts,<br>　　　　Defendants,<br><br>BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP,<br>　　　　Interveners | Civil Action No. <u>05-10213-PBS</u> |

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE TESTIMONY REGARDING THE VALIDITY OF THE FIREFIGHTER ENTRANCE EXAMINATIONS

**A.   Introduction**

Now come the Plaintiffs in the above-captioned matter and move to preclude the Defendant, Commonwealth of Massachusetts Human Resources Division (HRD) from offering any testimony regarding the "validity" of the Commonwealth's firefighter entrance examinations. Because the question of the validity of such examinations requires expert testimony and the Defendants decided to offer no testimony on this

subject, and because the Plaintiffs' expert reports now stand uncontradicted, this motion should be granted.

## B. Background

In accordance with the Court's scheduling order of March 25, 2005, the Plaintiffs designated their expert witnesses – Frank J. Landy, Ph.D. and Joel P. Wiesen, Ph.D. – who on August 31, 2005, submitted their required expert witness reports pursuant to Rule 26, setting forth a "complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). [See Expert Report of Frank J. Landy, Ph.D. ("Landy Report"), attached hereto as Exhibit A, and Expert Report of Joel P. Wiesen, Ph.D. ("Wiesen Report"), attached hereto as Exhibit B.][1] In their reports, both Dr. Landy and Dr. Wiesen made specific findings regarding the lack of validity of the firefighter entrance examinations used by the Commonwealth in 2002 and 2004. Id.

Dr. Landy specifically concluded (1) that the Commonwealth ignored the recommendations by its own experts back in 1993, who were retained to create a validated exam; and (2) that the Commonwealth cannot demonstrate that the examinations were valid as administered and used by the Commonwealth and the City of Lynn. [See Landy Report, Opinion nos. 1 & 11.] Dr. Landy ultimately concluded that the Commonwealth "failed to provide a fair and valid screening procedure" for firefighter candidates as required by federal law. Id. at 81. Dr. Wiesen also found that the

---

[1] The name and curriculum vitae of Mark J. Schmit, Ph.D. are attached to the expert report submitted by Dr. Landy, but as the Plaintiffs intend to remove Dr. Schmit from their expert witness list, and as the opinions expressed in the report are also those of Dr. Landy, the Plaintiffs will refer to the report as that of Dr. Landy alone.

Commonwealth had failed to provide any validation studies for the 2002 and 2004 examinations, and he concluded that the relevant federal guidelines demonstrate the invalidity of the examinations. [Wiesen Report, Opinion nos. 10 & 11.]

On October 14, 2005, the Commonwealth designated as its expert Rick R. Jacobs, Ph.D. pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and submitted the required expert witness report in response to the reports of Drs. Landy and Wiesen. [See Expert Report of Rick R. Jacobs, Ph.D. ("Jacobs Report"), attached hereto as Exhibit C.] In his report, Dr. Jacobs failed to offer any testimony as to the validity of the firefighter examinations as used by the Commonwealth either in 2002 and 2004 or at any other time.

### C.   Argument

The Court should grant this Motion in Limine because Defendants' expert fails to controvert any of the Plaintiffs' assertions regarding validity. As noted above, Rule 26 requires that expert witness reports contain "a **complete** statement of **all** opinions to be expressed" by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). Since Dr. Jacobs was well aware of the reports submitted by Drs. Landy and Wiesen, [see Jacobs Report at 3 (noting the Landy and Wiesen Reports as "Materials Reviewed"], and since Dr. Jacobs failed to submit any opinion regarding the validity of the firefighter examinations in his expert report, the Commonwealth has failed to generate an issue of fact as to the validity of the firefighter examinations.

Therefore, the Plaintiffs respectfully request that the Court preclude any testimony from Dr. Jacobs or any other witness seeking to establish the validity of the firefighter examinations as administered by the Commonwealth.

Respectfully submitted,
JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS,

By their attorneys,

_____
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg
   & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date: November 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by hand delivery on November 7, 2005.

_____
Alfred Gordon

4