UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>       Plaintiffs,<br><br>     v.<br><br>CITY OF LYNN, *et al.*,<br><br>       Defendants.<br><br>BOSTON SOCIETY OF THE VULCANS and<br>NEW ENGLAND AREA CONFERENCE OF THE<br>NAACP,<br><br>       Intervenors. | CIVIL ACTION<br>NO. 05-10213-PBS |

**STATE DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION OR UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

   The State defendants, the Commonwealth of Massachusetts, Human Resources Division, and Ruth Bramson, in her capacity as Personnel Administrator of the Human Resources Division ("defendants"), hereby move this Court to dismiss plaintiffs' First Amended Complaint in its entirety for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Alternatively, defendants move this Court to dismiss Count IV of the Amended Complaint for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Defendants submit herewith a memorandum of law, accompanied by a February 6, 2006, Declaration of Sally McNeely (Exhibit A) and the previously filed June 6, 2005, Affidavit of Sally McNeely (Exhibit B).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), defendants request that the Court schedule a hearing on this motion.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION, and RUTH BRAMSON, in her capacity as Personnel Administrator of the Human Resources Division,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Sookyoung Shin
Ronald F. Kehoe, BBO # 264260
Sookyoung Shin, BBO # 643713
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 3221 (Kehoe), ext. 2052 (Shin)

Dated: February 6, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on February 6, 2006.

/s/ Sookyoung Shin
Sookyoung Shin
Assistant Attorney General

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACOB BRADLEY, *et al.*,

            Plaintiffs,

v.

CITY OF LYNN, *et al.*,

            Defendants.

CIVIL ACTION
NO. 05-10213-PBS

## DECLARATION OF SALLY McNEELY.

I, Sally McNeely, do hereby state under the pains and penalties of perjury:

    1.    I have been employed by the Human Resources Division ("HRD"), an agency of the Commonwealth of Massachusetts, since May 1, 1983. My current title is "Director, Organizational Development Group." The Organizational Development Group is responsible, among other things, for the administration and marking of Civil Service examinations for entry-level municipal firefighters and police officers, and for the certification to municipalities of lists of eligible applicants for such positions.

    2.    HRD has no intention of again administering the same types of police or firefighter examination that have been used in prior years. Beginning in June 2006, HRD will administer a new examination for entry-level municipal firefighters. This new test will be state-of-the-art and will be validated to avoid disparate racial impact pursuant to the Equal Employment Opportunity Commission ("EEOC") Guidelines.

3. HRD has signed a contract with an expert in industrial psychology, Rick R. Jacobs, Ph.D, to conduct a job analysis and to create and validate the new examination. Overall, it will cost HRD approximately $150,000 to create, validate, and administer the new test.

4. HRD has already taken steps to implement the new examination. In December 2005 HRD met with the staff of the Massachusetts Firefighter Academy to discuss generally the job analysis and other steps involved in the implementation process. On January 30, 2006, HRD had a similar meeting with interested parties, including local fire chiefs, municipal human resources directors, the NAACP, and other interested individuals.

5. Currently, HRD is in the process of conducting the job analysis and anticipates that it will be completed by March 2006.

6. Candidate preparation will also occur in March 2006. HRD will provide candidates with a detailed description of the testing process and will make available a sample test, which will be posted on HRD's website. Paper copies will also be made available if requested.

7. HRD intends to administer the new firefighter examination on the next testing date, which will be in June 2006.

8. HRD intends to take the same steps with regard to the next examination for entry-level municipal police officers. HRD plans to request bids for the new exam in April 2006, with the intent of beginning the implementation process in July 2006.

9. The new police-officer examination will be state-of-the-art and will be validated according to EEOC Guidelines. HRD expects the new test to be administered on the next testing date, which will be sometime in Spring 2007.

10. If a candidate scores high enough on the written examination to be reached for consideration, he/she must still clear additional hurdles in order to be eligible for hiring. Specifically, to become either a firefighter or police officer, the candidate must pass a drug test, a background check, and an interview with the municipal hiring authority. Then, after a candidate has received a conditional offer of employment, he/she must pass a psychological exam, a medical exam, and the physical abilities test. Only candidates who have met all these requirements may be hired.

11. Pursuant to the consent decree issued in the Beecher case, HRD has been in regular contact with the NAACP for many years regarding the firefighter exam. Until recently, the NAACP monitor was attorney Toni Wolfman of Foley, Hoag & Eliot. Currently, the monitor is attorney Nadine Cohen.

12. Pursuant to the consent decree procedure, HRD has published sample questions in advance of each examination and has submitted a proposed passing score to the monitor for approval. The sample test and a description of the test's contents are freely available on HRD's website prior to the examination date. Over the years until this litigation was commenced, the monitor has never objected to a proposed exam and has regularly approved the proposed passing score, which in recent years has typically been 70.

13. None of the individual plaintiffs in this case raised any objection to the firefighter or police examinations prior to their administration.

14. On information and belief, plaintiff Keith Ridley was certified to the eligible list for police hiring but removed himself from consideration by failing to submit an employment application form and other requested materials to the City of Lynn Police Department.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THIS 6TH DAY OF FEBRUARY 2006.

/s/ Sally McNeely<br>
Sally McNeely

# EXHIBIT B

**EXHIBIT A - AFFIDAVIT #1 OF SALLY McNEELY**

I, Sally McNeely, state and depose as follows:

1. I have been employed by the Human Resources Division (HRD), an agency of the Commonwealth of Massachusetts, since May 1, 1983. My current title is "Director, Organizational Development Group." The Organizational Development Group is responsible, among other things, for the administration and marking of Civil Service examinations for entry level municipal firefighters, and for the certification to municipalities of lists of eligible applicants for such positions.

2. The statute which governs civil service in the Commonwealth is Chapter 31 of the Massachusetts General Laws. Chapter 31 establishes the respective powers and duties of the Administrator of HRD and the Civil Service Commission (see §§2-5). Chapter 31 also prescribes procedures under which HRD conducts and marks examinations of applicants for appointment as entry level firefighters (see §§ 21-24). HRD conducts an entry-level firefighter examination every two years.

3. On the basis of applicants' examination scores and statutory preferences, HRD certifies lists of eligible applicants to municipalities desiring to make such appointments (see §§ 25-26). Chapter 31 also authorizes and requires HRD to promulgate regulations establishing minimum health and physical fitness standards, and to conduct physical ability testing (see §61A).

4. To the best of my knowledge and belief, all actions of the Administrator and HRD taken with respect to entry level firefighter examinations in the years 1998, 2000, 2002 and 2004 have complied with the requirements of Chapter 31 and with the rules

adopted by HRD thereunder, known as "Personnel Administration Rules" (PAR), a true copy of which is attached hereto as Exhibit B.

5. HRD currently employs 112 full-time employees in a variety of professional, clerical, and other office-based job positions, none of which involve firefighting or the training and supervision of firefighters.

6. I have reviewed HRD's personnel files and ascertained therefrom that none of the plaintiffs in this action has ever been employed by HRD or applied to HRD for employment.

7. Municipal firefighters in Massachusetts are hired and employed by cities and towns, not by HRD. Cities and towns choose their new firefighter employees from HRD-certified eligible lists and thereupon submit their choices to HRD for approval as being in compliance with the requirements of Chapter 31 and the Personnel Administration Rules (see §27).

8. HRD does not consider applications, interview applicants, select, hire, or otherwise act upon applications for employment as municipal firefighters in Massachusetts, except to approve the hiring choices made by municipalities pursuant to §27, as stated in the preceding paragraph.

9. HRD does not bargain with or enter into collective bargaining agreements with labor organizations representing municipal firefighters.

10. HRD does not provide worker compensation insurance or ERISA benefits to or for municipal firefighters in Massachusetts.

11. After municipal firefighters have been appointed, HRD does not set the terms of their employment, or supervise or control the manner in which they perform their job

   duties. HRD does not pay, train, transfer, assign work to, set work schedules for, evaluate, promote, discipline, or terminate municipal firefighters.

12. HRD's post-appointment functions relative to municipal firefighters under Chapter 31 are limited to (i) announcing and conducting promotional examinations (§59); (ii) receiving, but not acting upon, notices from appointing authorities of suspensions and discharges (§41); (iii) reviewing denials of requests for long-term leaves of absence and some post-leave terminations (§§37, 38); and (iv) approving a municipality's retraining program for a returning disability retiree (§39).

13. Other than HRD's statutory functions described in ¶¶ 1-3, 7 and 12 of this affidavit, all aspects of the hiring and employment of municipal firefighters are controlled by the respective cities and towns. With respect to the plaintiffs in this action, all such aspects are controlled by the City of Lynn, not by HRD.

14. PAR 10 establishes a procedure by which a municipality may request, and HRD may provide, a special certification of eligible candidates based on race, color, national origin or sex in order to remedy the effects of past discrimination pursuant to an affirmative action plan. The City of Lynn has not requested such a special certification.

15. PAR .08(4) establishes a procedure by which a municipality may request, and HRD may provide, a special certification of eligible candidates who have special qualifications, for example, eligible candidates who speak a foreign language commonly used in the community served by the fire department, or who are certified as paramedics or EMTs. HRD approves such requests based on objective criteria (e.g., the percentage of the community's population that speaks the foreign language,

or the number of ambulances operated by the fire department). The City of Lynn has from time to time requested special certifications of EMTs/paramedics, but had not requested a special certification of candidates with foreign language abilities until May 11, 2005. On that date, HRD received from the City of Lynn a request for a special certification for six Spanish-speaking firefighters. HRD issued such a certification on May 19, 2005.

16. In November, 2004, HRD established an eligibility list based on the results of the 2004 firefighter examination. The list will remain in effect through and including October 31, 2006. Plaintiffs Jacob Bradley, Keith Ridley, and Jared Thomas are on the eligibility list. The City of Lynn has requisitioned a certified eligibility list but has not yet not informed HRD of its hiring choices. The City has asked HRD for an extension of time for completing the selection process.

17. Attached hereto are true copies of the following publications of HRD's Civil Service Unit: (a) <u>A Certification Handbook: Entry Level Fire Fighter Appointments Subject to Civil Service</u> (Exhibit C); (b) <u>Selective Certifications: Descriptions and Questionnaires</u> (Exhibit D).

    Signed under the penalties of perjury at Boston, Massachusetts.


                                             /s/ Sally McNeely
                                             Sally McNeely

Dated: June 6, 2005