UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                    )
JACOB BRADLEY, NOAH BRADLEY, KEITH   )
RIDLEY, and JARED THOMAS,                         )
individually and on behalf of a class of               )
similarly situated individuals,                           )
              Plaintiffs,                                     )
                                                                    )
v.                                                                 )   Civil Action No. 05-10213-PBS
                                                                    )
CITY OF LYNN; EDWARD J. CLANCY, JR.,       )
in his capacity as Mayor of the City of Lynn;     )
the COMMONWEALTH OF MASSACHUSETTS, )
DIVISION OF HUMAN RESOURCES; and         )
RUTH BRAMSON, in her capacity as Personnel )
Administrator of the Division of Human Resources )
of the Commonwealth of Massachusetts,         )
              Defendants.                                  )
_____)

**SECOND SUPPLEMENTAL COMPLAINT**

The plaintiffs hereby file this second supplemental complaint to assert facts which have occurred after the filing of the first supplemental complaint in the above-titled matter.

I.      SUPPLEMENTAL FACTS.

      1.      Following the filing of the complaint in this case and in direct response to the plaintiffs' assertion that HRD's hiring system for entry level firefighters and police officers in the Commonwealth has an unlawful discriminatory adverse impact on minorities, HRD stated its intention to implement a new hiring examination to be administered this year (2006) for firefighter hiring and next year (2007) for police hiring.

1

2. HRD has retained the Commonwealth's former industrial psychological expert, Richard Jacobs, Ph.D., who previously consulted in the design of the prior examination system, to design these new examinations.

3. The new firefighter examination (which is scheduled to be administered in June 2006) will continue to have a significant discriminatory impact on minorities and will not meet the validity standards mandated by the federal EEOC guidelines.

4. That the 2006 examination will not meet federal legal guidelines can be predicted because, among other reasons, the Commonwealth has stated its intention to continue its practice of utilizing solely a written examination for ranking candidates for selection, and will not use a physical abilities component (other than as a pass-fail requirement), even though Dr. Jacobs' own studies reflect that physical ability is the single most important skill and ability for a firefighter.

5. As HRD's own expert Dr. Jacobs has advised it in the past, a written examination is all but certain to have a disparate impact on minorities, and cannot be shown to be valid, without integrating a physical abilities test into an earlier stage of the selection process.

6. Furthermore, physical ability correlates more strongly with firefighting ability than success on a written examination, and thus a process that utilizes a physical ability test in an early stage of the selection process would be a more valid indicator of likely job success than a written examination.

7. Absent preliminary and permanent injunctive relief enjoining the Commonwealth from utilizing an examination that will continue to have adverse impact on minorities, the plaintiffs and class members (who would include minority individuals

who may take an HRD firefighter or police officer examination in the future) will suffer harm.

II.     COUNTS.

The actions of the Commonwealth defendants as set forth above constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as set forth in Count I of Plaintiffs' First Amended Complaint, and violate the consent decree issued in the case of Boston Chapter, NAACP, Inc. v. Beecher, et al, 371 F. Supp. 507 (D. Mass. 1974) (Civ. Act. Nos. 72-3060-F and 73-269-F), as set forth in Count IV of Plaintiffs' First Amended Complaint.

.

WHEREFORE, plaintiffs respectfully request that this Court grant them permission to file this supplemental complaint, grant them preliminary and permanent injunctive relief ordering that the defendants be required to devise a hiring system that meets validity standards and does not have disparate impact on minorities, and granting other further and appropriate relief to the plaintiffs and the class they represent.

>                               Respectfully submitted,
>
>                               JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS,
>
>                               By their attorneys,
>
>                               __s/Shannon Liss-Riordan_____
>                               Harold L. Lichten, BBO # 549689
>                               Shannon Liss-Riordan, BBO # 640716
>                               Alfred Gordon, BBO # 630456
>                               Pyle, Rome, Lichten, Ehrenberg &
>                                    Liss-Riordan, P.C.
>                               18 Tremont Street, Suite 500
>                               Boston, MA 02108

Date:  March 8, 2006           (617) 367-7200

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic filing or first class mail on March 8, 2006.

                                      ___s/Shannon Liss-Riordan_____
                                      Shannon Liss-Riordan, Esq.