UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>CITY OF LYNN, *et al.*,<br><br>　　　　　　　　Defendants.<br><br>BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP,<br><br>　　　　　　　　Intervenors. | CIVIL ACTION<br>NO. 05-10213-PBS |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT PURSUANT TO RULE 15(d)**

The State defendants, the Commonwealth of Massachusetts, Human Resources Division ("HRD"), and Ruth Bramson, in her capacity as Personnel Administrator of the Human Resources Division, oppose plaintiffs' motion for leave to file a second supplemental complaint pursuant to Fed. R. Civ. P. 15(d). The motion should be denied for at least two reasons.

First, the motion comes too late in this litigation. Plaintiffs' proposed supplemental claims—which challenge the new firefighter examination that HRD intends to administer in June 2006—are based on a different set of facts than their original claims challenging the old, and now discarded, examinations. Thus, if granted, plaintiffs' motion would require reopening of discovery on claims that this Court has already indicated would not be heard at the trial that is currently scheduled to begin in less than three weeks. Under these circumstances the Court should deny the motion to supplement as unduly late. See Steir v. Girl Scouts of the USA, 383

F.3d 7, 12 (1st Cir. 2004) ("Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.") (quotation marks & alteration omitted); Grant v. News Group Boston, Inc., 55 F.3d 1, 5-6 (1st Cir. 1995) (district court properly denied motion to amend where discovery was already complete and defendant "was well into its trial preparation," and amended complaint would require reopening of discovery for defendant "to defend itself properly" against new claims).[1]

Second, the motion should be denied because the proposed supplement would be futile. See Hatch v. Department for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a motion to amend"). Plaintiffs' new claims purport to challenge the 2006 firefighter examination as having an unlawful disparate impact on minorities. These claims are not ripe for adjudication, however, because the 2006 examination has not yet been created or implemented, and it would be impossible to determine whether any adverse impact exists until after the examination is administered. The motion to supplement should therefore be denied on grounds of futility. See Roman-Martinez v. Runyon, 100 F.3d 213, 220 (1st Cir. 1996) (allowing amended complaint to be filed would have been "a futile exercise" where new claims "were unripe for adjudication because they were never made the subject of a formal administrative complaint and proceedings"); Graham v. Smith, 219 F.R.D.

---

[1] Steir and Grant both involved motions to amend a complaint under Rule 15(a), rather than a motion to supplement under Rule 15(d), but courts have held that the same standard applies in assessing a motion under either rule. See Mueller Co. v. United States Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005) (collecting cases); see also Mill Run Plaza Assocs. v. Contractors Funding Control, Inc., No. 88-0329, 1992 WL 81328, at *3 (D. Mass. Mar. 23, 1992) (noting that Rule 15(a) and Rule 15(d) standards are similar).

206, 209 (D. Me. 2004) (proposed amendment would be "futile" where plaintiff was seeking "relief against harm that [was] merely remote or contingent").

    For these reasons the State defendants respectfully suggest that the proper course of action would be to take up the issue of the new examination, if necessary, later this year when the results of the examination are known. The Court should therefore deny without prejudice plaintiffs' motion for leave to supplement their complaint.

                      Respectfully submitted,

                      COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION, and RUTH BRAMSON, in her capacity as Personnel Administrator of the Human Resources Division,

                      By their attorney,

                      THOMAS F. REILLY
                      ATTORNEY GENERAL

                      /s/ Sookyoung Shin
                      Ronald F. Kehoe, BBO # 264260
                      Sookyoung Shin, BBO # 643713
                      Assistant Attorneys General
                      Government Bureau
                      One Ashburton Place, Room 2019
                      Boston, MA 02108-1698
                      (617) 727-2200, ext. 3221 (Kehoe), ext. 2052 (Shin)

Dated: March 22, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on March 22, 2006.

/s/ Sookyoung Shin
Sookyoung Shin
Assistant Attorney General