UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>      Plaintiffs,<br><br>     v.<br><br>CITY OF LYNN, *et al.*,<br><br>      Defendants.<br><br>BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP,<br><br>      Intervenors. | CIVIL ACTION<br>NO. 05-10213-PBS |

## STATE DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

The State defendants submit their proposed conclusions of law, without prejudice to, and reserving, their right to supplement this list as appropriate.

1. In determining whether the Human Resources Division's ("HRD") entry-level firefighter examination resulted in adverse impact, the relevant consideration is hiring statistics, not test scores.

2. By statute, residents, veterans, and children of firefighters killed in the line of duty are given absolute preferences in placement on the certification lists prepared by HRD. See Mass. Gen. Laws ch. 31, § 26. These statutory preferences must be taken into account in determining whether the challenged examinations had any adverse impact on minorities at the hiring level.

3. The burden is on plaintiffs to demonstrate that the challenged examinations had an adverse impact on minorities at the hiring level. See 42 U.S.C. § 2000e-2(k). Plaintiffs have failed to meet their burden.

4. The challenged examinations are "job related" and "consistent with business necessity" within the meaning of Title VII. 42 U.S.C. § 2000e-2(k)(1)(A)(i).

5. Title VII coverage is limited to discrimination occurring within an employment relationship. See Alberty-Velez v. Corporacion de Puerto Rico Para la Difusion Publica, 361 F.3d 1, 6 (1st Cir. 2004). The State defendants are not liable under Title VII because no employment relationship exists between plaintiffs and HRD.

6. The challenged examinations do not violate Title VII or the Beecher decree because they were validated according to the Uniform Guidelines on Employee Selection Procedures (1978) of the United States Equal Employment Opportunities Commission ("EEOC Guidelines"). See NAACP, Inc. v. Beecher, 371 F. Supp. 507, 521 (D. Mass. 1974); see, e.g., Association of Mexican-American Educators v. State of California, 231 F.3d 572, 584-90 (9th Cir. 2000).

7. The challenged examinations do not violate Title VII or the Beecher decree because they satisfy the 80% or four-fifths rule set forth in the EEOC Guidelines. 29 C.F.R. § 1607.4D.

8. Plaintiffs do not have standing to enforce the Beecher decree. The City of Lynn achieved racial parity over 20 years ago; thus, plaintiffs, who are applying for firefighter positions in Lynn only, no longer have any enforceable interests under the decree. See, e.g., Barfus

v. City of Miami, 936 F.2d 1182, 1187 (11th Cir. 1991); Moore v. Tangipahoa Parish School Board, 625 F.2d 33, 34-35 (5th Cir. 1980).

9. The intervenors, and the members of the class, do not have standing to enforce the Beecher decree. At best, the intervenors and the class members have protected interests under the decree only in those municipalities where racial parity has not been reached. With regard to those municipalities, however, the intervenors and class members still lack standing to enforce the decree because they have suffered no redressable injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). HRD has already agreed to implement a new examination, and to the extent any further prospective relief is warranted, that need is fulfilled by the decree itself. See NAACP v. Beecher, 371 F. Supp. at 521-23.

10. Plaintiffs and intervenors have waived any claim that the past firefighter examinations violated the Beecher decree because the decree, by its terms, requires that any dispute as to the validity and job-relatedness of a proposed examination be resolved "before any such test is put into use for the purpose of qualifying or selecting." NAACP v. Beecher, 371 F. Supp. at 521.

11. Plaintiffs' claims for injunctive and declaratory relief were mooted by HRD's voluntary abandonment of the challenged examination for future use. See, e.g., New England Regional Council of Carpenters v. Kinton, 284 F.3d 9, 18 (1st Cir. 2002).

12. Plaintiffs' claim for compensatory relief—i.e., compelled hiring, with retroactive back pay, seniority, and other damages—is relevant only to defendant City of Lynn, who is the actual hiring authority.

13. Plaintiffs are not entitled to compensatory relief because it is not reasonably clear that, but for the alleged discrimination, plaintiffs would have gotten the jobs in question. See 42 U.S.C. § 2000e-5(g); Evans v. City of Evanston, 881 F.2d 382, 386 (7th Cir. 1989). Additionally, plaintiffs are not entitled to compensatory relief because such relief, if granted, would unfairly impinge on the interests of the individuals currently on the eligibility lists. See NAACP v. Beecher, 371 F. Supp. at 520; Evans, 881 F.2d at 385.

    Respectfully submitted,

    COMMONWEALTH OF MASSACHUSETTS,
    HUMAN RESOURCES DIVISION, and RUTH
    BRAMSON, in her capacity as Personnel
    Administrator of the Human Resources Division,

    By their attorney,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Ronald F. Kehoe
    Ronald F. Kehoe, BBO # 264260
    Assistant Attorney General
    Government Bureau
    One Ashburton Place
    Boston, MA 02108-1698
    (617) 727-2200, ext. 3221