UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,<br>　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts,<br>　　　　Defendants. | Civil Action No. 05-10213-PBS  |

**MOTION IN LIMINE TO (1) ESTABLISH THAT THE PARTIES' SWORN EXPERT REPORTS SUBSTITUTE AS THEIR DIRECT TESTIMONY; OR (2) LIMIT EXPERT TESTIMONY ONLY TO THOSE FACTS AND EXPERT OPINIONS WHICH ARE ACTUALLY IN DISPUTE AS EVIDENCED BY THE PARTIES' EXPERT REPORTS; OR (3) LIMIT DIRECT AND CROSS-EXAMINATION TO THOSE PARTS OF THE PARTIES' EXPERT REPORTS WHICH HAVE ACTUALLY GENERATED FACTUAL OR EXPERT OPINION DISPUTES**

Plaintiffs, by their attorneys, hereby move this Honorable Court to issue a ruling limiting the expert testimony in this case and setting a procedure which would ensure that only those expert opinions and facts which are truly in dispute be the subject of direct testimony and cross-examination, and permitting the parties' expert reports to serve as their direct testimony, while permitting cross-examination and questions from the court of the parties' experts. In support of this motion, plaintiffs state as follows:

1

A.  <u>Background</u>.

The named and class plaintiffs in this case are minority candidates who took the 2002 and 2004 Commonwealth of Massachusetts entry-level civil service examination for the position of fire fighter. The plaintiffs claim that the examination had a significant discriminatory impact upon minority candidates, and at the same time did not meet the validity standards required by the Equal Employment Opportunity Commission regulations. Accordingly, the plaintiffs assert that such exams violated Title VII of the Civil Rights Act of 1964, as amended (as well as the requirements of the <u>Beecher</u> decree). Further, plaintiffs claim that even if such exam did meet validity standards, there were far less discriminatory alternatives available to the Commonwealth which it failed to consider or implement, also making such exam violative of Title VII.

The plaintiffs have retained two experts in this case, Dr. Frank Landy, one of the world's preeminent experts in entry-level police and fire fighter examinations, and Dr. Joel Wiesen, who served as the Commonwealth's testing expert for more than ten years.

In August of 2005, in compliance with the Court's expert discovery deadlines, the plaintiffs provided to the defendants a 123-page expert report by their expert, Dr. Frank Landy. (See Exhibit A annexed hereto.) This expert report was necessitated because the defendants have taken the position that their entry-level examination given in 2002 and 2004 for fire fighter (1) did not have a discriminatory impact; and (2) met validity standards and was therefore not unlawful under Title VII or the <u>Beecher</u> decree. The report by Dr. Landy,[1] includes graphs, charts, and case materials, and provides an

---

[1] The plaintiffs would like to emphasize that the two reports they have obtained from Dr. Landy, the initial report and the reply to defendants' expert, plus the expert opinion and report from Dr. Wiesen,

2

expert opinion on 11 specific points set forth in the executive summary of his report at pp. v and vi. (See Exhibit A annexed hereto.) His report states that (1) the cognitive ability test used by the Commonwealth of Massachusetts to test and score entry-level fire fighters in the Commonwealth of Massachusetts did not meet professional validity standards; (2) there is a pervasive adverse impact against African-Americans and Hispanics as a result of that examination; (3) the Commonwealth has utterly failed to employ other less discriminatory alternative testing procedures and strategies that would lower or eliminate the severe adverse impact of the examination; and (4) the use of the 2002 and 2004 cognitive ability examination for entry-level fire fighter was not job related or fair. Id.

Ironically, Dr. Landy was the primary expert hired by the Commonwealth of Massachusetts in or about 1991 to design a job-related valid test that would meet EEOC guidelines. In his report Dr. Landy describes how, in 1992, he recommended a multi-test instrument that would significantly lower the discriminatory impact of the exam and meet then current validity standards. He further describes how the Commonwealth of Massachusetts utterly failed to follow his recommendations. (See Exhibit A, Executive Summary Opinion 1 at p. v.)

In addition, the plaintiffs submitted to the defendants an expert report from Dr. Joel Wiesen, who, until 1990, was HRD's own in-house industrial psychologist responsible for inter alia helping to create and administer entry-level police and fire

---

have, to date, cost plaintiffs expert witness fees of approximately $200,000, not including time which will now be necessary to prepare for trial. The plaintiffs were forced to obtain these expert reports, running close to 200 pages, solely because of the Commonwealth's unwillingness to concede any issue regarding liability in this case. As discussed in the text, when the Commonwealth finally did provide its expert report, its expert only took issue with whether or not there had been "adverse impact," in the City of Lynn only, not whether the exam met validity standards.

examinations for the Commonwealth of Massachusetts. (See Exhibit B annexed hereto.) Dr. Wiesen, like Dr. Landy, finds that the 2002 and 2004 entry-level fire fighter exam had a significant adverse impact on minorities, that the test did not meet EEOC validity standards, and the Commonwealth failed to consider less discriminatory alternatives as required by Title VII.

Several months thereafter, in October of 2005, the defendants presented plaintiffs with their expert witness report from Rick Jacobs, Ph.D., a former business partner of Dr. Landy. (See Exhibit C.) Surprisingly, Dr. Jacobs focused on only one issue in his report. He states, "our report concludes that while the testing process has a great deal of room for improvement, the process of hiring as it is practiced in Lynn does not result in an adverse impact." Remarkably, and despite the fact that this case was brought as a class action and is now certified as a class action covering all minority applicants in the Commonwealth for the position of fire fighter who took the 2002 or 2004 exam, Dr. Jacobs' report does not address nor take issue with Dr. Landy and Dr. Wiesen's findings that the exam does not meet current validity standards under Title VII. Nor does Dr. Jacobs address Dr. Wiesen and Dr. Landy's finding that the test overall had a significant adverse impact upon minorities at the effective cut-off score for entry-level fire fighter hires statewide. (See Exhibit C annexed hereto.)

On November 11, 2005, Dr. Landy prepared a rebuttal to Dr. Jacobs' report. (See Exhibit D annexed hereto.) In his rebuttal report, Dr. Landy demonstrates why the entry-level fire fighter examination had an adverse impact on minority applicants, both in the City of Lynn and statewide. Further, Dr. Landy points out that the Dr. Jacobs' study

only analyzed the question of adverse impact in Lynn for African-Americans, and not for Hispanics, even though Hispanics are part of the class plaintiffs.

>    B.   The Court Should Limit The Expert Testimony And Admit The Reports As The Experts' Direct Testimony.

Given the cost, time, and effort measured against the lack of actual dispute on many issues, this court should allow each expert's report (which should be signed under pains and penalty of perjury) as constituting their direct testimony. In addition, each party should be allowed to elicit some direct testimony from their experts, limited to the only issue in dispute, whether the 2002 and 2004 examination had significant adverse impact upon minority applicants. The plaintiffs' counsel fervently believe that it would serve no useful purpose, and would result in huge expert witness costs, to require their experts to testify from scratch about every issue in this case, when fairly construed, only one issue is in dispute – whether there was adverse impact. Since the defendants did not have their expert address, and they therefore do not contest with any expert or lay testimony, whether the test met validity standards, and whether there were less discriminatory alternatives available, there is simply no reason for the plaintiffs to be required to spend significant additional costs and time preparing their experts for and presenting evidence on an issue which is clearly not in dispute.

To date, plaintiffs' counsel have had to expend nearly $200,000 in expert witness fees. This cost was necessary in order for plaintiffs' experts to study the 2002 and 2004 exam, the statistical data relating to scoring and adverse impact, and compile expert reports totaling nearly 200 pages, along with charts and graphs. To require plaintiffs to reproduce all of this testimony through live witnesses at trial, would prolong the trial of

this case by days, and would literally require plaintiffs' counsel to expend hundreds of thousands of dollars more in expert witness fees, which they can little afford.

Given that there is only one real issue in dispute, as made clear by the competing expert reports, the court should limit the actual testimony of the experts to that one issue, and to any cross-examination which either party believes is appropriate. Further, plaintiffs propose that the court receive in evidence all of the expert reports in this case. This would afford the court the opportunity to read and familiarize itself with those expert reports in advance of the trial. This would allow the trial to go forward in an expedited fashion, with each expert perhaps only having to be on the stand for hours rather than days.

Several judges in this district (Judge Keeton and Judge Woodlock) have utilized this practice for some time. Indeed, in several trials Dr. Landy's expert report constituted his direct testimony. This proposal is an efficient use of the court's time, allows the actual issues in dispute to be narrowed considerably, and permits the parties to focus on that which actually needs to be tried.

Further, in this case, the defendants should not be permitted to attempt to litigate issues for which they have provided no expert reports, and which are issues which are only susceptible of determination by experts. Simply stated, only expert testimony can determine whether or not a particular examination meets Title VII validity standards. Defendants were afforded a full opportunity to counter plaintiffs' expert reports on this issue, and their expert failed to do so. Presumably, Dr. Jacobs failed to counter plaintiffs' evidence on validity, because it is clear that the test does not meet validity standards. The Commonwealth should now not get another opportunity to do so.

For all of these reasons, the plaintiffs request this Court to issue an appropriate order in limine permitting expert testimony to be introduced at trial through the expert reports, with cross-examination limited generally to the issues of adverse impact and, of course, with the court having the opportunity to question all experts extensively on any subjects which the court deems appropriate.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, on behalf of themselves and a class of similarly situated individuals,

By their attorneys,

/s/ Harold Lichten
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg &
  Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Date: March 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic filing on March 28, 2005.

/s/ Harold Lichten
Harold L. Lichten

7

For all of these reasons, the plaintiffs request this Court to issue an appropriate order in limine permitting expert testimony to be introduced at trial through the expert reports, with cross-examination limited generally to the issues of adverse impact and, of course, with the court having the opportunity to question all experts extensively on any subjects which the court deems appropriate.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, on behalf of themselves and a class of similarly situated individuals,

By their attorneys,

s/Harold L. Lichten
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg &
  Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108

Date: March 28, 2006           (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic mail on March 28, 2005.

s/Harold L. Lichten
Harold L. Lichten

7