UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACOB BRADLEY, *et al.*,

        Plaintiffs,

        v.

CITY OF LYNN, *et al.*,

        Defendants.

BOSTON SOCIETY OF THE VULCANS and
NEW ENGLAND AREA CONFERENCE OF THE
NAACP,

        Intervenors.

CIVIL ACTION
NO. 05-10213-PBS

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS'
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The State defendants hereby oppose plaintiffs' proposed findings of fact and conclusions of law. In support of this opposition, the State defendants rely on their own proposed findings of fact (Paper No. 83) and conclusions of law (Paper No. 84), filed on March 29, 2006. Additionally, the State defendants note the following objections in particular:

(1) In proposed findings of fact 16 to 20, plaintiffs assert, relying on a new "Supplemental Expert Report of Joel P. Wiesen," that HRD's examination resulted in adverse impact in actual hiring. The evidence will show, however, that when the statutory preferences for veterans, residents, and children of firefighters killed in the line of duty are taken into account, see Mass. Gen. Laws ch. 31, § 26, HRD's examination did not have any "significantly discriminatory impact" at the hiring level. 42 U.S.C. § 2000e-2(k)(1)(A)(i).

(2) In proposed findings of fact 21 to 23, plaintiffs allege that HRD's examination had an adverse impact on minority veterans. Plaintiffs' experts, however, have not included any discussion of this issue in their reports. Thus, plaintiffs cannot meet their burden of proving adverse impact on minority veterans.

(3) In proposed finding of fact 30, plaintiffs allege that HRD "last measured the validity of the firefighter examinations in the mid-1990s." In 2002, however, the firm of SHL USA advised HRD that the 1992 validation was still valid because the abilities needed to succeed as a firefighter had not changed substantially over time.

(4) In proposed finding of fact 33, plaintiffs make the vague assertion that "HRD has not compiled the necessary evidence of validity for the 2002 and 2004 firefighter examinations as required by the EEOC's Uniform Guidelines." To the contrary, however, the evidence at trial will show that the examinations are valid because they are "job related" and "consistent with business necessity." 42 U.S.C. § 2000e-2(k)(1)(A)(i).

(5) In proposed findings of fact 34 to 36, plaintiffs assert that HRD did not consider any alternative evaluation methods, which allegedly have less adverse impact than the written cognitive test. The evidence at trial will show, however, that the alternative methods are not consistent with HRD's legitimate business interests and would not, in any event, appreciably reduce adverse impact. The evidence will also show that the State defendants did not "refuse[] to adopt [the] alternative employment practice" proposed by the plaintiffs. Id. § 2000e-2(k)(1)(A)(ii).

In addition, the State defendants generally oppose plaintiffs' statement of proposed findings of fact and conclusions of law, relying on their own statement filed on March 29, 2006.

    Respectfully submitted,

    COMMONWEALTH OF MASSACHUSETTS,
    HUMAN RESOURCES DIVISION, and RUTH
    BRAMSON, in her capacity as Personnel
    Administrator of the Human Resources Division,

    By their attorney,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Sookyoung Shin
    Ronald F. Kehoe, BBO # 264260
    Sookyoung Shin, BBO # 643713
    Assistant Attorney General
    Government Bureau
    One Ashburton Place
    Boston, MA 02108-1698
    (617) 727-2200, ext. 3221 (Kehoe)
                   ext. 2052 (Shin)

Dated: April 4, 2006

**Certificate of Service**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on April 4, 2006.

               /s/ Sookyoung Shin
               Sookyoung Shin
               Assistant Attorney General