UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LYNN, *et al.*, <br><br> Defendants. | CIVIL ACTION <br> NO. 05-10213-PBS |

STATE DEFENDANTS' MOTION TO STRIKE
MAY 31, 2006, AFFIDAVIT OF DR. FRANK LANDY

The State defendants hereby move to strike the May 31, 2006, Affidavit of Dr. Frank Landy, entitled "Response to the Report of Dr. Rick Jacobs of May 19, 2006" (Document 114). In support of the motion, defendants state as follows:

1.  On May 31, 2006, plaintiffs submitted a letter (Document 113) requesting permission to file a new response document from Dr. Landy, which counsel characterizes as an "affidavit." On its face, however, it is not an "affidavit" (being unsworn), but a new argumentative paper. Plaintiffs also e-filed the so-called "affidavit" itself (Document 114).

2.  Plaintiffs' submission directly violates a ruling that this Court issued from the bench on May 4, 2006, the sixth and last day of trial. On that day plaintiffs had sought to submit a four-page, single-spaced response from Dr. Landy entitled "Response to the Direct and Cross-Examination Testimony of Dr. Jacobs." See Trial Exh. 33R. The Commonwealth objected to the response because it was not limited to the new exhibits offered at trial, but rather, was an extensive and free-ranging rebuttal of multiple topics addressed in Dr. Jacobs's testimony and reports. See Day 6 Trial Tr. at 155. This led to the following exchange:

> THE COURT: I tell you what: You[] [defendants] [are] the last word. Whatever Jacobs wants to say he can. No reply to the reply to the reply.
>
> MR. LICHTEN: Fine.
>
> ***
>
> THE COURT: I allow that in, and I allow Jacobs to respond to it, and that's it, kaput. Okay?
>
> MR. KEHOE: Well, he'll also respond as originally planned to the Wiesen exhibits.
>
> THE COURT: Absolutely, absolutely.

Id.

3.     This Court therefore made clear that no additional responses would be allowed once Dr. Jacobs submitted his final report. Plaintiffs' counsel did not object, and in fact affirmatively agreed, with that ruling. See id.

4.     This Court also made clear that "[w]hatever Jacobs wants to say" in his final report "he can." Id. Thus, contrary to plaintiffs' representations, Dr. Jacobs' report does not go "beyond . . . what the Court authorized him to do." Pls.' May 31, 2006 letter (Document 113).

5.     Plaintiffs further misrepresent that Dr. Landy "did not have an opportunity to respond to Dr. Jacobs's testimony" on the issue of dropout rates. Id. Dr. Landy not only had the opportunity, he took advantage of that opportunity in his May 19, 2006, response. See Trial Exh. 33R (point 6). Moreover, Dr. Landy's latest response is not even limited to the issue of dropout rates. The last paragraph under the heading "Overall Adverse Impact" discusses a range of issues that could have been, and were, addressed before and during trial.

6.     Plaintiffs' belated submission greatly prejudices the defendants. The issue of dropout rates was raised by plaintiffs themselves on April 13, 2006, the third day of trial. See

Day 3 Trial Tr. at 73-74. Yet plaintiffs did not provide Dr. Landy's latest response to defendants until the afternoon of May 31—nearly a month after trial ended and one day before trial briefs were due. By that time defendants had substantially completed their brief.

7.  Defendants have also been deprived of the opportunity to cross-examine Dr. Landy on the issues raised in his new so-called "affidavit." In particular, defendants should have been allowed to question Dr. Landy on the methodology he used in purporting to calculate statewide dropout rates.

8.  The end of the "reply to the reply" series was Dr. Jacobs's final response, which the Court allowed as "the last word." See Exh. 33S (Document 111). Plaintiffs' latest submission of new expert evidence at this late date violates this Court's oral ruling, is untimely, and substantially prejudices the defendants. For these reasons defendants respectfully request that the Court grant their motion to strike.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
HUMAN RESOURCES DIVISION, and RUTH
BRAMSON, in her capacity as Personnel
Administrator of the Human Resources Division,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Sookyoung Shin
Ronald F. Kehoe, BBO # 264260
Sookyoung Shin, BBO # 643713
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698

Dated: June 1, 2006                    (617) 727-2200, ext. 2619 (Kehoe), ext. 2052 (Shin)

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on June 1, 2006.

/s/ Sookyoung Shin
Sookyoung Shin
Assistant Attorney General