UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,<br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts,<br>　　　　　Defendants,<br><br>BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP,<br>　　　　　Intervenors | Civil Action No. 05-10213-PBS |

_____

**PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO STRIKE
MAY 31, 2006, AFFIDAVIT OF DR. FRANK LANDY**

HRD has moved to strike a supplemental affidavit submitted by Plaintiffs from their expert Dr. Frank Landy regarding "drop-out" rates, an issue that HRD only began to raise as a significant issue near the close of trial. In this case, the Court has allowed the parties to present supplemental or rebuttal expert testimony through affidavits so as to save the enormous expense of bringing the experts back for live testimony. The Court should allow this supplementation as well because of the significance of this issue and the prejudice the plaintiffs would suffer if they were not permitted to present this rebuttal evidence due to the expense of bringing Dr. Landy back for additional

testimony.  In addition (since HRD contends that it is entitled to the "last word"), when Plaintiffs provided this affidavit to HRD last week, their counsel informed HRD's counsel that they would have no objection to Dr. Jacobs responding to the affidavit if it were submitted in advance of the closing argument tomorrow; however, HRD did not provide a responding affidavit from Dr. Jacobs.  Given that much of this trial has amounted to trial by ambush, with HRD giving Plaintiffs documents at the trial itself that needed to be reviewed, analyzed, and used for witness questioning on the spot (such as new Boston certification lists that HRD previously had in its possession), and with HRD's expert testifying well beyond the scope of his expert report (such that Plaintiffs' counsel were largely unaware prior to trial what his testimony would be), Plaintiffs should not now be prejudiced by not being permitted to respond by expert affidavit to an important issue raised by HRD late in the trial.

Also, in particular, on the last day of trial, HRD attempted to introduce evidence through Sally McNeely that statewide minorities are bypassed at a higher rate than whites.  The Court ruled that this point would not be considered unless the plaintiffs had the opportunity to challenge this assertion.  (Vol. 6, pp. 74-77.)  The May 31, 2006, affidavit from Dr. Landy specifically challenges and disproves this assertion.

In addition, there was some confusion following both sides' expert testimony regarding why the experts appeared to have reached different conclusions regarding "drop-out" rates.[1]  Dr. Landy's recent affidavit puts that confusion to rest, as well as showing that his analysis of the data comports with the scientific literature in his field.

---

[1] Dr. Landy's testimony on this issue at trial was based upon quick calculations he was called on to perform in a very short timeframe during the trial.  The affidavit provides some opportunity for him to explain these calculations in a less rushed manner.

Finally, the affidavit has been provided in order to assist the Court in an analysis that could be performed by the Court directly from the data in evidence. Even without formally accepting the affidavit, the Court could replicate Dr. Landy's calculations by studying the hiring data provided in Exhibits 20 and 33H.

Although Plaintiffs recall the exchange that HRD cites in its motion, they were under the impression from another point in the trial that the Court would allow supplemental affidavits on the issue of drop-out rates. For all of the reasons described above, the Court should deny the State Defendants' Motion to strike Dr. Landy's May 31, 2006, affidavit.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS,
individually and on behalf of a class of similarly situated individuals,

By their attorneys,

 /s/ Shannon Liss-Riordan
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg
& Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108

Date: June 8, 2006            (617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic filing on June 8, 2006.

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

3