UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10213-PBS

JACOB BRADLEY, NOAH BRADLEY, KEITH
REILY and JARED THOMAS,

    Plaintiffs,

v.

CITY OF LYNN et al.,

    Defendants.

### AFFIDAVIT OF ROBERT J. MORAN.

I, Robert J. Moran, do hereby state as follows:

1. I am the Director of Human Resources for the City of Boston Fire Department ('Fire Department') and have held that position since July 21, 2001;

2. Among my duties as Director of Human Resources is overseeing the hiring and training of firefighter candidates;

3. The Fire Department requested a certified list of firefighter candidates from the Commonwealth of Massachusetts on March 30, 2006, and received that list on April 11, 2006;

4. The Boston Fire Department requested a second certified list of firefighter candidates from the Commonwealth of Massachusetts on April 4, 2006, and received that list on April 21, 2006;

5. The candidate lists the Fire Department received from the Commonwealth during April, 2006, were derived from the civil service examination given April 24, 2004, which does not expire until October 31, 2006;

6. The Fire Department has already called sixty-five candidates from the lists provided by the Commonwealth during April, 2006, in hopes of entering fifty candidates into its Fire Academy in July, 2006. Ten of these sixty-five candidates are minorities, including two black females;

7. As of this date, the Fire Department has already completed its orientation of the new firefighter candidates drawn from the lists provided by Commonwealth in April, 2006, and has already completed the drug testing for those candidates;

8. On Monday, May 22, 2006, the Fire Department began conducting background checks on those candidates;

9. I am informed that the Plaintiffs and Intervenors in the above-entitled litigation have asked this Court to order the Commonwealth to reorder or revise the list from which the Fire Department has already drawn firefighter candidates for its next class;

10. The Fire Department's budget allows for only fifty firefighter candidates to enter the Fire Academy. Should the Commonwealth reorder the lists at this late date, candidates who are already well along in the hiring process would face exclusion as candidates benefiting from the reordering were added. The Fire Department would not only be set back at least two months in its hiring process, but also would bear additional expense and be

subjected to the possibility of litigation by those candidates who were excluded as a result of the reordering of the lists.

11. The Fire Department is currently understaffed. Approximately forty percent of current overtime is due to understaffing;

12. It is of paramount importance in protecting the safety of the residents of the City of Boston (and of current firefighters, who work substantial overtime due to understaffing) that the Fire Department be permitted to complete the process already underway and begin training a new class of candidates at its Fire Academy in July, 2006, as scheduled;

13. The next civil service examination is scheduled to be given on June 10, 2006; and,

14. The Fire Department has worked with the Commonwealth in an attempt to produce a more equitable examination, including the use of focus groups and analysis of job requirements. The June 10, 2006, examination reflects those efforts.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed on the 30th day of May, 2006, at Boston, Massachusetts.

ROBERT J. MORAN
Director of Human Resources,
City of Boston Fire Department

3