**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and RUTH BRAMSON, in her capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts,<br>　　　　　　　Defendants,<br><br>BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP,<br>　　　　　　　Interveners | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. <u>05-10213-PBS</u> |

_____)

**<u>AMENDED PROPOSED REMEDIAL ORDER</u>**

On August 8, 2006, this Court issued a Memorandum and Order regarding liability, concluding that the written civil service cognitive ability examination used in 2002 and 2004 to qualify and rank applicants has had a disparate and adverse impact on Black and Hispanic candidates for entry-level firefighter positions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), (k) (2006), and the federal consent decree in <u>Boston Chapter, NAACP, Inc. v. Beecher</u>, 371 F. Supp. 507 (D. Mass. 1974) (the "<u>Beecher</u> decree"). Based on these findings, it is hereby ordered as follows:

**A.**     **Addressing the Adverse Impacts of the 2002 and 2004 Examinations Through Remedial Hiring and Backpay**

1.     The Commonwealth, along with and in cooperation with Plaintiffs' and Interveners' counsel, shall attempt to identify individuals who would have been hired as firefighters based on the 2002 and 2004 examinations if not for the adverse impact of those examination by taking the following actions:

a.     Utilizing the so-called "shortfall" formula developed by Dr. Jacobs, and to be reviewed by plaintiffs' experts, the Commonwealth shall identify the number of minority candidates who would likely have been hired by the various Commonwealth communities based on the results of the 2002 and 2004 examinations had those examinations not had adverse impact on minorities.  A shortfall of .3 in any community shall satisfy the standard for taking the steps set forth below.  Further, for those communities whose shortfall analysis is greater than 1, a fraction of .4 or higher shall be rounded up to the next whole number.

b.     The Commonwealth shall then identify by municipality the specific minority candidates who would have been next in line for consideration for hire based on the results of the 2002 and 2004 examinations and shall, if such individuals remain interested in such position, place the names of those individuals at the top of the eligibility lists for entry-level firefighter positions in their respective communities. If necessary, the Commonwealth shall revive the eligibility of those candidates pursuant to state Civil Service law.  If insufficient names are

generated by this method to cover the shortfall using a 2N plus one formula, PAR 10 will be used to consider current minority candidates.

c.    The Commonwealth shall then utilize minority certification lists under Personnel Administration Rule (PAR) 10 until the number of candidates hired pursuant to those lists in affected communities equals the identified number identified in the shortfall analysis.

d.    The Court shall appoint (with the parties' input and approval) a Special Master, at the Commonwealth's expense, who shall resolve any issues that result from the hiring process described in this section 1.

2.    The Special Master shall make a determination as to the entitlement to back pay for any candidate hired as a result of this order, or hired later than would otherwise have occurred had the test not been discriminatory, based on the difference between what the candidates would have earned as firefighters had they been selected in their municipalities' previous hiring round(s), including lost overtime and detail opportunities, and what they have in fact earned during the same time period.  Back pay shall only be available to identifiable victims of discrimination (as described above) for the 2002 and 2004 examination.  The Special Master shall also determine the amount of civil service and retirement years of service to be credited to each such candidate hired.

## B.    *Monetary Damages for the Class*

3.    The Commonwealth shall create a fund in the amount of all fees paid by minority candidates to take the 2002 and 2004 examinations.  Such

fund shall be distributed equally to all minority class members who can be located.

**C.      *Prospective Obligations***

4.      Upon completion of the 2006 entry-level firefighter examination, the Commonwealth will provide to the Plaintiffs' and Interveners' attorneys all test scores, weighting criteria, certification lists, appointment data, and all other relevant information necessary to conduct an adverse impact and "job relatedness" analysis of the examination and selection processes.

5.      Following the next three entry-level firefighter examinations (2008, 2010 and 2012), the Commonwealth shall continue to provide to the Plaintiffs' and Interveners' counsel all test scores, weighting criteria, certification lists, appointment data, and all other relevant information necessary for the Plaintiffs and Interveners to conduct an adverse impact analysis of the examination and selection processes.

6.      To account for the adverse impact in the selection process separate and apart from the adverse impact in the testing process, the Court shall modify the terms of the Beecher decree to allow the parties the opportunity to contest an examination under that decree even after appointments have been made utilizing examination scores.

**D.      *Future Minority Recruitment***

7.      As part of its continuing interest in maintaining firefighting forces throughout the Commonwealth that achieve the racial and ethnic diversity of Massachusetts' communities, the Commonwealth agrees to implement and

follow the Minority Recruitment Plan, submitted by the Interveners as Attachment A to this document.

### E.     *Plaintiffs' and Interveners' Additional Damages, Fees, and Costs*

8.     In addition to any relief granted pursuant to sections A and B of this Order, the Commonwealth shall pay to each named Plaintiff the amount of $25,000 (as an incentive payment for bringing this litigation on behalf of a class), and shall ensure that each plaintiff is certified for appointment under Section A of this agreement.

9.     The Commonwealth shall also pay to each of the Intervener organizations the amount of $25,000 to be used for their own recruitment efforts and to provide preparation courses for minority candidates taking the examination.

10.     The Commonwealth will pay to the Plaintiffs all of their reasonable attorneys' fees and costs associated with this case and ensuring compliance with this order. The amount of costs in this paragraph shall include all expert witness fees.

11.     The Commonwealth will pay to the Interveners all of their reasonable attorneys' fees and costs associated with this case and ensuring compliance with this order. The amount of costs in this paragraph shall include all expert witness fees.

### *F.*     *Separate and Final Judgment*

12.    The Court shall enter separate and final judgment in this case

with respect to liability and remedy regarding the 2002 and 2004 firefighter

examination.

Respectfully submitted,

JACOB BRADLEY, NOAH BRADLEY, KEITH
RIDLEY, and JARED THOMAS,
individually and on behalf of a class of
similarly situated individuals,

By their attorneys,

 /s/  Shannon Liss-Riordan_____
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Alfred Gordon, BBO # 630456
Pyle, Rome, Lichten, Ehrenberg &
        Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

NEW ENGLAND AREA CONFERENCE OF
THE NAACP AND THE BOSTON SOCIETY
OF VULCANS

By their attorneys,

/s/ Nadine Cohen_____
Nadine Cohen (BBO #090040)
Lawyers Committee for Civil Rights Under Law
294 Washington Street
Boston, Massachusetts  02108
(617) 482-1145

/s/ Mark D. Selwyn_____
Mark D. Selwyn (BBO #565595)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Date:  October 27, 2006        (617) 526-6000

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic notice on October 27, 2006.


_/s/  Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.