UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>CITY OF LYNN, *et al.*, <br><br>　　　　　　　Defendants. | CIVIL ACTION <br> NO. 05-10213-PBS |

**STATE DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO FED. R. CIV. P. 58 OR IN THE ALTERNATIVE
FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

By their Amended Complaint filed on June 28, 2005, plaintiffs have challenged both the firefighter and police officer entry-level examinations administered by defendant Human Resources Division ("HRD") as discriminatory. On December 6, 2006, this Court issued a six-page Remedial Order, which states in its final paragraph that "[t]he Court hereby enters separate and final judgment with respect to liability and remedy regarding the 2002 and 2004 firefighter examinations." Assuming that the Court intended that language to be the certification required under Fed. R. Civ. P. 54(b) for entry of final judgment as to fewer than all of the claims, the State defendants now request that the Court set forth its judgment on these claims on a separate document as required by Fed. R. Civ. P. 58(a)(1). See Fed. R. Civ. P. 58(d) ("A party may request that judgment be set forth on a separate document as required by Rule 58(a)(1)."). In support of their request, defendants submit that this clarification will eliminate any uncertainty regarding the date of entry of judgment on these claims, which will start the time running for any appeal from the judgment that has entered.

In the alternative, if the Court considers the December 6, 2006, Remedial Order to be the "separate document" required by Fed. R. Civ. P. 58(a)(1), defendants move for a 30-day extension of time to, and including, February 5, 2007, to file any notice of appeal. Under Fed. R. App. P. 4(a)(5), this Court may grant up to a 30-day extension of time to file a notice of appeal if the moving party shows "excusable neglect" or "good cause." "Excusable neglect" or "good cause" exists in this case because the defendants reasonably believed that the December 6, 2006, Remedial Order was not the "separate document" that starts the time running for purposes of appeal. See Bennett v. City of Holyoke, 362 F.3d 1, 5 (1st Cir. 2004) ("'plausible misconstruction'" of a court's order can constitute "excusable neglect"). Defendants further submit that a 30-day extension of time is appropriate because a new Governor was inaugurated yesterday, and an enlargement of time would allow the new administration at HRD to be apprised of this case and consulted with respect to an appeal. See id. at 5 (determination whether to grant extension of time to appeal has "a significant equitable component").

For these reasons defendants respectfully request that the Court set forth its judgment on a separate document as required by Fed. R. Civ. P. 58(a)(1), or in the alternative, grant defendants an extension of time to, and including, February 5, 2007, to file any notice of appeal.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
HUMAN RESOURCES DIVISION, and RUTH
BRAMSON, in her capacity as Personnel
Administrator of the Human Resources Division,

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

 /s/ Sookyoung Shin
Ronald F. Kehoe, BBO # 264260
Sookyoung Shin, BBO # 643713
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698

Dated: January 5, 2007                    (617) 727-2200, ext. 3221 (Kehoe), ext. 2052 (Shin)

**Certificate of Service**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on January 5, 2007.

               /s/ Sookyoung Shin
               Sookyoung Shin
               Assistant Attorney General