UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JACOB BRADLEY, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF LYNN, *et al.*,<br><br>                Defendants. | CIVIL ACTION<br>NO. 05-10213-PBS |

**STATE DEFENDANTS' ASSENTED-TO[1] MOTION FOR CLARIFYING ORDER
(EXPEDITED DETERMINATION REQUESTED)**

On January 5, 2007, the State defendants filed a motion for entry of judgment pursuant to Fed. R. Civ. P. 58 or in the alternative for a 30-day extension of time to file a notice of appeal (Paper No. 147). In that motion defendants noted that the Court's December 6, 2006 Remedial Order states that "[t]he Court hereby enters separate and final judgment with respect to liability and remedy regarding the 2002 and 2004 firefighter examinations." Defendants then requested that, to the extent the Court intended that language to be the certification required under Fed. R. Civ. P. 54(b) for entry of final judgment as to fewer than all claims, the Court set forth its judgment on a separate document as required by Rule 58(a)(1). In the alternative defendants requested an extension of time to file any notice of appeal, to the extent the Court considered the December 6, 2006 Remedial Order to be the "separate document" required by Rule 58(a)(1).

The same day the motion was filed, this Court entered an electronic order stating that "[t]he Motion for Extension of Time is allowed without opposition." At the same time that order

---

    [1] Counsel for plaintiffs has assented to this motion. Counsel for intervenors has not advised defendants of her clients' position on the motion.

was entered, defendants received a phone call from the Courtroom Clerk, who informed defendants that the Court had directed the parties to draft a proposed Rule 58 judgment and submit it to the Court for review. On January 8, 2007, undersigned counsel for defendants informed plaintiffs' and intervenors' counsel of the Court's order and sent them a proposed Rule 58 judgment for approval. Plaintiffs, however, due to an apparent miscommunication, believed that the Court had already entered a Rule 58 judgment and did not understand that defendants were awaiting comments on their proposed form of judgment. As a result, defendants did not receive comments from plaintiffs' counsel until January 31. Defendants have not yet received comments from counsel for intervenors.

Defendants now respectfully request clarification of the Court's order. The granting of defendants' motion for an extension of time seems to imply that the appeal period has already been triggered, giving defendants until February 5, 2007, to file any notice of appeal. If that was the Court's intent, however, it would seem to be inconsistent with the Court's concomitant order that the parties draft and submit a proposed Rule 58 judgment.

Accordingly, defendants request that the Court issue an order clarifying (1) that the December 6, 2006 Remedial Order was not the separate document as required by Rule 58(a)(1), and (2) that the 30-day appeal period will only start running when the Court enters judgment on a separate document pursuant to Rule 58(a)(1). Defendants propose February 9, 2007, as the date by which the parties must submit a proposed Rule 58 judgment.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
HUMAN RESOURCES DIVISION, and RUTH
BRAMSON, in her capacity as Personnel
Administrator of the Human Resources Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Sookyoung Shin
Ronald F. Kehoe, BBO # 264260
Sookyoung Shin, BBO # 643713
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108-1698

Dated: January 31, 2007       (617) 727-2200, ext. 3221 (Kehoe), ext. 2052 (Shin)

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on January 31, 2007.

                                              /s/ Sookyoung Shin
                                              Sookyoung Shin
                                              Assistant Attorney General