**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200
Fax (617) 367-4820

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea
Alfred Gordon
Tod A. Cochran

Leah M. Barrault
Hillary Schwab**
Maydad D. Cohen
Laurie R. Houle
Erica F. Crystal

October 25, 2007

*Also admitted in Maine
**Also admitted in New York

The Honorable Patti B. Saris
United States District Court
  for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   Jacob Bradley, et al. v. City of Lynn, et al.
      U.S. District Court, Civil Action No. 05-CV-10213-PBS

Dear Judge Saris:

   I am writing a response to the letter that you received from class member Laetitia Aby regarding the above-titled case. I am also attaching a copy of her letter for your convenience. I am sending a copy of this letter to counsel for the defendants and to Ms. Aby.

   Ms. Aby is a so-called shortfall candidate for the Cambridge Police Department. This means that she is eligible for hire by the Cambridge Police Department as a result of the settlement agreement and for back pay (if she is hired) should she chose to pursue this police office position.

   Approximately ten (10) days ago I returned a call from Ms. Aby and spoke to her about her situation. She informed me (as confirmed by her letter) that she received a notice regarding the proposed settlement on or about August 9, 2007. She also related to me that she had decided to pursue other career options and no longer wanted to be a police officer. She inquired as to whether or not she could receive back pay without going through the hiring process and being hired by the Cambridge Police Department. I informed her that under the terms of the settlement agreement, in order for her to be eligible for her back pay entitlement, she would have to successfully complete the hiring

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

The Honorable Patti B. Saris
October 24, 2007
Page 3

process for the Cambridge Police Department. As you may recall, under the terms of the settlement agreement there were two classes of individuals entitled to back pay. The first were so-called delay candidates, minority candidates who were eventually hired as police officers, but whose hiring was delayed as a result of the discriminatory impact of the exam. Since those individuals all became police officers, their entitlement to back pay vested. The second group entitled to back pay under the settlement agreement were those shortfall candidates who have now been moved to the top of the civil service list for the town or city where they originally applied, and who are now eligible for hire should they pass all of the necessary prerequisites, such as the medical exam, psychological exam, background check, etc. The reason that the settlement agreement provided that shortfall candidates would only receive back pay if they now continued on in the process and were hired is because all parties recognize that some shortfall candidates would likely have been disqualified later on in the hiring process and, therefore, would never have been hired even had the exam not been discriminatory. Thus, all parties agreed that the best measure of whether a class member would have been hired during the years 2003 to 2006 had there been no discrimination is whether they are actually hired as a result of their going through the hiring process currently based upon their names being placed at the top of the current list.

Sadly, since Ms. Aby informed me that she no longer wishes to pursue a career as a police officer for the City of Cambridge, I informed her that she was not eligible for a back pay award. When she informed me that she wished to take some further action regarding this matter, I told her that she was free to write a letter to the court, and she has since done so.

Based on the above, and most particularly Ms. Aby's decision not to pursue the Cambridge police officer position, I do not believe that she is entitled to relief and I think this result is consistent with the concepts behind the settlement agreement. Simply stated, if she does not proceed through the hiring process, it will never be known whether she would have made it through the many prerequisites to hiring that were nondiscriminatory.

Sincerely,

Harold L. Lichten

HLL/cjn
Enclosure
cc:   Ron Kehoe, Esq. (via electronic filing)
      Nadine Cohen, Esq. (via electronic filing)
      Ms. Laetitia Aby



O5cv 10213PBS

The Honorable Patti B. Saris
U.S. Court for the district of Massachusetts
One Courthouse Way
Boston, MA 02210

FILED
IN CLERKS OFFICE

2007 OCT 17  A 11: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

October 15, 2007

Dear Honorable Judge Patti B. Saris,

I promise to make this note short. I am sure you are busy dealing with other serious matters. My name is Laetitia Aby. I am writing you in regards to the Jacob Bradley vs. Commonwealth of Massachusetts case. I happen to be one of the applicants who were denied the post of officer between 2003 and 2005. I was and still am a resident of Cambridge, MA. I took the exams for municipal and MBTA police in Somerville MA in 2003 and also in 2005 at Roslindale High School, Roslindale, MA. Back then, I really had the aptitude and readiness required for the duties at hand. I studied for hours for the exams and worked as hard as I could on my physique at the local gym. I wanted to make sure to maintain a consistent and great health overall should I get hired. I was mainly hoping to get hired by the Cambridge PD, and still had chosen three other localities: Somerville, Boston and Watertown/Waltham since I was familiar with them. I waited over a year to hear from one of those branches, but my wait was in vain as you can see.

I had to cope with the losses of two of my siblings between 1998 and 2003. Mourning can take a toll on one's mental state as you may already know. I endured some financial instability around the same time that drove me to several housing displacements. As much as I wanted to be a police officer for our wonderful localities, I lost my interest as I never heard back from anyone after several unanswered calls and written notes. Being a law enforcer is a rewarding and productive role in society anyone can be proud of. Yet the hardship and circumstances made me decide on legal studies instead.

My intent now is to finish my bachelor within the next two years and work my way to Law studies at some point down the line. I admit that perhaps the curiosity and newly developed interest in studying the laws of this country have somewhat been inspired by this case, and also several unfortunate other discomforting civil violations I had to endure the last ten years trying to make a life for myself in Massachusetts. Friends and family members agreed that would be a better move for me. I spend quality times watching Attorney McCoy on the TV show Law and Order, one of my favorite TV prosecutors; which helps me hold on to my legal studies goals.

*[handwritten margin notes: 10/18/07 Plaintiffs shall file a response within 14 days. Patti B. Saris]*

On the other hand, I also wanted to let you know that I did not receive most of the notices that went out in regards to the hearings and settlement that was concluded. The only notice I receive came in the mail on the 9th of August 2007 and that was all she wrote. I also realized last week, through a friend's sister, that I was not the only one on the list to not have received those convocations/notices on time and appropriately.
I was frustrated and still am a little taken aback by it all. The fact that I was not properly notified of the actions taken till the last minute makes this case even more bizarre. I called the office of Nadine Cohen from the Lawyers Civil Rights Committee in Boston on the subject. She was unfortunately about to hand the case over to someone else, yet advised me to write to you or call the other attorney Pyle, Riardon etc about finding some better grounds than the proposed settlement a lot of us did not have a say on it seems.

As I'm writing to you now, I am clueless as to what the actual conclusion was; except that I was told about it over the phone Mr. Harold Lichten's legal assistant. Subsequently enough, I am deviating my intentions and goals away from solving crime or restoring order as a police officer; which is why I hope that perhaps instead of attempting go again through the process of trying to get hired by the police departments, with my name on their shortfall list, I could argue against that settlement since I was never invited to have a say or take part in it. I am hoping to get the recovery/back pay that has been specified however, on the basis that my civil rights were violated due to racial biases as opposed to my say ' inability to do the job and be a part of the Police Corps.

Thank you for your time dear judge. I hope to hear back from you on the subject, and hopefully find a satisfactory agreement soon. It would be nice to get some monies to put towards the fees of my future legal studies and maybe even clear some accidental debts.

Sincerely,


Laetitia Aby