UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, individually and on behalf of a class of similarly situated individuals, Plaintiffs, | ) ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 05-10213-PBS |
| CITY OF LYNN; EDWARD J. CLANCY, JR., in his capacity as Mayor of the City of Lynn; the COMMONWEALTH OF MASSACHUSETTS, DIVISION OF HUMAN RESOURCES; and PAUL DIETL, in his capacity as Personnel Administrator of the Division of Human Resources of the Commonwealth of Massachusetts, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

_____)

## MOTION TO RE-OPEN CASE AND ENFORCE JUDGMENT

The Plaintiffs, by their attorneys, move this Court to 1) re-open this matter in order to 2) enforce the Final Judgment entered by this Court on August 27, 2007, "approving the Settlement Agreement" between the parties (the "Judgment").  The Defendant Commonwealth Division of Human Resources ("HRD") has willfully refused to comply with the express terms of the Judgment and incorporated Settlement Agreement.  This motion therefore requests the Court to re-open this matter and further requests that this Court enter an order requiring the Defendant HRD to comply with the terms of the Judgment and incorporated Settlement Agreement.

This case was filed in 2005 challenging the entry-level firefighter and police officer examinations in the Commonwealth of Massachusetts as having a disparate impact on minority test takers, and not meeting the job-relatedness standards required

1

by Title VII of the Civil Rights Act of 1964.  After a multi-day trial and extensive briefing,

this Court held that the 2002 and 2004 firefighter examination developed and offered by

the Defendant Commonwealth of Massachusetts Human Resources Division ("HRD")

violated Title VII.[1]  Later, after extensive hearing and briefing before the Court, the Court

issued an order on remedy on December 6, 2006 ("the Remedial Order").  The

Remedial Order required the HRD to (1) undertake limited remedial measures to correct

the discriminatory effect of the prior firefighter examinations by requiring HRD to certify

to the affected municipalities a certain number of minority candidates for hire (the

"shortfall hiring list") had there been no disparate impact (the "shortfall hiring

requirement"); (2) provide backpay to those whose hiring was delayed as a result of the

discriminatory exam; and (3) provide appropriate data to Plaintiffs' counsel and

Intervenors' counsel relating to the 2006 firefighter examination.  The August 27, 2007

Judgment approved the Settlement Agreement between the parties which incorporated

these provisions of the Remedial Order, but applied equally to the hiring of police

officers.  HRD was also required to provide ongoing data to the Plaintiffs' and

Intervenors' counsel to allow them to monitor the implementation of the settlement.

Now, almost 36 months after the Judgment was entered, HRD has failed to

comply with the terms of the Settlement Agreement approved by the Court's Judgment.

Specifically, the shortfall hiring requirement for firefighters and police officers has not

been completed; at least several, if not many, minority firefighters and police officers

who were on the shortfall hiring list have not been hired because HRD has refused to

place their names at the top of the relevant civil service list as required by this Court's

---

[1]     Prior to the trial, this Court certified a Rule 23(b)(2) class action both for police and fire candidates who had taken the examination.

Judgment.  HRD has taken the position that the shortfall hiring requirement ended with the certification of the 2008 firefighters' entry level exam, and thus HRD did not place affected class members at the top of the most recent list.  HRD has also failed to provide the Plaintiffs' counsel with the required data regarding its shortfall hiring.  HRD's position and conduct violate the express terms, intent and spirit of the Settlement Agreement as approved by this Court in its Judgment.

For the foregoing reasons and the reasons explained in the accompanying Memorandum in Support of Plaintiffs' Motion to Re-Open Case and Enforce Judgment, the Plaintiffs request that this Court grant the Plaintiffs' motion, re-open this case, and ORDER Defendant HRD to:

a.   establish shortfall hiring lists based on the terms of Settlement Agreement and any Court order incorporated therein for each municipality that has not yet fulfilled its shortfall hiring, based on the Judgment and Settlement Agreement, and place each shortfall hiring list at the top of each municipality's 2008 certified eligibility list within twenty-one (21) days of this Order;

b.   provide to each municipality such shortfall hiring lists as soon as practical;

c.   provide to Plaintiffs' counsel all information, including but not limited to the newly established shortfall hiring lists, required to be provided under the Settlement Agreement as soon as practical, but no later than thirty (30) days after issuance of the new shortfall hiring lists;

d.   comply with all terms of the Judgment and Settlement Agreement, including payment obligations;

3

      e.     file a status update on its compliance with the Settlement

Agreement no later than May 10, 2010; and

    2.     Grant such other relief as this Court deems just and proper.


        JACOB BRADLEY, ET AL,

        By their attorneys,


        _____/s/ Joseph L. Sulman_____
        Harold L. Lichten, BBO # 549689
        Shannon Liss-Riordan, BBO # 640716
        Joseph L. Sulman, BBO # 663635
        Lichten & Liss-Riordan, P.C.
        100 Cambridge Street, 20th Floor
        Boston, MA 02114
Date:  February 24, 2010    (617) 994-5800

## CERTIFICATE OF CONFERENCE

    I hereby certify that I conferred with counsel for the Commonwealth regarding the subject matter of this motion and were not able to reach agreement.


        ___ _/s/ Joseph Sulman_____
        Joseph L. Sulman

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served on the attorneys of record for each party by electronic filing on February 24, 2010.


        _/s/ Joseph Sulman
        Joseph L. Sulman