```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

```
_____
                              )
JACOB BRADLEY, et al.,        )
                              )
        Plaintiffs,           )
                              )
    v.                        )
                              ) CIVIL ACTION NO. 05-CV-10213-PBS
CITY OF LYNN, et al.,         )
                              )
        Defendants.           )
                              )
_____)
```

**MEMORANDUM AND ORDER**

February 24, 2011

Saris, U.S.D.J.

**I. Introduction**

This motion arises in a case about police and firefighter hiring practices in Massachusetts that was settled in August of 2007. Plaintiffs have moved to reopen the case and enforce the judgment and settlement agreement, alleging that Defendants have violated the settlement agreement and the Court's Remedial Order. Defendants for purposes of this motion are the Commonwealth of Massachusetts, Division of Human Resources, and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division (together, "HRD"). The Plaintiffs' motion is **DENIED**.

**II. Background**

The factual background of this case is explained in the opinion this Court issued in 2006, after a bench trial on HRD's liability under Title VII with regard to the firefighter applicants. See Bradley v. City of Lynn, 443 F.Supp.2d 145 (D. Mass. 2006). The Court found the defendants liable, and subsequently issued a remedial order in December 2006, which was amended in February 2007 to bring certain intervenors within its ambit. That remedial order stated that HRD would use the "shortfall methodology" described by an expert in the case (and explained in that order) to remedy the disparate and adverse impact that written examinations issued in 2002 and 2004 had on minority firefighter applicants. The parties then entered into a settlement agreement in July 2007, which was "intended to effectuate and further this court's memorandum and order of August 8, 2006 (Document 127) and remedial order . . . , and to apply the remedy order to the 2003 and 2005 police officer examinations." Doc. 170. The Court entered separate and final judgment on August 27, 2007, approving the settlement agreement.[1]

At issue here is the duration of the remedial order and

---

[1] Previously, on August 23, 2007, the Court had issued a settlement order of dismissal allowing for the action to be reopened if, after 120 days, settlement had not been consummated. It was later resolved at the hearing on this motion, however, that this order of dismissal pertained only to plaintiffs' separate claims against the City of Lynn, and did not involve the state defendants.

2

accompanying settlement agreement.  The remedial order provides for the following procedure with regard to shortfall hiring:

> In any municipality having shortfall numbers for both 2002 and 2004, the candidates' names shall be merged into a single list in rank order according to score. HRD shall instruct each municipality that it need only utilize such shortfall list until the municipality has hired the number of minorities identified in the above-described shortfall analysis, or all eligible candidates have been disqualified.  When such a municipality next requests an eligibility list for firefighter vacancies (other than requests for special certifications under HRD's Personnel Administration Rules), HRD shall place the shortfall list at the top of the 2006 certified eligibility list.

Doc. 154.  The parties interpret this language differently.  The state claims that it satisfied its shortfall hiring obligations when HRD placed the shortfall candidates at the top of the 2006 list, and that it need not move shortfall candidates to the top of any subsequent list.  The plaintiffs read the order to require shortfall hiring procedures to be utilized until all shortfall slots have been filled.

**III. Discussion**

As a threshold matter, the plaintiffs must show that the Court has jurisdiction to entertain this motion.  Federal courts are courts of limited jurisdiction, and enforcement of a settlement agreement "requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).  If the parties seek continued judicial supervision of a settlement agreement, they "may arrange for the rendering court

3

to retain supplemental enforcement jurisdiction over a related settlement by having the court either (1) incorporate in the dismissal order the terms of the settlement agreement, or (2) enter a separate stipulation (signed by all the parties) that authorizes the retention of jurisdiction." Municipality of San Juan v. Rullan, 318 F.3d 26, 30 (1st Cir. 2003) (citing Kokkonen, 511 U.S. at 381). No such separate stipulation was entered in this case. The Court's "Separate and Final Judgment" of August 27, 2007 served as the dismissal order for the state defendants, and that judgment stated in full:

> After hearing, the Court hereby enters Separate and Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, approving the Settlement Agreement in the above case. The Court specifically finds that there is no reason for delay in entering final judgment on all claims involving the Commonwealth of Massachusetts and that the interests of justice so require. Further the claims that remain in this case against the City of Lynn are separate and distinct from the claims resolved by this separate and final judgment.
> It is therefore so ORDERED.

Doc. 174. In order to retain jurisdiction over the settlement agreement, the Court must incorporate the <u>terms</u> of the settlement agreement into the dismissal order. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Kokkonen, 511 U.S. at 381. Rather, "a court's order must expressly retain jurisdiction or expressly incorporate the terms of a settlement agreement to satisfy Kokkonen." Aronov v. Napolitano, 562 F.3d 84, 92 n.13

4

(1st Cir. 2009).  While the written judgment issued in this case did not satisfy this requirement, the Remedial Order (Doc. 144) did explicitly retain jurisdiction over disputes arising thereunder.  See id. at ¶4 ("In addition to any remedy provided under state law, plaintiffs may present any disputes regarding HRD's good faith compliance with this procedure to the Court for resolution.").

Orally, however, this Court agreed to retain jurisdiction over the shortfall hiring for only a limited period of time.  See Transcript, June 6, 2007 (Doc. 197) at 20 ("I'll enter judgment, subject to any disputes that might arise, and I'll refer those to a magistrate judge.  So we've got to make sure that the final language keeps my jurisdiction over the settlement agreement, . . . but for a defined period of time.").  The language of the judgment ultimately issued did not, in fact, contain any time-limiting language.  However, in discussing what a reasonable period of time would be, the parties and the Court agreed to two years.

> THE COURT: . . . [H]ow long is it going to take, like, if Town X wants to hire in six months?  What happens if these people haven't been contacted and they want to move right away?  I do want there to be an end of it, but I'm just saying, when are they likely to hire --
>
> . . .
>
> MR. LICHTEN: I think two years is the appropriate time.
>
> THE COURT: That's fine, two years.
>
> MR. KEHOE: We have no objection to that.

Transcript, July 30, 2007 (Doc. 198) at 31.  This two year time frame reflected the Court's and the parties' understanding that all shortfall hiring would be completed under the 2006 certified eligibility list.

While the absence of the relevant language in the written judgment could be overlooked in light of the language in the Remedial Order, the plaintiffs cannot overcome the jurisdictional obstacle posed by the orally agreed-upon two year time limit. Judgment was entered on August 27, 2007, and so the Court's jurisdiction over the agreement lapsed, at the latest, on August 27, 2009.  The plaintiffs did not file their Motion to Re-Open Case and Enforce Judgment until February 24, 2010.

While this case is an important one, this Court cannot entertain the plaintiffs' motion without jurisdiction to do so. See Kokkonen, 511 U.S. at 377 ("Federal courts are courts of limited jurisdiction. . . . It is not to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  Nonetheless, it bears noting that, in the event this Court had jurisdiction, the outcome would be the same; it was the understanding of the Court and the parties that when the Remedial Order was issued all shortfall hiring would, as a factual matter, be completed while the 2006 certified eligibility list was effective.

**ORDER**

The plaintiffs' Motion to Enforce Judgment and Re-open Case is **DENIED**.

                                                /s/ PATTI B. SARIS
                                                PATTI B. SARIS
                                                United States District Judge